Keith Beauchamp (012434)
Shelley Tolman (030945)
COPPERSMITH BROCKELMAN PLC
2800 N. Central Avenue, Suite 1900
Phoenix, AZ 85004
Telephone: (602) 381-5488
kbeauchamp@cblawyers.com
stolman@cblawyers.com

Michelle Lapointe*
Norma Ventura*
SOUTHERN POVERTY LAW CENTER
P.O. Box 1287
Decatur, GA 30031
Telephone: (404) 521-6700
michelle.lapointe@splcenter.org
norma.ventura@splcenter.org

Matthew J. Schlesinger*
Jason A. Carey*
Terra White Fulham*
COVINGTON & BURLING LLP
One City Center, 850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-5581
mschlesinger@cov.com
jcarey@cov.com
tfulham@cov.com

[Additional Counsel Listed on Signature Page]

[*Pro hac vice application forthcoming]

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| A.P.F. on his own behalf and on behalf of his minor child, O.B.; and J.V.S. on his own behalf and on behalf of his minor child, H.Y.,<br><br>  Plaintiffs,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant. | No.: CV-20-0065-PHX-SMB<br><br>**MOTION TO PROCEED UNDER PSEUDONYMS AND FOR A PROTECTIVE ORDER** |

{00478608.1 }

A.P.F. and J.V.S. ("Plaintiffs")[1] request this Court's leave to proceed under pseudonyms to protect their identities from public disclosure. Plaintiffs also move the Court to order the United States ("Defendant")—which already knows Plaintiffs' full names[2]—to maintain the confidentiality of Plaintiffs' identities by using only pseudonyms in all of its filings, including all exhibits in which Plaintiffs' names appear. Plaintiffs will disclose their identities to the Court.

## INTRODUCTION

Plaintiffs are fathers of minor children who fled violence and persecution in Guatemala to seek asylum in the United States, only to encounter deliberately inflicted trauma when federal officials forcibly separated them from their children soon after they arrived in this country. Plaintiffs are victims of a policy whose goal was to cause harm, instill fear, and deter other parents and children from seeking asylum in the United States. The Complaint describes the experiences Plaintiffs suffered when the U.S. government took away their children and throughout the government's subsequent failures, including not providing Plaintiffs and their children with adequate detention facilities, not offering adult Plaintiffs basic information about their children's whereabouts and well-being for weeks at a time, and not reuniting adult Plaintiffs with their children for months. Because of Defendant's actions, Plaintiffs suffered—and continue to suffer—severe physical, psychological, and emotional distress. Plaintiffs now seek compensation for the extraordinary harms they endured.

---

[1] Plaintiffs A.P.F. and J.V.S. bring this action on their own behalf and on behalf of their minor children. Because Federal Rule of Civil Procedure 5.2(a) already requires redaction of the names of minor children, this Motion seeks protection only for the adult plaintiffs.

[2] Plaintiffs disclosed their full names to the relevant government agencies in their administrative claims filed pursuant to 28 U.S.C. § 2401(b).

Allowing Plaintiffs to proceed under pseudonyms is necessary to protect their highly sensitive and personal information, including information relating to Plaintiffs' immigration status and mental health.  Because Plaintiffs do not seek to withhold their identities from the government, granting this motion would cause no prejudice to Defendant.  Moreover, Plaintiffs' need for privacy outweighs the public's interest in knowing their identities.  Indeed, the public interest in this case weighs heavily in favor of granting Plaintiffs' motion.

## ARGUMENT

**I.     COURTS REGULARLY ALLOW PLAINTIFFS TO PROCEED UNDER PSEUDONYMS WHERE CIRCUMSTANCES JUSTIFY SECRECY**

Although Rule 10(a) of the Federal Rules of Civil Procedure generally requires complaints to include the names of all parties, it is well-established that federal courts have discretion to permit parties to proceed under pseudonyms "when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) ("*Advanced Textile*") (collecting cases).  Courts permit pseudonyms in cases where "anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature."  *Id.* at 1068 (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993).  In considering whether to allow a plaintiff to proceed anonymously, the courts must "balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party."  *Id.*  The courts must also consider "whether the public's interest in the case would be best served by requiring that the litigants reveal their identities."  *Id.*

