# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| A.P.F., et al., | No. CV-20-00065-PHX-SRB |
| Plaintiffs, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

This case concerns the federal government's forced separation of families at the United States–Mexico border in 2017 and 2018. Pending before the Court is Plaintiffs A.P.F. and J.V.S. ("Plaintiffs")' Motion for Leave to File First Amended Complaint and to Add Parties ("Motion") (Doc. 28, ("Mot.").)

**I.    BACKGROUND**

Plaintiffs are two fathers and their two children who were detained upon crossing the United States–Mexico border in Arizona in May 2018. (Doc. 26, 4/14/20 Order at 1.) The federal government separated the fathers from their children based on a family-separation policy then in effect, which the Complaint alleges was intended to deter illegal immigration of parents and their minor children. (*Id.*)

On January 10, 2020, Plaintiffs filed a Complaint seeking damages for trauma resulting from their treatment by the federal government during and after the separations. (Doc. 1, Compl. ¶¶ 303–30.) Plaintiffs' Complaint alleges three causes of action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671–2680: (1) intentional

infliction of emotional distress ("IIED"); (2) negligence; and (3) loss of child's consortium. (*Id.*)  On April 14, 2020, the Court granted Plaintiffs' Motion to Transfer based on the similarities between this case and *C.M. v. United States*, CV-19-05217-PHX-SRB.  (Doc. 26, 4/14/20 Order; Doc. 10, Mot. to Transfer.)  Plaintiffs now seek to amend their Complaint for the first time to add four parties whose claims have ripened since the Complaint was filed.  (Mot. at 2.)  On May 26, 2020, the United States filed its Opposition. (Doc. 30, Opp'n to Mot. ("Opp'n").)

## II. DISCUSSION & ANALYSIS

When a party requests to amend a pleading, the Federal Rules of Civil Procedure require the Court to "freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiffs propose to add four fathers to this action, each of whom were forcibly separated from their children by the federal government upon crossing the border: J.D.G., on behalf of himself and his then eleven-year-old daughter, M.G.[1]; H.P.M., on behalf of himself and his then eight-year-old daughter, A.D.; M.C.L., on behalf of himself and his then seven-year-old son, A.J.; and R.Z.G., on behalf of himself and his then nine-year-old daughter, B.P. ("Proposed Plaintiffs").  (Mot. at 2.)  Proposed Plaintiffs J.D.G. and H.P.M. were separated from their daughters in May 2018 after crossing the border seeking asylum near San Luis, Arizona.  (Doc. 28-1, Ex. A to Mot. ("Proposed FAC") ¶¶ 265, 308.) Proposed Plaintiffs M.C.L. and R.Z.G. are fathers who were forcibly separated from their children by the federal government after crossing the border seeking asylum in November of 2017.  (*Id.* ¶¶ 369, 413.)

Permissive joiner of plaintiffs is proper if "(1) plaintiffs assert[] a right to relief

---

[1] The United States does not oppose the addition of Proposed Plaintiff J.D.G. on his behalf and on behalf of M.G.

arising out of the same transaction and occurrence and (2) some question of law or fact common to all the plaintiffs will arise in the action." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (citing Fed. R. Civ. P. 20(a)). "In assessing whether the requirements of Rule 20 are met, courts must accept the factual allegations in a plaintiff's complaint as true." *Jenkins v. Lares*, No. 2:13-CV-2273-DB, 2017 WL 3381809, at *3 (E.D. Cal. Aug. 7, 2017) (quotation omitted). The United States argues the Motion should be denied because the factual circumstances of Proposed Plaintiffs' apprehensions and separations differ markedly from those of Plaintiffs. (Opp'n at 3.)

