**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| A.P.F. on his own behalf and on behalf of his minor child, O.B.; J.V.S., on his own behalf and on behalf of his minor child H.Y.; J.D.G., on his own behalf and on behalf of his minor child, M.G.; H.P.M. on his own behalf and on behalf of his minor child, A.D.; M.C.L. on his own behalf and on behalf of his minor child, A.J.; and R.Z.G. on his own behalf and on behalf of his minor child, B.P., <br><br>Plaintiffs, <br>v. <br><br>United States of America, <br><br>Defendant. | No. CV20-00065-PHX-SRB <br><br>**ORDER** |

At the Case Management Conference on September 3, 2020, the Court ordered the parties to meet and confer on a supplemental discovery plan.  On October 5, 2020, the parties filed a Joint Supplemental Discovery Plan that outlined their disagreements on policy-level documentary discovery in addition to that being done in the related case of *C.M., et al. v. United States,* CV19-5217-PHX-SRB, on additional policy-level depositions, and on the number of Plaintiff-specific depositions.

I.      **POLICY LEVEL DOCUMENTARY DISCOVERY**

In addition to the policy-level custodians whose records will be searched using 14 search terms, Plaintiffs want to add eight more custodians but use only seven of the search strings.  Plaintiffs argue that, because four of the Plaintiffs presented at the Nogales Port of Entry rather than being apprehended by Border Patrol between ports of

1  entry, the current custodian searches will not include documents from policy-level
2  custodians from the Field Operations Division of Enforcement and Removal Operations
3  (ERO) within Immigration and Customs Enforcement (ICE) and from Customs and
4  Border Protection (CBP) Office of Field Operations in the Tucson sector.  Plaintiffs argue
5  that four of the Plaintiffs were separated by ICE ERO or by CBP's Office of Field
6  Operations in the Tucson sector.
7  　　　　Defendant's position is that the more than 60 policy-level custodians currently
8  being searched using 14 complex search strings provides sufficient discovery of the
9  policy-level documents.  Defendant argues that there is no justification for 8 additional
10 burdensome custodian searches aimed at local ports of entry and field offices when the
11 separations were directed by ICE and the allegations in the Amended Complaint
12 emphasize that the family separation policy was at the highest levels of government not at
13 a local level.  Defendant suggests that if Plaintiffs wish to propound discovery to the local
14 offices, they should proceed by Requests for Production rather than this Court requiring
15 additional custodian searches.
16 　　　　In justification of their request for these additional policy-level custodian searches,
17 Plaintiffs note that the four Plaintiffs who presented at the Nogales Port of Entry were
18 separated pursuant to instructions by ICE ERO Field Operations while the other Plaintiffs
19 and all of the Plaintiffs in the *C.M.* case were separated by the Yuma Sector Border
20 Patrol.  Plaintiffs have identified by name or position five ICE ERO custodians.
21 Plaintiffs also claim to have identified eight CBP Office of Field Operations custodians
22 they argue would be appropriate to include but state that they will choose only three of
23 them for additional custodial searches.  The eight are supervisors from the CBP Tucson
24 Field Office and supervisors at the Nogales Port of Entry.
25 　　　　The Court will allow Plaintiffs to add three custodians from ICE ERO to be added
26 to policy-level searches using seven rather than 14 search strings.  Those three are David
27 Jennings, the Director of the ICE Phoenix Field office during the relevant time period,
28 and the Field Office Juvenile Coordinator of the ICE Field Office during the relevant

time period. The Court does not authorize the other two ICE Phoenix Field Office custodians or any of the three CBP custodians from the Tucson Field Office or the Nogales Port of Entry. Any documentary discovery Plaintiffs wish to pursue from these custodians shall be through a Request for Production of documents that is Plaintiff-specific.

The parties have also been unable to agree on the date for completion of any additional policy-level custodian searches. Plaintiffs suggest completion by January 31, 2021. Defendant asks to have until June 21, 2021 to complete the production. The Court agrees with Plaintiffs that completion of this production by June 21, 2021 with only 60 days left for completion of all discovery is unworkable. In light of the limited additional discovery authorized, the Court orders completion by January 31, 2021 and reminds Defendant that production is to be on a rolling basis.

**2.     DEPOSITIONS**

Plaintiffs seek an additional two policy-level depositions to the 10 authorized to be taken jointly with the C.M. Plaintiffs. The two are for an officer from the ICE ERO Field Operations Division and an officer from CPB's Office of Field Operations. Plaintiffs also request a total of 18 Plaintiff-specific depositions lasting a maximum of seven hours over one day based on the number of Plaintiff-specific depositions granted in the *C.M.* case. Defendant disagrees that additional policy-level depositions from the port of entry or the field offices are warranted and suggests that depositions seeking local policies for processing aliens at the Nogales Port of Entry are more appropriately viewed as Plaintiff-specific depositions. Defendant also urges the Court to impose a 15 deposition limit for Plaintiffs-specific depositions suggesting that, because 9 of the 11 sets of adult and child Plaintiffs were detained by CBP Border Patrol in May 2018 and at the Yuma Station, there is likely significant overlap of Border Patrol officers with knowledge about the separations of the A.P.F. and C.M. Plaintiffs. Defendant also states there is some overlap of the ORR-funded care providers for the 11 minor Plaintiffs.

The Court will allow the requested 18 depositions but with the following limitation. To the extent there is overlap of individuals who were involved with the separations of the parents and children or in the ORR placement of the children in this case and in the *C.M.* case, those depositions will count against the total Plaintiffs-specific depositions authorized in each case. To be clear, if counsel in this case questions a deponent noticed for a Plaintiff-specific deposition in the *C.M.* case, that deposition is counted against the total of 18 authorized by this Order. The Court will also allow two additional policy-level depositions; one from an officer from ICE ERO Field Operations and one from an officer in CBP's Office of Field Operations but only if none of the ten policy-level depositions noticed in the C.M. case include any such officers.

**3.    CONCLUSION**

Except to the extent specifically authorized by this Order, the Joint Discovery Plan in *C.M. et al. v. United States*, CV19-5217-PHX-SRB subject to the limitations and clarifications set out in the Court's August 25, 2020 Order in the *C.M.* case (Doc. 61) shall also control the discovery in this case.

Dated this 29th day of October, 2020.

_____
Susan R. Bolton
United States District Judge

- 4 -