Keith Beauchamp (012434)
D. Andrew Gaona (028414)
COPPERSMITH BROCKELMAN PLC
2800 N. Central Avenue, Suite 1900
Telephone: (602) 381-5493
Phoenix, AZ 85004
kbeauchamp@cblawyers.com
agaona@cblawyers.com
*Counsel for A.P.F. Plaintiffs* (*Additional Counsel Listed on Signature Page*)

David B. Rosenbaum (009819)
Travis C. Hunt (035491)
BriAnne N. Illich Meeds (036094)
OSBORN MALEDON, P.A.
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
(602) 640-9000
drosenbaum@omlaw.com
thunt@omlaw.com
billichmeeds@omlaw.com
*Counsel for C.M. Plaintiffs* (*Additional Counsel Listed on Signature Page*)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| C.M., on her own behalf and on behalf of her minor child, B.M.; L.G., on her own behalf and on behalf of her minor child, B.G.; M.R., on her own behalf and on behalf of her minor child, J.R.; O.A., on her own behalf and on behalf of her minor child, L.A.; and V.C., on her own behalf and on behalf of her minor child, G.A., <br><br> Plaintiffs, <br><br> v. <br><br> United States of America, <br><br> Defendant. | No. CV-19-05217-PHX-SRB <br><br> **PLAINTIFFS' STATUS REPORT** |

| | |
|---|---|
| A.P.F. on his own behalf and on behalf of his minor child, O.B.; J.V.S. on his own behalf and on behalf of his minor child, H.Y.; J.D.G. on his own behalf and on behalf of his minor child, M.G.; H.P.M. on his own behalf and on behalf of his minor child, A.D.; M.C.L. on his own behalf and on behalf of his minor child, A.J.; and R.Z.G. on his own behalf and on behalf of his minor child, B.P., <br><br>Plaintiffs, <br><br>v. <br><br>United States of America, <br><br>Defendant. | No. CV-20-00065-PHX-SRB |

As set forth in Plaintiffs' Unopposed Motion to Lift Stay and Request for Status Conference (CV-19-05217, ECF No. 117) ("Plaintiffs' Request"), filed on December 16, 2021, Plaintiffs request that the Court set a schedule for the completion of discovery now that the United States has terminated the settlement negotiations in which the parties had been engaged for eight months. On January 21, 2022, Plaintiffs sent the government the proposed discovery schedule below (with two minor adjustments). The same day, the parties held a telephonic meet and confer, and Plaintiffs stated their desire to submit a joint proposed schedule (or, in the absence of an agreement, their respective proposed schedules) in advance of the January 27, 2022 Status Conference. Defendant informed Plaintiffs on January 24, 2022 that it would not be in a position to file a joint

2

proposed schedule before the Status Conference. To promote efficiency, Plaintiffs respectfully submit the accompanying Proposed Amended Case Management Order.

A.     **Original Discovery Plan and Case Management Order**

On June 18, 2020, the Court entered a Case Management Order (ECF No. 47) which set deadlines for the completion of fact and expert discovery and the filing of dispositive motions in the *C.M.* matter.

On August 25, 2020, the Court in the *C.M.* matter entered an order approving the parties' Joint Discovery Plan (ECF No. 60) ("Original Discovery Plan") "to the extent of the parties' agreements therein," and setting some additional, initial limits on discovery.  ECF No. 61 ("Original Discovery Order"). Among other things, the Original Discovery Order approved of the parties' joint proposal to conduct discovery in six stages, with separate stages for each of the following:  (1) ESI and written discovery (Stage 1); (2) Plaintiff-specific fact witness depositions ("Plaintiff-Specific Depositions") (Stages 2 and 5); (3) Rule 30(b)(6) depositions of specified government agencies ("Rule 30(b)(6) Depositions") (Stage 3); (4) depositions of policy witnesses ("Policy Depositions"), during which time Plaintiffs would depose witnesses involved in the development and implementation of policies resulting in the separation of Plaintiffs and their children (Stage 4); and (5) depositions of policymaking officials ("Policymaking Official Depositions"), during which time Plaintiffs, by agreement or order of this Court, would conduct depositions of current or former Cabinet-level government officials, White House officials or advisors, and heads of federal agencies

3

(Stage 6). *See* ECF 60 at 8-12. The Court's Order additionally provided that, as an initial matter, it would allow Plaintiffs fifteen Plaintiff-Specific Depositions, and ten depositions "related to the creation, development, and implementation of the family separation policy," including "Rule 30(b)(6) depositions".[1] ECF 61 at 2. The Court further ordered that Defendant would be permitted an initial fifteen Plaintiff-Specific Depositions. *Id*.

