IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| C.M., on her own behalf and on behalf of her minor child, B.M.; L.G., on her own behalf and on behalf of her minor child, B.G.; M.R., on her own behalf and on behalf of her minor child, J.R.; O.A., on her own behalf and on behalf of her minor child, L.A.; and V.C., on her own behalf and on behalf of her minor child, G.A., <br>             Plaintiffs, <br> v. <br> United States of America, <br>             Defendant. | No. CV-19-05217-PHX-SRB |
| A.P.F. on his own behalf and on behalf of his minor child, O.B.; J.V.S. on his own behalf and on behalf of his minor child, H.Y.; J.D.G. on his own behalf and on behalf of his minor child, M.G.; H.P.M. on his own behalf and on behalf of his minor child, A.D.; M.C.L. on his own behalf and on behalf of his minor child, A.J.; and R.Z.G. on his own behalf and on behalf of his minor child, B.P., <br>             Plaintiffs, <br> v. <br> United States of America, <br>             Defendant. | No. CV-20-00065-PHX-SRB |

**JOINT STIPULATION
CONCERNING PROTOCOLS FOR REMOTE DEPOSITIONS**

Pursuant to Fed. R. Civ. P. 1, 29, 30(b)(4), the Parties have met, conferred, and stipulate to the following Deposition Protocols for remote depositions in the Above-Captioned Cases.

**I.   DEFINITIONS**

A.   "Above-Captioned Cases" shall mean *C.M. et al v. United States*, No. CV-19-05217-PHX-SRB) and *A.P.F. et al. v United States*, No. CV-20-00065-PHX-SRB.

B.   "Agency counsel" shall mean any counsel for a federal agency with which a Deponent is or was employed.

C.   "Court reporter" shall mean an individual retained by the Party noticing the deposition to transcribe the oral testimony offered at a Deposition in the Litigation and who is authorized to administer oaths either by federal law or by the law of the place of examination.

D.   "Defendant" shall mean the Defendant United States of America in the Above-Captioned Cases.

E.   "Deponent" shall mean the person whose Deposition is being taken.

F.   "Deposition" shall mean any deposition upon oral examination taken pursuant to Fed. R. Civ. P. 27, Fed. R. Civ. P. 30, Fed. R. Civ. P. 45, or any court order.

G.   "Deposition Protocols" shall mean the protocols for remote depositions set forth in this Joint Stipulation.

H.   "Deposing counsel" shall mean the counsel of record for the Party or Parties noticing and taking a Deposition in the Litigation.

I.   "Defending counsel" shall mean the counsel of record for the Party or Parties, defending a Deposition in the Litigation.

J.   "Document" carries its broadest meaning consistent with Fed. R. Civ. P. 34 and includes both ESI and Hard Copy Documents.

K.   "Electronically Stored Information" or "ESI" carries its broadest possible meaning consistent with Fed. R. Civ. P. 34(a) and Fed. R. Evid. 1001.

L.   "Exhibit" shall mean any Document or Electronically Stored Information that is marked as an Exhibit during a Deposition.

1    M.   "Hard Copy Document" means any document or thing discoverable under Fed. R. Civ. P. 26(b)(l) and Fed. R. Civ. P. 34 that cannot be characterized as ESI.

N.   "Litigation" shall mean the Above-Captioned Cases.

O.   "Non-parties" shall mean all natural or legal persons that are not Parties from whom a Party is seeking testimony at a Deposition in the Litigation.

P.   "Parties" shall mean Plaintiffs and Defendant in the Above-Captioned Cases.

Q.   "Plaintiff" shall mean a Plaintiff in the Above-Captioned Cases.

## II.   GENERAL PRINCIPLES

A.   Unless otherwise stated, these Deposition Protocols are not intended to, and do not alter, expand, or limit the applicable Federal Rules of Civil Procedure, Federal Rules of Evidence, and/or court orders or other agreements between the Parties.

