Keith Beauchamp (012434)
D. Andrew Gaona (028414)
COPPERSMITH BROCKELMAN PLC
2800 N. Central Avenue, Suite 1900
Phoenix, AZ 85004
Telephone: (602) 381-5490
kbeauchamp@cblawyers.com
agaona@cblawyers.com
*Counsel for A.P.F. Plaintiffs (Additional Counsel Listed on Signature Page)*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| A.P.F. on his own behalf and on behalf of his minor child, O.B.; J.V.S., on his own behalf and on behalf of his minor child H.Y.; J.D.G. on his own behalf and on behalf of his minor child, M.G.; H.P.M. on his own behalf and on behalf of his minor child, A.D.; M.C.L. on his own behalf and on behalf of his minor child, A.J.; and R.Z.G. on his own behalf and on behalf of his minor child, B.P., <br><br> Plaintiffs, <br><br> v. <br><br> United States of America, <br><br> Defendant. | No. CV-20-00065-PHX-SRB <br><br> **NOTICE OF DEPOSITION UNDER FED. R. CIV. P. 30(b)(6)** |

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs, by and through undersigned counsel, hereby give notice of the following deposition before an officer authorized by law to administer oaths:

**DEPONENT:**          **Customs and Border Protection Office of Field Operations**

**PLACE OF DEPOSITION:**   Remote

**DATE OF DEPOSITION:**    July 28, 2022 at 11:00 am ET

The deposition shall be recorded by audiovisual and stenographic means. Defendant shall designate one or more of its officers, directors, agents, or other persons who consent to testify on its behalf about the topics set forth in the attached Exhibit A.

Plaintiffs request that Defendant provide Plaintiffs' counsel via email, no later than five business days prior to the deposition, with the name(s) of the person(s) who will testify on its behalf concerning the topics specified in the attached Exhibit A and the particular topics about which each named person will testify.

Respectfully submitted this 22nd day of July, 2022.

COPPERSMITH BROCKELMAN PLC

By  s/ *Keith Beauchamp*
    Keith Beauchamp
    D. Andrew Gaona

COVINGTON & BURLING LLP
    Matthew J. Schlesinger*
    Jason A. Carey*
    Jennifer L. Saulino*
    Terra White Fulham*
    Teresa S. Park*
    Kristin M. Cobb*
    Shadman Zaman*
    One City Center, 850 Tenth Street, NW
    Washington, DC 20001-4956
    Telephone: (202) 662-5581
    mschlesinger@cov.com
    jcarey@cov.com
    jsaulino@cov.com
    tfulham@cov.com
    tpark@cov.com
    kcobb@cov.com
    szaman@cov.com

SOUTHERN POVERTY LAW CENTER
    Norma Ventura*
    James Knoepp*
    Sharada Jambulapati*
    P.O. Box 1287
    Decatur, GA 30031
    Telephone: (404) 521-6700
    norma.ventura@splcenter.org
    jim.knoepp@splcenter.org
    sharada.jambulapati@splcenter.org

SOUTHERN POVERTY LAW CENTER
    Paul R. Chavez*
    P.O. Box 370037
    Miami, FL 33137

Telephone: (786) 347-2056
paul.chavez@splcenter.org

*Attorneys for Plaintiffs A.P.F. et al.*
*\* Admitted pro hac vice*

# EXHIBIT A
## DEFINITIONS

1. **CBP**. The term "CBP" refers to the U.S. Customs and Border Protection agency and includes all offices, departments, bureaus, divisions, officials, agents, employees, entities, or contractors of the U.S. Customs and Border Protection.

2. **CBP OFO**. The term "CBP OFO" refers to the U.S. Customs and Border Protection Office of Field Operations, including, but not limited to, the CBP OFO that is responsible for the DeConcini Port of Entry and its agents and employees.

3. **Communication**. The term "Communication" means all written, oral, telephonic or other inquiries, dialogues, discussions, conversations, interviews, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, notes, telegrams, advertisements, Emails and all other Documents evidencing any verbal or nonverbal interaction between or among persons and/or entities.

4. **Document**. The term "Document" includes all items listed in Rule 34(a)(1)(A) and (B) of the Federal Rules of Civil Procedure, including any electronically stored information (including Emails) or tangible thing, however produced or reproduced, and each and every electronic source or tangible or intangible thing from which information can be processed or transcribed. "Document" shall include both hard copy and electronic documents. A draft or non-identical copy is a separate Document within the meaning of this term.

