Keith Beauchamp (012434)
D. Andrew Gaona (028414)
COPPERSMITH BROCKELMAN PLC
2800 N. Central Avenue, Suite 1900
Phoenix, AZ 85004
Telephone: (602) 381-5490
kbeauchamp@cblawyers.com
agaona@cblawyers.com
*Counsel for A.P.F. Plaintiffs*
*(Additional Counsel Listed on Signature Page)*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| A.P.F. on his own behalf and on behalf of his minor child, O.B.; J.V.S., on his own behalf and on behalf of his minor child H.Y.; J.D.G. on his own behalf and on behalf of his minor child, M.G.; H.P.M. on his own behalf and on behalf of his minor child, A.D.; M.C.L. on his own behalf and on behalf of his minor child, A.J.; and R.Z.G. on his own behalf and on behalf of his minor child, B.P.,<br><br>               Plaintiffs,<br><br>    v.<br><br>United States of America,<br><br>               Defendant. | **No. CV-20-00065-PHX-SRB**<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXTEND CERTAIN EXPERT DISCOVERY DEADLINES AND DISPOSITIVE MOTION DEADLINES [ECF NO. 271]** |

Defendant asks the Court to grant a 60-day extension of the deadlines for Defendant's expert disclosures and dispositive motions, to build time into the schedule for Rule 35 examinations that the government might – or might not – take. *See* ECF No. 271, Def.'s First Mot. to Extend Certain Expert Discovery Deadlines and Dispositive Motion Deadlines ("Motion"). The Court should deny the Motion as premature. As Plaintiffs have already reassured Defendant, if Defendant decides to seek Rule 35 psychological examinations after reviewing Plaintiffs' expert disclosures, the parties can discuss the necessity of any extensions and should there be any disagreement, the parties may ask the Court to address the request for an extension at that time.

On June 14, 2022, Defendant informed Plaintiffs that they intended to seek Rule 35 examinations of each of the Plaintiffs (adult and child).  Plaintiffs' counsel indicated that they were willing to discuss why the government believed these evaluations were warranted and any proposed parameters of such examinations, but also raised significant concerns about subjecting our clients to Rule 35 examinations, given the trauma that they have already experienced due to the family separation policies.  The parties thereafter engaged in several telephonic and written communications.  On July 7, 2022, Plaintiffs relayed that they did not agree to the examinations under the conditions of the examinations proposed by Defendant and based on the proffered articulation of good cause.

On July 11, 2022, Defendant informed Plaintiffs that they intended to file a motion for Rule 35 examinations, and they sought Plaintiffs' consent to file the motion under seal.  On that same day, Plaintiffs explained that they did not consent to the filing being made under seal, and told Defendant that they should either use the pseudonyms used in the publicly-filed complaint or proceed with a redacted filing, limiting redactions to confidential information.

Defendant never filed the motion for Rule 35 examinations.  Instead, Defendant proceeded with filing a motion for extension based on the possibility that they may wish to undertake Rule 35 examinations after reviewing Plaintiffs' expert reports.  Motion at 2 (Defendant's "will consider whether Rule 35 examinations are needed for the government's defense after reviewing [Plaintiffs' expert] disclosures.").  But this request for an extension is entirely premature because – as Defendant acknowledges – Plaintiffs have already offered to discuss such an extension if Defendant believes that Rule 35 examinations are necessary after receiving Plaintiffs' expert reports.

Defendant's premature Motion overcomplicates the issue.  They argue that a 60-day extension is needed to allow it to "evaluate whether there is a need for psychological examinations after taking into consideration Plaintiffs' expert disclosures; obtain a decision from the Court on such requests; and schedule and complete any of the potential

1    twenty-two examinations . . . ." Motion at 4. But Defendant has not yet decided whether

2    to seek Rule 35 examinations, and therefore may not need *any* additional time to obtain a

3    decision from the Court or conduct the examinations. It makes little sense to extend

4    Defendant's expert disclosure deadline and the parties' dispositive motion deadlines by

5    60 days now, in order to provide sufficient time for examinations that may never occur.

6    As Plaintiffs have indicated before, if Defendant decides to seek Rule 35 examinations,

7    the parties can discuss the need and any potential scheduling adjustments when the issue

8    becomes ripe.

9           Accordingly, Plaintiffs request that the Court deny Defendant's Motion.

10          Respectfully submitted this 16th day of August, 2022.

11   By  *s/ Keith Beauchamp*

12   COPPERSMITH BROCKELMAN PLC
     Keith Beauchamp
13   D. Andrew Gaona

14   COVINGTON & BURLING LLP
15   Matthew J. Schlesinger*
     Jason A. Carey*
16   Jennifer L. Saulino*
     Terra White Fulham*
17   Teresa S. Park*
     Kristin M. Cobb*
18   Shadman Zaman*
     Stephen Rees*
19   Paulina Slagter*
     Samuel Greeley*
20   One City Center, 850 Tenth Street, NW
21   Washington, DC 20001-4956
     Telephone: (202) 662-5581
22   mschlesinger@cov.com
23   jcarey@cov.com
     jsaulino@cov.com
24   tfulham@cov.com
     tpark@cov.com
25   kcobb@cov.com
     szaman@cov.com
26   srees@cov.com
     pslagter@cov.com
27   sgreeley@cov.com

28

1   SOUTHERN POVERTY LAW CENTER
    Norma Ventura*
2   James Knoepp*
3   Sharada Jambulapati*
    P.O. Box 1287
4   Decatur, GA 30031
    Telephone: (404) 521-6700
5   norma.ventura@splcenter.org
6   jim.knoepp@splcenter.org
    sharada.jambulapati@splcenter.org
7
8   SOUTHERN POVERTY LAW CENTER
    Paul R. Chavez*
9   P.O. Box 370037
    Miami, FL 33137
10  Telephone: (786) 347-2056
    paul.chavez@splcenter.org
11
12  *Attorneys for Plaintiffs A.P.F. et al.*
    *Admitted pro hac vice*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28