Keith Beauchamp (012434)
D. Andrew Gaona (028414)
COPPERSMITH BROCKELMAN PLC
2800 N. Central Avenue, Suite 1900
Phoenix, AZ 85004
Telephone: (602) 381-5490
kbeauchamp@cblawyers.com
agaona@cblawyers.com
*Counsel for A.P.F. Plaintiffs (Additional Counsel Listed on Signature Page)*

David B. Rosenbaum (009819)
Travis C. Hunt (035491)
BriAnne N. Illich Meeds (036094)
OSBORN MALEDON, P.A.
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
(602) 640-9000
drosenbaum@omlaw.com
thunt@omlaw.com
billichmeeds@omlaw.com
*Counsel for C.M. Plaintiffs (Additional Counsel Listed on Signature Page)*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| A.P.F. on his own behalf and on behalf of his minor child, O.B.; J.V.S., on his own behalf and on behalf of his minor child H.Y.; J.D.G. on his own behalf and on behalf of his minor child, M.G.; H.P.M. on his own behalf and on behalf of his minor child, A.D.; M.C.L. on his own behalf and on behalf of his minor child, A.J.; and R.Z.G. on his own behalf and on behalf of his minor child, B.P.,<br><br>Plaintiffs,<br><br>v.<br><br>United States of America,<br><br>Defendant. | No. CV-20-00065-PHX-SRB<br><br>**NOTICE OF DEPOSITION UNDER FED. R. CIV. P. 30(b)(6)** |

| | |
|---|---|
| C.M. on her own behalf and on behalf of her minor child, B.M.; L.G., on her own behalf and on behalf of her minor child, B.G.; M.R., on her own behalf and on behalf of her minor child, J.R.; O.A., on her own behalf and on behalf of her minor child, L.A.; and V.C., on her own behalf and on behalf of her minor child, G.A., <br><br> Plaintiffs, <br><br> v. <br><br> United States of America, <br><br> Defendant. | No. CV-19-05217-PHX-SRB |

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs, by and through undersigned counsel, hereby give notice of the following deposition before an officer authorized by law to administer oaths:

**DEPONENT:**           **Department of Homeland Security**

**PLACE OF DEPOSITION:**  **Covington & Burling LLP**
**One CityCenter, 850 Tenth Street, NW**
**Washington, DC 20001**

**DATE OF DEPOSITION:**   **September 20, 2022 at 9:00 am ET**

The deposition shall be recorded by audiovisual and stenographic means. Defendant shall designate one or more of its officers, directors, agents, or other persons who consent to testify on its behalf about the topics set forth in the attached Exhibit A.

Plaintiffs request that Defendant provide Plaintiffs' counsel via email, no later than five business days prior to the deposition, with the name(s) of the person(s) who will testify on its behalf concerning the topics specified in the attached Exhibit A and the particular topics about which each named person will testify.

Respectfully submitted this 16th day of September, 2022.

                                                        COPPERSMITH BROCKELMAN PLC

                                                        By *Keith Beauchamp*
                                                           Keith Beauchamp
                                                           D. Andrew Gaona

COVINGTON & BURLING LLP
Matthew J. Schlesinger*
Jason A. Carey*
Jennifer L. Saulino*
Terra White Fulham*
Teresa S. Park*
Kristin M. Cobb*
Shadman Zaman*
Stephen Rees*
Paulina Slagter*
Samuel Greeley*
One City Center, 850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-5581
mschlesinger@cov.com
jcarey@cov.com
jsaulino@cov.com
tfulham@cov.com
tpark@cov.com
kcobb@cov.com
szaman@cov.com
srees@cov.com
pslagter@cov.com
sgreeley@cov.com

SOUTHERN POVERTY LAW CENTER
Norma Ventura*
James Knoepp*
Sharada Jambulapati*
P.O. Box 1287
Decatur, GA 30031
Telephone: (404) 521-6700
norma.ventura@splcenter.org
jim.knoepp@splcenter.org
sharada.jambulapati@splcenter.org

