IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| C.M., on her own behalf and on behalf of her minor child, B.M.; L.G., on her own behalf and on behalf of her minor child, B.G.; M.R., on her own behalf and on behalf of her minor child, J.R.; O.A., on her own behalf and on behalf of her minor child, L.A.; and V.C., on her own behalf and on behalf of her minor child, G.A., <br><br> Plaintiffs, <br><br> v. <br><br> United States of America, <br><br> Defendant. | No. CV-19-05217-PHX-SRB <br><br> **ORDER** |
| A.P.F. on his own behalf and on behalf of his minor child, O.B.; J.V.S. on his own behalf and on behalf of his minor child, H.Y.; J.D.G. on his own behalf and on behalf of his minor child, M.G.; H.P.M. on his own behalf and on behalf of his minor child, A.D.; M.C.L. on his own behalf and on behalf of his minor child, A.J.; and R.Z.G. on his own behalf and on behalf of his minor child, B.P., <br><br> Plaintiffs, <br><br> v. <br><br> United States of America, <br><br> Defendant. | No. CV-20-00065-PHX-SRB <br><br> **ORDER** |

Pending before the Court are Plaintiffs' Motions for Leave to Conduct the Deposition of Kirstjen Nielsen. The United States has responded in opposition and Plaintiffs have filed Replies. The Court will deny the Motions.

These Federal Tort Claims Act ("FTCA") cases allege negligence by the United States in connection with its Zero Tolerance Policy and resulting family separations because the government is alleged to have had no system for tracking the existence of parent-child relationships, to have provided limited or no communications between parents and children while separated, to have had no plan to reunite parents and children, and to have allowed some children to be abused while in its custody. The Plaintiffs also assert claims for intentional infliction of emotional distress based on allegations that federal officials, including then Secretary Nielsen, engaged in extreme and outrageous conduct intending to cause emotional distress or acted in reckless disregard that their conduct would result in emotional distress. Plaintiffs also allege loss of consortium.

Plaintiffs argue that Secretary Nielsen's intention in signing the DHS Referral Policy which put into effect a formal policy that caused the separation of thousands of asylum-seeking families at the United States-Mexico border is highly relevant to their claims.  Plaintiffs also wish to explore with Secretary Nielsen her knowledge about the government's inability to adequately house and care for the separated children, to track the parent-child relationships, to enable communication between the parents and children, and to reunite families once separated.  Plaintiffs also wish to ask about Secretary Nielsen's knowledge of the psychological harm and trauma the parents and children would experience as a result of their forcible separation and any services the government planned to provide to address this harm.  Plaintiffs state that despite extensive discovery efforts they can only obtain this highly relevant information from Secretary Nielsen.

1  The United States asks the Court to deny Plaintiffs' request to depose Secretary Nielsen arguing that the Supreme Court and the Ninth Circuit have both held that extraordinary circumstances must be shown before a Cabinet level official[1] is deposed and such circumstances cannot be shown by Plaintiffs in light of its extensive document production and the depositions of many high-ranking government officials.

The parties disagree about the standard the Court should apply in deciding whether Secretary Nielsen can be deposed. The United States argues that the test to be applied here is set out in the recent Ninth Circuit decision in *In re U.S. Dep't of Educ.*, 25 F.4th 692 (9th Cir. 2022). In that case the Court held:

> that extraordinary circumstances sufficient to justify the taking of a cabinet secretary's deposition exist when the party seeking the depositions can demonstrate: (1) a showing of agency bad faith; (2) the information sought from the secretary is essential to the case; and (3) the information sought from the secretary cannot be obtained in any other way.

*Id*. at 702.  Plaintiffs argue that this test is inapplicable as the underlying case before the Ninth Circuit was an action under the Administrative Procedure Act("APA") challenging agency action. Plaintiffs assert the appropriate test is the "apex doctrine" under which the Court must assess "(1) whether [Secretary Nielsen] has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods" citing *Apple, Inc. v. Samsung Elecs. Co., Ltd,* 282 F.R.D. 259, 263 (N.D. Cal. 2012).

The United States Supreme Court's 1941 decision in *United States v. Morgan,* 313 U.S. 999 (1941) arose prior to the passage of the APA but involved court review of agency action where the lower court had authorized the taking of the deposition of the Secretary of Agriculture.  The Secretary also testified at trial. He was questioned

---

[1] That Secretary Nielsen no longer is a Cabinet member does not change the analysis. See, *In re U.S. Department of Education,* 25 F4d 692, 705 (9th Cir. 2022).

about the process by which he reached the conclusions in the challenged order.  The Supreme Court ruled that the Secretary should never have been examined by deposition or in court because the order he issued was quasi-judicial in nature and was akin to examining a judge about the reasons for a given decision.  The Court found that, just as a judge cannot be questioned, the integrity of the administrative process must by equally respected.

Relying on *Morgan* as the "seminal authority" for depositions of cabinet secretaries and other high-ranking government officials, the Court in *In re U.S. Dep't. of Educ.* highlighted the reasons for a strict standard for allowing depositions of cabinet secretaries.  The Court noted that cabinet secretaries should not be distracted from their essential duties by allowing depositions not absolutely needed for a case.  Cabinet secretaries also face a greater amount of litigation than most other witnesses due to the numbers of cases involving the agencies.  The Court reasoned that the executive branch's execution of laws could be crippled if the secretaries were unnecessarily burdened with compelled depositions.

While the Court agrees with Plaintiffs that the holdings in *Morgan* and *In re U.S. Dep't. of Educ.* are not strictly applicable here as neither case arose under the FTCA but involved reviews of agency action, the policy reasons expressed by the Court in *In re U.S. Dep't of Educ.* for requiring a stringent test before allowing depositions of cabinet secretaries applies with equal force to cases arising under the FTCA.  The Court finds that extraordinary circumstances must be shown and that Secretary Nielsen may be deposed only if the information is both essential to the case and unobtainable any other way.

Contrary to the Plaintiffs' contentions, Secretary Nielson's testimony while relevant is not essential to the case.  Plaintiffs have obtained both documentary and testimonial evidence about the government's intentions in adopting the Zero Tolerance and family separation policies as well as evidence that the government was

1  ill-prepared to manage and track the separated families, to allow communications, to
2  reunite the families, and to address the psychological harm suffered by Plaintiffs.
3  　　　　Following the guidance of *In re U.S. Dep't. of Educ.* the Court denies the
4  motions.
5  　　　　IT IS ORDERED denying Plaintiffs' Motions for Leave to Conduct the
6  Deposition of Kirstjen Nielsen. (CV19-05217- Doc. 302 and CV20-00065- Doc. 301)

Dated this 30th day of November, 2022.

_____
Susan R. Bolton
United States District Judge