Courts across the country regularly allow plaintiffs to proceed pseudonymously because immigration status is sufficiently sensitive and personal in nature.  *See, e.g.*, *Hispanic Interest Coalition of Ala. v. Gov. of Ala.*, 691 F.3d 1236, 1247 n.8 (11th Cir. 2012) (collecting cases); *Lozano v. City of Hazleton*, 620 F.3d 170, 195 (3d Cir. 2010) (affirming district court's order permitting use of pseudonyms where plaintiffs, "because of their unlawful status, would face an 'exponentially greater' risk of harassment, and

even physical danger, if their identities were revealed") (quoting *Lozano v. City of Hazleton*, 496 F.Supp.2d 477, 510 (M.D. Pa. 2007), *vacated on other grounds sub nom. City of Hazleton, Pa. v. Lozano*, 563 U.S. 1030 (2011); *cf. Int'l Refugee Assistance Project v. Trump*, No. 17-0361, 2017 WL 818255, at *2 (D. Md. Mar. 1, 2017) (granting motion to proceed under pseudonyms in part to protect plaintiffs' relatives' "problematic immigration status").

Moreover, numerous courts have allowed asylum seekers to proceed anonymously, especially when they risk facing violence in their country of origin, as Plaintiffs do.  *See, e.g.*, *Doe v. Holder*, 736 F.3d 871, 872 n.1 (9th Cir. 2013) (allowing pseudonyms because of fear of "harassment, injury, ridicule and personal embarrassment" both in the United States and Russia); *Doe v. Gonzales*, 484 F.3d 445, 446 (7th Cir. 2007) (permitting Plaintiff to proceed under a pseudonym "because of [plaintiff's] fear that if he is returned to El Salvador he will be killed"); *Doe v. U.S. Immigration and Naturalization Servs.*, 867 F.2d 285, 286 n.1 (6th Cir. 1989); *Al Otro Lado v. Nielsen*, 17-cv-02366-BAS-KSC, 2017 WL 6541446, at *3-6 (S.D. Cal. Dec. 20, 2017); *A.B.T. v. U.S. Citizenship & Immigration Servs.*, No. 2:11-cv-02108, 2012 WL 2995064, at *6 (W.D. Wash. July 20, 2012).  Indeed, in recognition of the highly sensitive, private nature of this information, federal law and policy mandates that information concerning asylum proceedings, including the fact that an individual has applied for asylum, remain confidential.  *See, e.g.*, 8 C.F.R. § 208.6 (maintaining confidentiality of asylum applications and related records).  The Department of Homeland Security has acknowledged the importance of these confidentiality regulations to the future safety of asylum applicants:

> [C]onfidentiality regulations are of utmost importance in protecting asylum applicants because the "regulations safeguard information that, if disclosed publicly, could subject the claimant to retaliatory measures by government authorities or non-state actors in the event that the claimant is repatriated, or endanger the security of claimant's family members who may still be residing in the country of origin.

*Anim v. Mukasey*, 535 F.3d 243, 253 (4th Cir. 2008) (quoting U.S. Customs & Immigration Servs. Asylum Div., U.S. Dep't of Homeland Sec., *Fact Sheet: Federal Regulations Protecting the Confidentiality of Asylum Applicants* (2005)).

      Courts also allow plaintiffs to use pseudonyms where, as here, the plaintiffs' mental health conditions are a principal issue in the case. *See, e.g.*, *Doe v. Colautti*, 592 F.2d 704, 705 (3d Cir. 1979); *Doe v. Sessions*, No. 18-0004, 2018 WL 4637014, at *4-5 (D.D.C. Sept. 27, 2018) (allowing use of pseudonym to protect the plaintiff from disclosing his mental health conditions and Asperger's diagnosis and to prevent further trauma to the plaintiff); *Doe v. Hartford Life & Accident Ins. Co.,* 237 F.R.D. 545, 550 (D.N.J. 2006) (permitting pseudonymous filing where the plaintiff's mental health was "directly tied to the subject matter of the litigation"). The constitutional privacy interest in protecting sensitive personal matters such as medical information is well-established. *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1269 (9th Cir. 1998) (collecting cases); *U.S. v. Curran*, No. CR-06-227-PHX-EHC, 2006 WL 1159855, at *5 (D. Ariz. May 2, 2006) (noting that "medical and psychological records are entitled to greater protections than other information . . . due to the stigma attached to mental illness").