The United States first attributes significance to the fact that Proposed Plaintiffs M.C.L. and R.Z.G. allegedly entered the country during November 2017, before the Attorney General directed federal prosecutors to adopt a "zero-tolerance" policy for criminal immigration offenses. (*Id.* at 6.) The United States argues that Plaintiffs, who crossed the border in May 2018, raise claims arising specifically from the zero-tolerance policy, which do not arise out of the "same transaction or occurrence" causing Plaintiffs' separation. (*Id.*) The Court disagrees. The Court understands Plaintiffs' claims not as arising narrowly from the Attorney General's zero-tolerance policy, but as arising more generally from the federal government's family-separation policy, which was instituted before Proposed Plaintiffs crossed the border and which resulted in the separation of both Plaintiffs and Proposed Plaintiffs. (*See* 4/14/20 Order at 1; Compl. ¶¶ 7, 257.) Because Plaintiffs' and Proposed Plaintiffs' claims arise from the government's enforcement of this policy, Rule 20(a)'s "same transaction or occurrence" requirement is met. *See Singleton v. Adick*, No. CV 09-486 PHX JAT, 2010 WL 1540051, at *2 (D. Ariz. Apr. 16, 2010) (finding the "same transaction or occurrence" requirement of Rule 20(a) met when plaintiffs "asserted a claim that Defendants have engaged in a systematic behavior for a specific period of time").

Second, the United States highlights that unlike Plaintiffs, Proposed Plaintiffs M.C.L. and R.Z.G. allegedly entered the country at ports of entry. (Opp'n at 7.) The United States argues that because M.C.L. and R.Z.G. were not "amenable to prosecution"

for illegal entry, M.C.L. and R.Z.G. "must have been separated from their children for different reasons than those for Plaintiffs" so "there is a lack of commonality as to questions of fact and law regarding the most central issues. (Opp'n at 7.) The Court disagrees. Resolution of the legal issues in this case—whether the government intentionally inflicted emotional distress, acted negligently, or caused the loss of a child's consortium—will not turn on M.C.L and R.Z.G.'s entry point. Rather, it will turn on events occurring after M.C.L. and R.Z.G. entered the country—namely, the government's treatment of Plaintiffs and Proposed Plaintiffs at and after the time of separation.

Lastly, the United States attaches significance to the fact that Proposed Plaintiffs M.C.L., R.Z.G., and H.P.M. have been deported pursuant to final orders of removal. (*Id.*) The United States argues that this "present[s] different issues of fact and questions of law regarding why the separations continued, the duration of the separations, and the individualized harms resulting from the separations." (*Id.* at 7–8.) The Court disagrees. M.C.L., R.Z.G., and H.P.M.'s eventual deportation has no bearing on whether the government intentionally inflicted emotional distress, acted negligently, or caused the loss of a child's consortium while M.C.L., R.Z.G., and H.P.M. were still in this country.

All four of Proposed Plaintiffs, like Plaintiffs, were separated at the United States–Mexico border pursuant to the federal government's family-separation policy and now seek recovery under the FTCA for resulting harm. (*See* Proposed FAC.) Proposed Plaintiffs' claims are identical to Plaintiffs' claims. (Mot. at 3; Proposed FAC ¶¶ 21, 26, 527–554.) Proposed Plaintiffs' claims therefore arise from the "same transaction or occurrence" as Plaintiffs', and will involve shared questions of law and fact. Further, requiring Proposed Plaintiffs to file separately would waste judicial resources. Plaintiffs' request to amend their Complaint is granted.

### III.   CONCLUSION

The Court grants Plaintiffs' request to amend their Complaint to add parties because the proposed parties' claims, like Plaintiffs', arise from the federal government's policy of separating families at the United States–Mexico border. The United States' request for

additional briefing is denied because the Court finds Plaintiffs' proposed addition of similarly situated parties generates no new legal issues or arguments.

**IT IS ORDERED** granting Plaintiffs' Motion for Leave to File First Amended Complaint and to Add Parties.

**IT IS FURTHER ORDERED** that the Court will maintain the existing briefing schedule for the United States' Motion to Dismiss (Doc. 21.)  The Motion to Dismiss will be considered as directed at the First Amended Complaint.

Dated this 15th day of July, 2020.

_____
Susan R. Bolton
United States District Judge