On September 10, 2020, the Court entered a Case Management Order in the *A.P.F.* matter (CV-20-00065, *A.P.F.* ECF No. 50) which set deadlines for the completion of fact and expert discovery and the filing of dispositive motions. On October 29, 2020, the Court entered a discovery order authorizing certain supplemental discovery for the *A.P.F.* Plaintiffs (*A.P.F.* ECF No. 56). Except to the extent specifically authorized by the October 29, 2020 Order, the Original Discovery Order entered in the *C.M.* case controls the discovery in the *A.P.F.* case. *See id.*

**B.  Proposed Revised Discovery Plan and Amended Case Management Order**

The below proposed case schedule proposes new case management deadlines for both the *C.M.* and *A.P.F.* cases and departs from the Original Discovery Order in two substantive ways.

---

[1] This initial limit did not apply to Policymaking Depositions. *See* ECF 61 at 2 ("At the present time the Court will allow Plaintiffs a total of . . . ten depositions of government officials . . . These . . . shall not include current or former Cabinet level officials, heads of agencies or White House officials or advisors. Depositions of these government officials shall proceed as outlined in the parties' Plan at Stage 6".).

***First***, Plaintiffs believe there is no longer a reason to conduct Plaintiff-Specific Depositions, Rule 30(b)(6) Depositions, and Policy Depositions in separate stages. The purpose of the staging had been to allow depositions to begin while Defendant was still producing Policy documents. However, as Defendant has represented that it has substantially completed its production of Policy documents, this staging is no longer necessary. Plaintiffs therefore propose that Plaintiff-Specific, Rule 30(b)(6), and Policy Depositions may occur at any time before the end of fact discovery. With respect to Policymaking Depositions, as set forth in the Original Discovery Plan and Original Discovery Order, Plaintiffs will notice such depositions only by agreement of the parties or with the Court's leave. The parties will discuss the need for Policymaking Depositions at or before the June 3, 2022 meet and confer in the proposed schedule below.

***Second***, Plaintiffs respectfully request five additional Policy and Rule 30(b)(6) Depositions.[2] As stated above, the Court originally allowed Plaintiffs an initial 10 Policy and Rule 30(b)(6) Depositions. ECF No. 61 at 2. However, Plaintiffs have learned through the government's document productions and the Department of Justice Office of the Inspector General's report dated January 14, 2021 that the development

---

[2] The *A.P.F.* Plaintiffs further request that these five additional Policy and Rule 30(b)(6) Depositions be in addition to the "two additional policy-level depositions" ordered by the Court on October 29, 2020 so that the *A.P.F.* Plaintiffs may depose "an officer from ICE ERO Field Operations" and "an officer in CBP's Office of Field Operations". (CV-20-00065, ECF No. 56 at 4). Consistent with that order, however, the *A.P.F.* Plaintiffs will only be entitled to these two additional depositions "if none of the [] policy-level depositions noticed in the C.M. case include any such officers." *Id*.

5

and implementation of the family separation policy involved far more government officials—across several agencies—than Plaintiffs originally understood. In particular, the document productions and Inspector General report clarified the significant role of the Department of Justice. Plaintiffs accordingly request that they be initially permitted to take 15 Policy and Rule 30(b)(6) Depositions.[3]

*Finally*, Plaintiffs' accompanying Proposed Amended Case Management Order differs from the original Case Management Order (ECF No. 47) in that it strikes the paragraph addressing good faith settlement talks. After eight months of negotiating a global settlement of hundreds of FTCA claims filed by separated families, Defendant withdrew its offer without explanation. In several ways, Defendant's conduct has put Plaintiffs in a worse position than they were in before Defendant initiated settlement discussions. For one, Defendant's conduct in settlement negotiations resulted in a significant delay in Plaintiffs' pursuit of just compensation for the harm Defendant caused them. Notwithstanding the government's public statement on December 16, 2021 that it "remain[s] committed to engaging with the plaintiffs and to bring[] justice to the victims of this abhorrent policy,"[4] Defendant has not engaged in settlement

---

[3] Plaintiffs are not seeking any change to the number of Plaintiff-Specific Depositions initially ordered by the Court for either Plaintiffs. For avoidance of doubt, this includes 15 Plaintiff-Specific Depositions for the Plaintiffs in *C.M.* (CV-19-05217, ECF No. 61 at 2), and 18 Plaintiff-Specific Depositions for Plaintiffs in *A.P.F.* (CV-20-00065, ECF No. 56).