B.   Nothing in these Deposition Protocols prevent the Parties from conducting in-person Depositions. The Parties agree that the Deponent, Court reporter, counsel for the Parties, Agency counsel (if the Deponent is a current or former employee or official of that federal agency), and counsel for the Deponent (if applicable), may elect to participate in the Deposition remotely and separately from one another, so long as the Parties agree to the Deposition being conducted remotely. Defending counsel, the Deponent, Agency counsel (if the Deponent is a current or former employee or official of that federal agency), and counsel for the Deponent (if applicable) are permitted to attend the Deposition in the same room as the Deponent. The Deponent, Defending counsel, Agency counsel and counsel for the Deponent (if applicable) present in the same room as the Deponent must appear on video while the Deposition is on the record.

C.   The parties agree that the transcript or video recording of a Deposition taken pursuant to this Joint Stipulation may be used at a trial or hearing to the same extent that an in-person Deposition may be used at trial or hearing pursuant to the Federal Rules or the Local Rules for the District of Arizona. The Parties agree not to object to the use of such transcripts or video recordings on the basis that the Deposition was taken remotely.

D.   The Parties agree that any counsel of record, on behalf of either Plaintiffs or Defendant in the Above-Captioned Cases., as well as any Agency counsel for any federal

agency at which the Deponent is or was employed (if applicable) may attend any remote Deposition. Counsel for the Deponent (if applicable) may attend the remote Deposition of his or her client.

E. The Parties agree that these Deposition Protocols will apply to all Deponents who are Plaintiffs or who are current employees of a federal agency, and to any other Deponent who so agrees to these Deposition Protocols.

F. Nothing in this Joint Stipulation waives the rights of any Party to seek appropriate relief from the Court.

### III. GENERAL PROCEDURES FOR DEPOSITIONS

A. Any remote video-conferencing platform must allow for the Deponent, Deposing counsel, Defending counsel, Court reporter, Agency counsel (if applicable), and counsel for the Deponent (if applicable), and the interpreter (if applicable) to fully participate in the Deposition remotely -.

B. To the extent practicable, the Party noticing the remote Deposition will endeavor to use the same court reporting service for all of the remote Depositions it takes, but the selection of a service by one Party does not obligate any other Party to select the same service.

C. The Party noticing a remote Deposition shall provide the Court reporter with a copy of this Joint Stipulation and deposition notice prior to the Deposition.

D. For any remote Deposition, each party will advise the other Parties no later than ten (10) days before a deposition date if the Party defending a Deposition intends to have Defending counsel in the same room as the Deponent. Thereafter, the Party or Parties noticing the Deposition will inform the Party defending the Deposition within five (5) days of the receipt of such notice if such taking Party or Parties also intend to be present in the same room as the Deponent.

E. For any remote Deposition, Defending counsel shall ensure that the Deponent has technology sufficient to attend a Deposition via remote means. For Defendant, this paragraph applies only to Deponents who are current employees or officials of a federal agency. At least seven (7) business days prior to a remote Deposition, the

Parties and the Deponent must be given an opportunity to connect to a test environment using instructions sent to them by e-mail from the Court reporter services. The Court reporter services will demonstrate the features of the technology to the attendees, and the attendees will have an opportunity to test the features of the technology during the test session. If technical problems occur during the test session and cannot be resolved prior to the close of business the day before the remote Deposition, the Deposition may be postponed until the technical problems are resolved.

   F. For any remote Deposition, Deposing counsel is responsible for ensuring that the remote means utilized for a Deposition allow for the Court reporter to accurately record the Deponent's testimony. Either Deposing counsel or Defending counsel may elect to have a technical specialist attend a Deposition taken by remote means to ensure that technical issues are dealt with in a timely manner.

   G. As specified in Fed. R. Civ. P. 30(b)(4), the "deposition takes place where the deponent answers the questions." A Court reporter may administer an oath concerning a deposition via remote means.

   H. During any remote Deposition, the Deponent, Deposing counsel, and Defending counsel and anyone present with the Deponent must be on-camera at all times that the Deposition is on the record.  The court reporter may appear on camera at his or her discretion. Other persons attending the Deposition not required to be on camera must be identified by name on the record but need not be on camera while the Deposition is on the record.