5. **Email**. The term "Email" means any message found in an Email repository, including, but not limited to, Outlook PST and Lotus NSF.

6. **Family Unit**. The term "Family Unit" refers to an adult parent or adult guardian, age 18 or older, accompanied by a child or children younger than age 18.

7. **ICE ERO**. The term "ICE ERO" refers to the U.S. Immigration and Customs Enforcement Agency Enforcement and Removal Operations.

8. **Plaintiffs**. The term "Plaintiff(s)" refers to the named Plaintiffs in *A.P.F., et al. v. United States*, Case No. CV-20-00065-PHX-SRB (D. Ariz.).

9. **Port of Entry**. The term "Port of Entry" refers to any place where individuals may present themselves for inspection and request permission to enter the United States, including, but not limited to, the DeConcini Port of Entry.

10. **You**. The terms "You" or "Your" means CBP OFO, as defined above.

### INSTRUCTIONS

All of the requirements set forth in the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Arizona apply to this deposition subpoena.

1. In responding to these Topics, You are required to furnish all information that is available to You or subject to Your reasonable inquiry, including information in the possession of Your attorneys, accountants, advisors, representatives, agents, or other persons directly or indirectly employed by, or connected with, You or Your attorneys, and anyone else otherwise subject to Your control.

2. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

3. The term "including" means "including, but not limited to," and shall be construed inclusively rather than exclusively so as to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

4. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

5. The use of the singular form of any word includes the plural and vice versa.

6. All names with one or more accent marks include those same names without accent marks and vice versa.

**DEPOSITION TOPICS**

1. The policies, practices, procedures, guidance, or directives in place during 2017 that CBP OFO was required to follow when it encountered a Family Unit that presented themselves for inspection at a Port of Entry without documentation permitting their entry into the United States.

2. The policies, practices, procedures, guidance, or directives in place during 2017 that CBP OFO was required to follow when it encountered a Family Unit that presented themselves for inspection at a Port of Entry without documentation permitting their entry into the United States, and a member or members of the Family Unit notified personnel at the Port of Entry that they wanted to seek asylum in the United States.

3. The circumstances under which, during 2017, CBP OFO would refer a Family Unit that presented themselves at a Port of Entry for prosecution.

4. The circumstances under which, during 2017, CBP OFO would separate a Family Unit that presented themselves at a Port of Entry.

5. The policies, practices, procedures, guidance, or directives in place during 2017 that CBP OFO was required to follow relating to the "exigent circumstances" under which Family Units seeking asylum by entering at Ports of Entry were separated, including any policies, practices, procedures, guidance, or directives regarding how to "ensure the wellbeing of the child." *See, e.g.*, https://www.cbp.gov/newsroom/national-media-release/cbp-addresses-false-claims-separation-those-seeking-asylum-us-ports.

6. During 2017, the circumstances under which CBP OFO would refer a Family Unit that presented itself at a Port of Entry to ICE ERO for a placement and/or custody determination, and whether CBP OFO would make any recommendations

related to placement and/or custody determinations or have any input into a placement and/or custody determination. For purposes of this topic, a placement and/or custody determination means the location(s) where a Family Unit will be held pending further immigration proceedings, or where the individual members of a separated Family Unit will be placed or held pending further immigration proceedings, including whether the Family Unit or its individual members are released from custody pursuant to an alternative to detention.

7. Whether, with respect to Family Units that presented themselves at a Port of Entry during 2017, CBP OFO would conduct any research into the immigration history and/or criminal history of the members of the Family Units and, if so, what sources of information were used and for what purpose(s) the information was gathered.

8. Any and all measures taken by CBP OFO to implement President Trump's January 25, 2017, Executive Order 13767 on border security directing executive branch departments and agencies to "deploy all lawful means to secure the Nation's southern border, to prevent further illegal immigration into the United States, and to repatriate illegal aliens swiftly, consistently, and humanely."

9. The policies, practices, procedures, guidance, or directives in place during 2017 that were applicable to CBP OFO with respect to issuing a Notice to Appear to adults and/or other members of a Family Unit that presented themselves at a Port of Entry.

10. The policies, practices, procedures, guidance, or directives in place during 2017 that CBP OFO was required to follow with respect to providing information to

asylum seekers regarding the options available to them under U.S. law at the time of their apprehension, their detention, the decision to refer them to ICE ERO, and/or prior to any separation of them from other members of the Family Unit with which they arrived a Port of Entry.

11. Testimony regarding topics 1-10 with respect to the CBP OFO responsible for the DeConcini Port of Entry.