SOUTHERN POVERTY LAW CENTER
Paul R. Chavez*
P.O. Box 370037
Miami, FL 33137
Telephone: (786) 347-2056
paul.chavez@splcenter.org

*Attorneys for Plaintiffs A.P.F. et al.*
* Admitted pro hac vice

ARNOLD & PORTER KAYE SCHOLER LLP
  Sean Morris*
  777 South Figueroa Street
  Los Angeles, CA 90017-5844
  sean.morris@arnoldporter.com

ARNOLD & PORTER KAYE SCHOLER LLP
  Diana Reiter*
  Erik Walsh*
  Lucy McMillan*
  Harry Fidler*
  Mark Osmond*
  Kaitlyn Schaeffer*
  Brian Auricchio*
  Julia Kindlon*
  250 West 55th Street
  New York, NY 10019-9710
  Telephone: (212) 836-8000
  diana.reiter@arnoldporter.com
  erik.walsh@arnoldporter.com
  lucy.mcmillan@arnoldporter.com
  harry.fidler@arnoldporter.com
  mark.osmond@arnoldporter.com
  kaitlyn.schaeffer@arnoldporter.com
  brian.auricchio@arnoldporter.com
  julia.kindlon@arnoldporter.com

ARNOLD & PORTER KAYE SCHOLER LLP
  R. Stanton Jones*
  David Hibey*
  Emily Reeder-Ricchetti*
  601 Massachusetts Avenue, NW
  Washington, DC 20001
  Telephone: (202) 942-5000
  stanton.jones@arnoldporter.com
  david.hibey@arnoldporter.com
  emily.reeder-ricchetti@arnoldporter.com

OSBORN MALEDON, P.A.
  David B. Rosenbaum
  Travis C. Hunt
  BriAnne N. Illich Meeds

KAIRYS, RUDOVSKY, MESSING, FEINBERG & LIN LLP
  Jonathan H. Feinberg*
  The Cast Iron Building
  718 Arch Street, Suite 501 South
  Philadelphia, PA 19106
  Telephone: (215) 925-4400
  jfeinberg@krlawphila.com

NATIONAL IMMIGRANT JUSTICE CENTER
   Mark Fleming*
   224 S. Michigan Ave., Suite 600
   Chicago, IL 60604
   Telephone: (312) 660-1370
   mfleming@heartlandalliance.org

NATIONAL IMMIGRATION LITIGATION ALLIANCE
   Trina Realmuto*
   Mary Kenney*
   10 Griggs Terrace
   Brookline, MA 02446
   Telephone: (617) 819-4447
   trina@immigrationlitigation.org
   mary@immigrationlitigation.org

AMERICAN IMMIGRATION COUNCIL
   Katherine Melloy Goettel*
   Emma Winger*
   Gianna Borroto*
   1331 G Street NW, Suite 200
   Washington, DC 20005
   Telephone: (202) 507-7512
   Telephone: (202) 742-5619
   kgoettel@immcouncil.org
   ewinger@immcouncil.org
   gborroto@immcouncil.org

*Attorneys for Plaintiffs C.M. et al.*
*\* Admitted pro hac vice*

# EXHIBIT A

## DEFINITIONS

1. **American Academy of Pediatrics Letter**. The term "American Academy of Pediatrics Letter" means the January 11, 2018 letter from the American Academy of Pediatrics to DHS Secretary Nielsen (CD-US-00016507A–CD-US-00016511A).

2. **CBP.** The term "CBP" refers to the U.S. Customs and Border Protection agency and includes all offices, departments, bureaus, divisions, officials, agents, employees, entities, or contractors of the U.S. Customs and Border Protection.

3. **Communication.** The term "Communication" means all written, oral, telephonic or other inquiries, dialogues, discussions, conversations, interviews, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, notes, telegrams, advertisements, Emails and all other Documents evidencing any verbal or nonverbal interaction between or among persons and/or entities.