      Other courts have allowed similarly vulnerable plaintiffs to proceed anonymously to protect their privacy. *See, e.g.*, *Alexander v. Falk*, No. 2:16-cv-02268-MMD-GWF, 2017 WL 3749573, at *5 (D. Nev. Aug. 30, 2017) (allowing plaintiff authors to proceed using professional pseudonyms where litigation involved defamatory statements regarding marital infidelity); *Jane Roes 1-2 v. SFBC Mgmt., LLC*, 77 F. Supp. 3d 990, 993-95 (N.D. Cal. 2015) (allowing exotic dancers to proceed pseudonymously for privacy and safety reasons); *Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011) (allowing victim of human trafficking to proceed anonymously because the litigation involved "matters of 'a highly sensitive and personal nature' to her") (citation omitted).

## II. THE COURT SHOULD GRANT PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYMS

### A. Plaintiffs Seek to Preserve Privacy in a Sensitive and Highly Personal Matter

Plaintiffs should be permitted to proceed under pseudonyms because they have applied for, but have not been granted, asylum, and therefore "they presently have a problematic immigration status that, if disclosed, could dissuade . . . Plaintiffs from pursuing their rights in court." *Int'l Refugee Assistance Project*, 2017 WL 818255, at *2 (citing *Lozano v. City of Hazleton*, 496 F. Supp. 2d 477, 510 (M.D. Pa. 2007) (considering the plaintiffs' "problematic immigration status" as undocumented immigrants as a basis to permit the use of pseudonyms in a case challenging local ordinances), *rev'd on other grounds*, 620 F.3d at 195 (3d Cir. 2010), *vacated on other grounds sub nom. City of Hazleton, Pa. v. Lozano*, 563 U.S. 1030 (2011).  Numerous courts have allowed asylum applicants, like Plaintiffs, to proceed anonymously in recognition of their need for confidentiality.  *See, e.g.*, *Holder*, 736 F.3d at 872 n.1; *Gonzales* 484 F.3d at 446; *Al Otro Lado*, 2017 WL 6541446, at *3-6; *A.B.T.*, 2012 WL 2995064, at *6.

Additionally, Plaintiffs' claims center on the substantial psychological and emotional trauma they suffered—and continue to suffer—as a result of Defendant's forcible separation of Plaintiffs from their children and its failures to provide Plaintiffs with adequate detention facilities, to offer even basic information about their children's whereabouts and well-being for many weeks at a time, and to reunite Plaintiffs with their children for months.  The litigation necessarily will require disclosure of Plaintiffs' private mental and physical health information.  Plaintiffs' Complaint details the disturbing circumstances of their forced separations from their children, as well as Plaintiffs' and their children's mental health conditions.  *See, e.g.*, Compl. ¶¶ 66–250.

Plaintiffs have significant interests in the privacy of their mental health information, which could be stigmatizing and risks further traumatizing them if publicly

disclosed. *See, e.g.*, *Penzato*, 2011 WL 1833007, at *3 (allowing use of pseudonym where litigation involved "the emotional and psychological impact" of being a victim of human trafficking and where "publication of [plaintiff's] name would open her to inquiries from the press and other interested individuals," compromising her ability to recover from her trauma).

Moreover, permitting Plaintiffs to proceed under pseudonyms will ensure their children's identities are protected. While Federal Rule of Civil Procedure 5.2(a) requires redaction of minors' names, in recognition of the importance of protecting the privacy of minors, protecting the privacy of Plaintiffs' children is even more critical here given the highly sensitive and personal subject matter at issue. Plaintiffs' claims are based in part on the trauma and abuse, including sexual abuse, suffered by their children as a result of being separated from their fathers, and the Complaint details the children's ensuing mental health conditions. *See, e.g.*, Compl. ¶¶ 66–250. Revealing Plaintiffs' names risks exposing sufficient information to allow members of the public, media, or others to uncover the identities of Plaintiffs' children, and would thus undermine the objectives of Rule 5.2(a). *See Doe v. Heritage Acad., Inc.*, No. CV-16-03001-PHX-SPL, 2017 WL 6001481, at *10 (D. Ariz. June 9, 2017) (allowing parent to proceed using initials to protect identity of minor child).[3]

---

[3] To protect the special sensitivity of information relating to minors in immigration custody, HHS maintains self-described "strong policies . . . to ensure the privacy and safety of unaccompanied children by maintaining the confidentiality of their personal information." U.S. Dep't of Health and Human Servs., *Unaccompanied Alien Children Released to Sponsors by State* (Aug. 29, 2019), https://www.acf.hhs.gov/orr/resource/unaccompanied-alien-children-released-to-sponsors-by-state (last accessed Oct. 16, 2019). HHS reasons that such children "may be seeking safety from threats of violence," among other concerns, and HHS therefore "cannot release information about individual [children] that could compromise the child's location or identity." *Id.*