[4] Priscilla Alvarez, *Justice Department Breaks Off Settlement Talks with Families Separated at US-Mexico border*, CNN, Dec. 16, 2021, https://https://www.cnn.com/2021/12/16/politics/separated-families-negotiations/index.html

discussions with the *C.M.* and *A.P.F.* plaintiffs since Defendant walked away from the global settlement talks. Given Defendant's conduct, Plaintiffs do not have a proposal for further settlement talks.

**Proposed Amended Case Schedule**:

| Event | Deadline |
| --- | --- |
| Substantial completion of MIDP obligations and previously-served discovery requests | February 4, 2022 |
| Deadline for serving written discovery requests (RFPs, RFAs, Interrogatories) | May 31, 2022 |
| Deadline to meet and confer on the status of remaining depositions and need for Policymaking Depositions | June 3, 2022 |
| End of fact discovery, including deadline to complete Plaintiff-Specific, Rule 30(b)(6), and Policy Depositions | July 15, 2022 |
| Period for conducting Policymaking Depositions | July 15, 2022 - August 19, 2022 |
| Plaintiffs' Expert Disclosures Due | August 25, 2022 |
| Defendant's Expert Disclosures Due | September 23, 2022 |
| Rebuttal Expert Disclosures Due | October 24, 2022 |
| Deadline to complete Expert Depositions | December 14, 2022 |
| Deadline to file dispositive motions, including motions for summary judgment | February 6, 2023 |
| Deadline to file opposition to dispositive motion(s) | March 8, 2023 |
| Deadline to file reply in support of dispositive motion(s) | March 22, 2023 |

Respectfully submitted this 26th day of January, 2022,

*/s/ Terra White Fulham*
Terra White Fulham*
Matthew J. Schlesinger*
Jason A. Carey*
Teresa S. Park*
COVINGTON & BURLING LLP
One City Center, 850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-5581
mschlesinger@cov.com
jcarey@cov.com
tfulham@cov.com
tpark@cov.com

8

Keith Beauchamp (012434)
D. Andrew Gaona (028414)
COPPERSMITH BROCKELMAN PLC
2800 N. Central Avenue, Suite 1900
Telephone: (602) 381-5493
Phoenix, AZ 85004
kbeauchamp@cblawyers.com
agaona@cblawyers.com

Norma Ventura*
James Knoepp*
SOUTHERN POVERTY LAW CENTER
P.O. Box 1287
Decatur, GA 30031
Telephone: (404) 521-6700
norma.ventura@splcenter.org
jim.knoepp@splcenter.org

Paul R. Chavez*
SOUTHERN POVERTY LAW CENTER
P.O. Box 370037
Miami, FL 33137
Telephone: (786) 347-2056
paul.chavez@splcenter.org

*Attorneys for Plaintiffs A.P.F. et al.*
*\* Admitted pro hac vice*

*Additional counsel for Plaintiffs
 listed on following pages*

Diana E. Reiter*
Erik Walsh*
Lucy McMillan*
Harry K. Fidler*
Mark Osmond*
Kaitlyn Schaeffer*
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, New York 10019-9710
212-836-8000
diana.reiter@arnoldporter.com
erik.walsh@arnoldporter.com
lucy.mcmillan@arnoldporter.com
harry.fidler@arnoldporter.com
mark.osmond@arnoldporter.com
kaitlyn.schaeffer@arnoldporter.com

R. Stanton Jones*
Emily Reeder-Ricchetti*
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
202-942-5000
stanton.jones@arnoldporter.com
emily.reeder-ricchetti@arnoldporter.com

Trina Realmuto*
Mary Kenney*
National Immigration Litigation Alliance
10 Griggs Terrace
Brookline, MA 02446
617-819-4447
trina@immigrationlitigation.org
mary@immigrationlitigation.org


David B. Rosenbaum
Travis C. Hunt
BriAnne N. Illich Meeds

Jonathan H. Feinberg*
Kairys, Rudovsky, Messing, Feinberg
  & Lin LLP
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA 19106
215-925-4400
jfeinberg@krlawphila.com

Mark Fleming*
National Immigrant Justice Center
224 S. Michigan Ave., Suite 600
Chicago, IL 60604
312-660-1370
mfleming@heartlandalliance.org

Katherine Melloy Goettel*
Emma Winger*
American Immigration Council
1331 G Street NW, Suite 200
Washington, DC 20005
202-507-7512
202-742-5619
kgoettel@immcouncil.org
ewinger@immcouncil.org

Osborn Maledon, P.A.
2929 North Central Avenue, Suite 2100
Phoenix, AZ 85012-2793
602-640-9000
drosenbaum@omlaw.com
thunt@omlaw.com
billichmeeds@omlaw.com

*Attorneys for Plaintiffs C.M. et al.*
*\* Admitted pro hac vice*