   I. Should technical issues affect the Deponent, the Court reporter, Deposing counsel, Defending counsel, counsel for the Deponent (if applicable), or any interpreter (if applicable), the remote Deposition shall be suspended for an appropriate length of time. If the technical issues cannot be resolved in a reasonable amount of time, Defending Counsel and Deposing Counsel shall meet, confer, and cooperate with one another regarding the rescheduling of the remote Deposition. A remote Deposition need only be rescheduled due to technical issues if such issues are experienced by the Deponent, Court reporter, Deposing counsel, Defending counsel, or any interpreter.

J.     In addition to recording Deposition testimony by stenographic means, either Party may arrange with the Court reporting service to record a video of the Deposition.

K.     Deposing counsel and Defending counsel shall be responsible for ensuring that they have a means of communicating privately and confidentially with co-counsel, Agency counsel, or the Deponent, as the case may be, during breaks in the Deposition; the Parties agree not to oppose reasonable accommodations to allow privileged and confidential conferences during breaks, as well as privileged and confidential communications between co-counsel and Agency counsel during the Deposition.

L.     All persons attending Depositions taken by remote means are reminded that applicable rules of professionalism and etiquette during depositions still apply. All persons attending Depositions taken pursuant to this Joint Stipulation who do not have an immediate need to speak shall ensure that their telephone, video conference lines, and/or microphones are muted. In addition, all persons attending Depositions taken pursuant to this Joint Stipulation shall ensure that they can do so in a space that is free from distractions that would inhibit the course of the Deposition.

## IV.    EXHIBIT-SPECIFIC PROTOCOLS

A.     Nothing in this Joint Stipulation alters any obligations of any Party, Deponent, or any other person attending the Deposition regarding Documents subject to the protective orders entered in this Litigation. *See C.M.* ECF No. 58; *A.P.F.* ECF 45.

B.     Pursuant to Fed. R. Civ. P. 30(f)(2), Deposing counsel shall be responsible for ensuring that any Exhibits that they wish to mark and use at any remote Deposition can be shown to the Deponent in a manner that enables the deponent to review the Exhibits during the course of the remote Deposition. Such means of marking and using Exhibits for the remote Deposition shall include using a video conferencing platform that enables Deposing counsel to share exhibits with the Deponent, Court reporter, Defending counsel, Agency counsel, and counsel for the Deponent (if applicable).

C.     The Parties may, upon agreement of the Parties, share Exhibits in advance of any Deposition, in the manner agreed to by the Parties.

## V. MODIFICATION

This Joint Stipulation may be modified by agreement of the Parties.