4. **Component Agency.** The term "Component Agency" refers to all operational components that make up the U.S. Department of Homeland Security, U.S. Department of Health and Human Services, and U.S. Department of Justice.

5. **DHS.** The term "DHS" refers to the U.S. Department of Homeland Security agency, including but not necessarily limited to all agencies, Component Agencies, offices, departments, bureaus, divisions, officials, agents, employees, entities, or contractors of the U.S. Department of Homeland Security.

6. **DHS Referral Policy.** The term "DHS Referral Policy" refers to the memorandum signed by Secretary Kirstjen Nielsen on May 4, 2018, with the subject "Increasing Prosecutions of Immigration Violations" (CD-US-00010828A).

7. **DOJ.** The term "DOJ" refers to the U.S. Department of Justice and includes all offices, departments, bureaus, divisions, officials, agents, employees, entities, or contractors of the U.S. Department of Justice.

8. **Document.** The term "Document" includes all items listed in Rule 34(a)(1)(A) and (B) of the Federal Rules of Civil Procedure, including any electronically stored information (including Emails) or tangible thing, however produced or reproduced, and each and every electronic source or tangible or intangible thing from which information can be processed or transcribed. "Document" shall include both hard copy and electronic documents. A draft or non-identical copy is a separate Document within the meaning of this term.

9. **El Paso Initiative.** The term "El Paso Initiative" refers to Defendant's policies, programs, practices, or initiatives that resulted in 281 families being separated between July through November 2017 in the El Paso Sector, as referenced in the report issued by the Office of the Inspector General, Department of Health and Human Services on January 17, 2019, and in Report GAO-19-163 issued by the Government Accountability Office in October 2018.

10. **Email.** The term "Email" means any message found in an Email repository, including, but not limited to, Outlook PST and Lotus NSF.

11. **Family Separation and Related Policies.** The term "Family Separation and Related Policies" refers to the Zero-Tolerance Policy, the DHS Referral Policy, and any other policy, program, practice, or initiative resulting in the separation of children from their families at the United States-Mexico border between February 1, 2017, and June 20, 2018. *See*, *e.g.*, E.O. 14011 (Feb. 2, 2021).

12. **Family Unit.** The term "Family Unit" refers to an adult parent or adult guardian, age 18 or older, accompanied by a child or children younger than age 18.

13. **HHS.** The term "HHS" refers to the U.S. Department of Health and Human Services and includes all offices, departments, bureaus, divisions, officials, agents, employees, entities, or contractors of the U.S. Department of Health and Human Services.

14. **ICE.** The term "ICE" refers to the U.S. Immigration and Customs Enforcement Agency and includes all offices, departments, bureaus, divisions, officials,

agents, employees, entities, or contractors of the U.S. Immigration and Customs Enforcement Agency.

15. **Immigration Advocates Letter.** The term "Immigration Advocates Letter" means the letter dated December 11, 2017 (CD-US-0056422–CD-US-0056441) from Al Otro Lado, American Immigration Council, American Immigration Lawyers Association, Florence Immigrant and Refugee Rights Project, Kids in Need of Defense, Lutheran Immigration and Refugee Service, Refugee and Immigrant Center for Education and Legal Services, and Women's Refugee Commission to Cameron Quinn (Officer for Civil Rights and Civil Liberties) and John V. Kelly (Acting Inspector General for DHS) regarding The Separation of Family Members Apprehended by or Found Inadmissible while in U.S. Customs and Border Protection (CBP) Custody at the U.S.-Mexico Border.

16. **Plaintiffs.** The term "Plaintiff(s)" refers to the named Plaintiffs in *A.P.F., et al. v. United States*, Case No. CV-20-00065-PHX-SRB (D. Ariz.), and *C.M., et al. v. United States*, Case No. CV-19-052170-PHX-SRB (D. Ariz.).

17. **Relevant Period.** Unless otherwise stated in a specific Topic below, the term "Relevant Period" means January 1, 2017, through January 20, 2021.