### B. Defendant Will Not Be Prejudiced By Plaintiffs' Use of Pseudonyms in Publicly Filed Documents

Granting Plaintiffs' request to proceed under pseudonyms will not prejudice Defendant's "ability to litigate the case." *Advanced Textile*, 214 F.3d at 1069. Defendant will experience no prejudice because it already knows Plaintiffs' names. *See Al Otro Lado*, 2017 WL 6541446, at *6. All that Plaintiffs seek in this Motion is permission to use pseudonyms in publicly filed documents in this case. "Because the Defendant[ ] know[s] the . . . Plaintiffs' names, [it has] the information [it] need[s] to defend against" Plaintiffs' claims. *Id.*; *see also Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 687 (11th Cir. 2001); *Publius v. Boyer-Vine*, 321 F.R.D. 358, 365 (E.D. Cal. 2017) (finding that the defendant was not prejudiced by the plaintiff remaining anonymous throughout discovery where the defendant would be provided with the plaintiff's identity "in order to conduct the necessary discovery, including taking [the plaintiff's] deposition").

Moreover, that this action is against the federal government rather than a private party weighs in favor of permitting Plaintiffs to proceed under pseudonyms. *See John Does 1-5 v. McCrory*, No. 1:13CV711, 2014 WL 29352, at *2 (M.D.N.C. Jan. 3, 2014). "Courts are more likely to permit plaintiffs to proceed under pseudonym when they are pursuing a claim against the government" because "although the mere filing of a lawsuit against a private party may cause the defendant reputational and economic harm, such that fairness requires the identification of the plaintiffs, the government is not vulnerable to similar reputational harm." *Int'l Refugee Assistance Project*, 2017 WL 818255, at *3; *see also S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979); *EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003).

### C. The Public Interest Weighs in Favor of Allowing Plaintiffs to Challenge the Government's Action Pseudonymously

In contrast to Plaintiffs' heightened interest in confidentiality, the public's interest in knowing the identities of the Plaintiffs is minimal. While the issues that Plaintiffs raise

in this lawsuit are a matter of significant public concern, revealing Plaintiffs' identities will add little or nothing to the public's understanding of the government's misconduct at issue in this case. *See Advanced Textile*, 214 F. 3d at 1068-69 ("Party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them.") (quoting *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981)).  To the contrary, "lawsuits that enforce statutes and constitutional rights generally benefit the public." *A.B.T.*, 2012 WL 2995064, at *6.

Indeed, courts have observed that there is a public interest in allowing pseudonymous filing where, as here, plaintiffs are challenging the validity of government action. *See, e.g.*, *S. Methodist Univ.*, 599 F.2d at 713; *EW*, 213 F.R.D. at 111 (holding that when attacking government action a plaintiff's interest in anonymity is "particularly strong" because "plaintiff presumably represents a minority interest (and may be subject to stigmatization), and there is arguably a public interest in a vindication of his rights"). Accordingly, the public interest weighs in favor of allowing Plaintiffs to proceed under pseudonyms.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court enter an Order:

    1.  Granting Plaintiffs leave to proceed in this matter under pseudonyms;

    2.  Ordering that Defendant shall not publicly disclose the names or personally identifying information of Plaintiffs; and

    3.  Ordering that all parties shall submit pleadings, briefing, and evidence using Plaintiffs' pseudonyms instead of their real names and other personally identifying information.

Respectfully submitted this 13th day of January, 2020.

COPPERSMITH BROCKELMAN PLC

By s/ *Keith Beauchamp*
   Keith Beauchamp
   Shelley Tolman

SOUTHERN POVERTY LAW CENTER
   Michelle Lapointe*
   Norma Ventura*

SOUTHERN POVERTY LAW CENTER
   Paul R. Chavez*
   P.O. Box 370037
   Miami, FL 33137
   Telephone: (786) 347-2056
   paul.chavez@splcenter.org

COVINGTON & BURLING LLP
   Matthew Schlesinger*
   Jason Carey*
   Terra White Fulham*

COVINGTON & BURLING LLP
   Swati R. Prakash*
   The New York Times Building
   620 Eighth Avenue
   New York, NY 10018-1405
   Telephone: (212) 841-1174
   sprakash@cov.com

COVINGTON & BURLING LLP
   Jessica R. Hanson*
   1999 Avenue of the Stars, Suite 3500
   Los Angeles, CA 90067-4643
   Telephone: (424) 332-4800
   jhanson@cov.com

*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

s/ Tina Johannesen