Respectfully submitted,

| | |
|---|---|
| BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br>Civil Division<br>JAMES G. TOUHEY, JR.<br>Director, Torts Branch<br><br>*s/ Phil MacWilliams*<br>PHILIP D. MACWILLIAMS<br>Trial Attorney<br>D.C. Bar No. 482883<br>IRINA M. MAJUMDAR<br>Trial Attorney<br>D.C. Bar No. 252757<br>E-mail: phil.macwilliams@usdoj.gov<br>U.S. Department of Justice<br>Civil Division, Torts Branch<br>Benjamin Franklin Station, P.O. Box 888<br>Washington, DC 20044<br>Telephone: (202) 616-4285<br><br>*Attorneys for the United States of America* | /s/ *David B. Rosenbaum*<br>David B. Rosenbaum<br>Travis C. Hunt<br>BriAnne N. Illich Meeds<br>OSBORN MALEDON, P.A.<br>2929 North Central Avenue, 21st Floor<br>Phoenix, Arizona 85012-2793<br>602-640-9000<br>drosenbaum@omlaw.com<br>econe-roddy@omlaw.com<br><br>*Attorneys for C.M. Plaintiffs*<br><br>/s/ *Keith Beauchamp*<br>Keith Beauchamp (012434)<br>D. Andrew Gaona (028414)<br>COPPERSMITH BROCKELMAN PLC<br>2800 N. Central Avenue, Suite 1900<br>Telephone: (602) 381-5493<br>Phoenix, AZ 85004<br>kbeauchamp@cblawyers.com<br>agaona@cblawyers.com<br><br>*Attorneys for A.P.F. Plaintiffs* |
| *Additional Counsel for C.M. Plaintiffs*<br>Diana E. Reiter*<br>Erik Walsh*<br>Lucy McMillan*<br>Harry K. Fidler*<br>Mark Osmond*<br>Kaitlyn Schaeffer*<br>Arnold & Porter Kaye Scholer LLP<br>250 West 55th Street<br>New York, New York 10019-9710<br>212-836-8000<br>diana.reiter@arnoldporter.com<br>erik.walsh@arnoldporter.com<br>lucy.mcmillan@arnoldporter.com<br>harry.fidler.arnoldporter.com | Jonathan H. Feinberg*<br>Kairys, Rudovsky, Messing, Feinberg & Lin LLP<br>The Cast Iron Building<br>718 Arch Street, Suite 501 South<br>Philadelphia, PA 19106<br>215-925-4400<br>jfeinberg@krlawphila.com<br><br>Mark Fleming*<br>Mark Feldman*<br>National Immigrant Justice Center<br>224 S. Michigan Ave., Suite 600<br>Chicago, IL 60604 |

| | | |
|---|---|---|
| 1 | mark.osmond@arnoldporter.com | 312-660-1370 |
| 2 | kaitlyn.schaeffer@arnoldporter.com | mfleming@heartlandalliance.org |
| | | mfeldman@heartlandalliance.org |
| 3 | | |
| 4 | R. Stanton Jones* | Trina Realmuto* |
| | Emily Reeder-Ricchetti* | Mary Kenney* |
| 5 | Arnold & Porter Kaye Scholer LLP | National Immigration Litigation Alliance |
| | 601 Massachusetts Avenue, NW | 10 Griggs Terrace |
| 6 | Washington, DC 20001 | Brookline, MA 02446 |
| 7 | 202-942-5000 | 617-819-4447 |
| | stanton.jones@arnoldporter.com | trina@immigrationlitigation.org |
| 8 | emily.reeder-ricchetti@arnoldporter.com | mary@immigrationlitigation.org |
| 9 | | |
| | Katherine Melloy Goettel* | |
| 10 | Emma Winger* | |
| | American Immigration Council | |
| 11 | 1331 G Street NW, Suite 200 | |
| | Washington, DC 20005 | |
| 12 | 202-507-7512 | |
| 13 | kgoettel@immcouncil.org | |
| | ewinger@immcouncil.org | |
| 14 | | |
| 15 | *Additional Counsel for A.P.F. Plaintiffs* | |
| 16 | Matthew Schlesinger* | Norma Ventura* |
| | Jason Carey* | James Knoepp* |
| 17 | Teresa Park* | Southern Poverty Law Center |
| | Terra White Fulham* | PO Box 1287 |
| 18 | Kristin M. Cobb* | Decatur, GA 30031 |
| 19 | Covington & Burling LLP | Telephone: (404) 521-6700 |
| | One City Center, 850 Tenth Street, NW | Norma.ventura@splcenter.org |
| 20 | Washington, DC 20001-4956 | Jim.knoepp@splcenter.org |
| 21 | Telephone: (202) 662-5581 | |
| | mschlesinger@cov.com | |
| 22 | jcarey@cov.com | Paul R. Chavez* |
| | tpark@cov.com | Southern Poverty Law Center |
| 23 | tfulham@cov.com | PO Box 370037 |
| | kcobb@cov.com | Miami, FL 33137 |
| 24 | | Telephone: (786) 347-2056 |
| 25 | | Paul.chavez@splcenter.org |
| 26 | **Admitted Pro Hac Vice* | |
| 27 | Dated: March 31, 2022 | |
| 28 | | |