18. **UACs.** The term "UACs" means Unaccompanied Alien Children, as that phrase was defined or otherwise used by the United States Government at any time during the Relevant Period, including but not limited to by referring to immigrant children separated from their parents at the United States' southern border.

19. **You or Your.** The terms "You" or "Your" means DHS, as defined above.

20. **Zero-Tolerance Policy.** The term "Zero-Tolerance Policy" refers to the policy announced on April 6, 2018, by then-Attorney General Jeff Sessions as referenced in the press release Attorney General Announces Zero Tolerance Policy for Criminal Illegal Entry, Dep't of Justice (Apr. 6, 2018), https://www.justice.gov/opa/pr/attorney-general-announces-zero-tolerance-policy-criminal-illegal-entry, including, but not limited to, any prior drafts or versions of this policy.

**INSTRUCTIONS**

1. All of the requirements set forth in the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Arizona apply to this deposition subpoena.

2. In responding to these Topics, You are required to furnish all information that is available to You or subject to Your reasonable inquiry, including information in the possession of Your attorneys, accountants, advisors, representatives, agents, or other persons directly or indirectly employed by, or connected with, You or Your attorneys, and anyone else otherwise subject to Your control.

3. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

4. The term "including" means "including, but not limited to," and shall be construed inclusively rather than exclusively so as to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

5. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

6. The use of the singular form of any word includes the plural and vice versa.

7. All names with one or more accent marks include those same names without accent marks and vice versa.

**DEPOSITION TOPICS**

1. The process for developing immigration policy within DHS, or confirmation that the DHS process for establishing immigration policy is as stated by Chad Wolf during his deposition at pages 38–44 and 82–84.

2. DHS's decision whether to implement the "Proposal to Limit Reliance on Family Detention" that is reflected in the October 17, 2017 Memorandum signed by James Nealon.

3. The proposal presented by CBP and/or ICE to then-DHS Secretary Kirstjen Nielsen to institute a policy separating all Family Units who crossed the southwestern border of the United States both at and between Ports of Entry.

4. The steps DHS took, if any, to ensure that CBP, ICE, DOJ, HHS, and all Component Agencies were informed of the DHS Referral Policy prior to its implementation on May 5, 2018.

5. The actions DHS took, if any, to ensure accurate tracking of separated families, communication between and among separated family members, and reunification of separated families prior to the implementation of the DHS Referral Policy.

6. During the Relevant Period, DHS's policy with respect to the point at which a child apprehended at the United States-Mexico border with his/her parent or legal guardian became or was designated as a UAC, and when a separated child designated as a UAC should no longer be considered or designated a UAC.

7. DHS's understanding of whether the settlement agreement in *R.I.L.R., et al. v. Johnson et al.*, Civil Action No. 15-11 (JEB) (D.D.C.), or any other agreement, court order, or law, prevented DHS from implementing the "Proposal to Limit Reliance on Family Detention."

8. DHS's analysis of the El Paso Initiative, including DHS's determination that the El Paso Initiative led to a drop in illegal crossings between ports of entry of Family Units by 64%.

9. The actions DHS took, if any, in response to the concerns raised in the American Academy of Pediatrics Letter.

10. The actions DHS took, if any, in response to the concerns raised in the Immigration Advocates Letter.

11. Any actions DHS took, if any, to include the DHS Office for Civil Rights and Civil Liberties (or to account for that Office's viewpoints) in the development of the DHS Referral Policy.

12. Why the DHS Office for Civil Rights and Civil Liberties ("CRCL") initiated an investigation(s) of complaints made to the CRCL involving family separations in 2017 (*see, e.g.*, CD-US-0045540, CD-US-0051380), and when any preliminary or final results of the investigation were provided to the DHS Office of Policy.

13. Any actions DHS took, if any, in response to the concerns raised by DHS's Office for Civil Rights and Civil Liberties that separating families at the U.S. border raised Constitutional, U.S. Law, and Treaty concerns. (*See, e.g.*, CD-US-0063242A.)