# EXHIBIT A

| | |
|---|---|
| **From:** | Fulham, Terra |
| **Sent:** | Monday, October 26, 2020 8:53 PM |
| **To:** | 'MacWilliams, Phil (CIV)'; Atkinson, Theodore (CIV); Parker, Walter E. (CIV); McConnon, Jim (CIV); St. Aubin, Martin F. (CIV) |
| **Cc:** | Reiter, Diana; McMillan, Lucy S.; Schaeffer, Kati; Mary Kenney; Walsh, Erik; Trina Realmuto; Jonathan Feinberg; Mark Fleming; Kate Melloy Goettel; Norma Ventura; Jim Knoepp; Park, Teresa; Gillian Gillers |
| **Subject:** | RE: CM and APF |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Counsel,

Thanks for the call on Friday. This email recaps the next steps we discussed on the issues below. Please let us know if you disagree with any of the next steps, or if we missed anything. Given the number of open issues, we would like to schedule another call for later this week or early next week. Please propose some times that would work on your end.

1. **Email ESI**

    a. You provided a status update on the collection and review of email ESI: DOJ and ICE documents have been loaded into Relativity. DOJ custodians' documents are currently being reviewed. DHS-HQ custodians' data has been searched but not yet loaded to Relativity. Six of the 34 CBP custodians' documents have been searched, but this data has not been transferred to Relativity.

    b. You indicated that the number of documents hitting on the search terms is higher than expected and, in your view, not proportional to the needs of the case. In addition, you also stated that, within the DOJ documents, the search terms are returning a number of irrelevant documents. Although Plaintiffs disagreed that the documents sought were not proportional to the needs of the case, we explained that we are open to further narrowing or negotiation on search terms in order to alleviate the burden on the government, but need additional information to do so. To allow for a productive discussion on potential ways to narrow the terms, you agreed to (1) confirm what the "unique hits" on the ICE hit report shows; and (2) provide the number of unique documents hitting on each search term. You will also be working with your vendor to analyze the documents reviewed to date to attempt to identify search terms generating false hits.

    c. Plaintiffs requested revising or supplementing the existing search term related to the El Paso program/initiative, in response to recent public reporting on the program which revealed specific term(s) used with the relevant government agencies to describe the program. Plaintiffs will provide a proposal on a revised/supplemental search term, custodian set, and date range.

2. **Non-Email ESI**. You confirmed that three databases have been searched to date for documents related to Plaintiffs: the UAC Portal (HHS); the E3 system (CBP); and EARM (ICE). In addition, the non-email electronic sources for the agreed-upon ESI custodians outlined in your email below will be searched and reviewed, with responsive documents produced on a rolling basis. The Plaintiff teams will follow up separately about incomplete EARM document sets that we have identified.

3. **Hard Copy Documents.** You confirmed that in addition to emails and non-email ESI, relevant hard copy documents are being collected from the identified custodians and produced.

4. **MIDP Obligations.** In your view, once the Government has completed an initial production under MIDP, its obligation to produce documents is complete; to the extent that Plaintiffs seek additional documents (even if such documents are relevant to the parties' claims and defenses) or identify documents missing from the MIDP production, you believe Plaintiffs are required to serve RFPs to request such documents. Plaintiffs disagreed and explained that the Government's obligations under MIDP were ongoing. Regarding Plaintiffs' requests for video footage of the separations, Plaintiffs explained that such videos are relevant to the IIED claims and should have been produced pursuant to Defendant's MIDP obligations. You agreed to reconsider this request.

5. **HHS Production.** We discussed the deficiencies in the HHS Nadler-Pallone production identified in Erik's email below. Plaintiffs requested a targeted supplemental production in light of these deficiencies. You agreed to speak with Deloitte regarding the technical issues in the Nadler-Pallone HHS production, to determine whether the issues arose in the transfer to DOJ for this case, or if the issues existed during the initial collection. Plaintiffs will propose search terms, custodians, and date range for a supplemental HHS search and production.

Regards,
Terra


**Terra White Fulham**
Pronouns: She/Her/Hers

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5433 | tfulham@cov.com
www.cov.com

**COVINGTON**

---

**From:** MacWilliams, Phil (CIV)
**Sent:** Thursday, October 22, 2020 5:41 PM
**To:** Walsh, Erik ; Gillian Gillers ; Atkinson, Theodore (CIV) ; Parker, Walter E. (CIV) ; McConnon, Jim (CIV) ; St. Aubin, Martin F. (CIV)
**Cc:** Reiter, Diana ; McMillan, Lucy S. ; Schaeffer, Kati ; Mary Kenney ; Trina Realmuto ; Jonathan Feinberg ; Mark Fleming ; Kate Melloy Goettel ; Norma Ventura ; Jim Knoepp ; Fulham, Terra ; Park, Teresa
**Subject:** RE: CM and APF

**[EXTERNAL]**
Erik,

Below please find additional information in response to your inquiries.

Based on information provided by the agencies performing the ESI collections, the non-email sources include the following: for DOJ custodians, the individual network drives (home drive); for ICE custodians (for which the non-email ESI data collection is still underway), the individual Windows user profile, personal drive linked to his or her laptop, and SharePoint and shared network drives the custodian has access to; and for DHS-HQ (for which the non-email ESI data collection is still underway), personal drive and One Drive. For CBP, its capabilities are far more limited with respect to performing the proximity search strings across non-email data sources. Thus, the on-going process includes having custodians identify which locations relevant information are stored and, with the help of IT, collecting and transferring those documents.

Regarding the search term hits for DOJ and ICE, those numbers reflect the number of times each term hit. Thus, the total number of hits is greater than the total number of documents containing one or more search terms (i.e., the number of documents resulting from the searches). Regarding the total number of documents resulting from those searches, it is approximately 257,000 documents (including attachments) for ICE and 26,000 documents (including attachments) for DOJ. The DOJ and ICE documents have been de-duplicated across the custodians within each agency. However, because the data collection from all agencies is still on-going, a global de-duplication across all custodians from all agencies has not been performed. For some of the terms which resulted in a large number of hits, they were broken down into smaller search strings (see first attachment).

For CBP, attached is a summary of the search term hits for the first six custodians for whom email collection is complete (see second attachment). (We can further discuss technical challenges CBP must deal with in collecting emails from the servers, which has resulted in it taking a substantial amount of time to collect emails of the first six custodians.). These numbers reflect the number of times each term hit for each custodians. Thus, as with ICE and DOJ, the total number of documents will be less than the sum total of hits. However, it is clear that the number of documents for these six custodians will be substantial. We expect to have the total document number by next week, and will let you know.

For DHS-HQ, the collection of email has been completed, and we also expect to have search term hits and a document number by next week.

Regarding MIDP and the HHS Nadler-Pallone production, we can discuss those matters further during our call tomorrow.

Phil


Phil MacWilliams
Trial Attorney
U.S. Department of Justice
Civil Division, Torts Branch, FTCA Office
P: 202-616-4285
F: 202-616-5200
phil.macwilliams@usdoj.gov


**From:** Walsh, Erik
**Sent:** Tuesday, October 20, 2020 5:03 PM
**To:** MacWilliams, Phil (CIV) ; Gillian Gillers ; Atkinson, Theodore (CIV) ; Parker, Walter E. (CIV) ; McConnon, Jim (CIV) ; St. Aubin, Martin F. (CIV)
**Cc:** Reiter, Diana ; McMillan, Lucy S. ; Schaeffer, Kati ; Mary Kenney ; Trina Realmuto ; Jonathan Feinberg ; Mark Fleming ; Kate Melloy Goettel ; Norma Ventura ; Jim Knoepp ; Fulham, Terra ; tpark@cov.com
**Subject:** RE: CM and APF

Phil,

Thank you for your October 16 email. We agree that we should speak about the government's proposal for searching non-email ESI sources and search term results. Plaintiffs are available to speak on October 23 between 12 p.m. and 2 p.m. Please let us know if you are available in that window. Below we respond to the issues in your email, and raise a new one.

**Non-Email ESI**

We understood from your prior communications that you would be providing us with a list of sources of non-email ESI documents, and that we would comment on and agree to the sources the government proposes to search. We understand that you are still reviewing and producing documents, but we have still not received the list of proposed sources from you. If you could provide the list of proposed sources in advance of our call at the end of the week, that would allow our discussion on non-email ESI to be more productive and avoid creating any delay in identifying and, hopefully, resolving discovery issues.

**Search Terms**

Regarding the search term results, are the hit results you provided on October 9 de-duped across custodians and/or agencies? And do the numbers reflect overlap among hit results for more than one search term? We're trying to understand if those numbers reflect unique search hits. If possible, it would also be helpful if you could provide a breakdown of the search hit results so we can see which words are generating hits. For example, is it possible to break down the "separat* w/10" terms further so we can see if any of the particular words (parent, mother, etc.) are producing a large number of hits compared to some of the other words? To the extent the government believes the search terms are generating false hits, please provide some examples.

**MIDP**

With respect to your statements concerning the government's obligations under the MIDP, we do not agree that the government's MIDP obligations ended when it served its MIDP responses. Under MIDP, the duty to produce discovery relevant to the parties' claims or defenses is a continuing duty. *See* General Order 17-08, ¶ A.8; *see also* Mandatory Initial Discovery Users' Manual for the District of Arizona, ¶ C, Comment 1. If the parties disagree as to whether the documents and other materials that we have inquired about fall within the scope of the government's obligations under MIDP, we can discuss that. For instance, we would like to discuss why the government believes video from the facilities where our clients were separated is not relevant to Plaintiffs' claims. Plaintiffs are not required to serve a written discovery request in order to confirm that the government is fully complying with its MIDP obligations.

**HHS Discovery Deficiencies**

During our call, we also would like to discuss discovery from HHS. As detailed below, there are numerous issues with the HHS production to date and we would like to discuss how to remedy the production.

On July 27, 2020 you emailed *C.M.* Plaintiffs stating that it was "not necessary" for the government to run ESI searches for HHS policy-level documents because it "will suffice" for the government to produce a copy of HHS's production, in 2019, to Congressmen Nadler and Pallone (the "Nadler-Pallone Production"). We replied on July 30, 2020 that, not having seen the Nadler-Pallone Production, we could not determine the extent to which the Production overlapped with the discovery we are seeking in this case. Based on the summary of the Nadler-Pallone document collection that you provided to us, we indicated our concerns that the Nadler-Pallone Production would not, in fact, suffice. Nevertheless, in a good faith effort to move discovery forward, *C.M.* Plaintiffs proposed that the government, as a first step, provide us with the Nadler-Pallone Production, and, after our review, Plaintiffs would assess what additional discovery was necessary. *A.P.F.* Plaintiffs and the government had a similar understanding.

The *C.M.* and *A.P.F.* Plaintiffs have now separately reviewed the Nadler-Pallone Production and have determined that the production does not satisfy the government's discovery obligations with respect to HHS in these cases. As detailed below, the Nadler-Pallone Production is deficient in a number of respects.

    1. The Nadler-Pallone Production consists of hundreds of calendar invitations (or appointments) and responses. Many of the meeting subjects in the invitations indicate that relevant topics were discussed at such meetings. For example:

- a February 6, 2017 calendar appointment from Jonathan White regarding "TPs on separations and other contingencies" (HHS-NADPAL-0005859)
- a September 28, 2017 calendar appointment from Jonathan White with the subject, "Find out about separation policy" (HHS-NADPAL-0005858)
- a calendar invitation for a January 18, 2018 ORR Stakeholders Meeting, and a separate invitation for a meeting to prepare for that meeting, discussing family separation (HHS-NADPAL-0009341-44)
- a February 13, 2018 invitation sent to ORR titled "Separated family discussion ICE and CBP" (HHS-NADPAL-0009212)

The government's productions to date do not include documents related to such meetings. For instance, the productions do not contain participants' notes, minutes, briefing materials, or—in certain instances—agendas or lists of action items or other follow-up. We expect that some of those documents would be in electronic form, while other such documents—in particular participants' notes—may be in hardcopy form. The absence of these documents from the Nadler-Pallone Production suggests that the search process used to locate documents was inadequate. The production likewise does not contain documents related to other meetings concerning family separation that have been the subject of public reporting. For example, we know that Jonathan White attended a meeting on February 14, 2017 at Ronald Reagan Building and International Trade Center at which family separation was discussed. We find it hard to believe that there are no HHS documents related to that meeting.

2. The Nadler-Pallone Production does not contain emails from the files of HHS Secretaries Price, Hargan, and Azar, despite evidently possessing relevant information. As noted below, Secretary Price apparently received a letter regarding family separation in the June 2017 period. *See* HHS-NADPAL-0008057. According to a [press report](), Secretary Azar was invited to a meeting of high-ranking administration officials in early May 2018 where family separation was discussed. (We note that the House Committee on Energy and Commerce wrote to Secretary Azar on September 17, 2020 citing this article and questioning his prior Congressional testimony regarding his advance knowledge of the family separation policy). And, a November 15, 2017 email in the Nadler-Pallone Production indicates that Acting Secretary Hargan requested a briefing on "UACs/Family Separation next week." *See* HHS-NADPAL-0005372-74.

3. The Nadler-Pallone Production does not include information from relevant non-email sources referenced in the production. For example, there are references to:

- ORR SharePoint sites that contain documents such as separated unaccompanied "alien" children ("UAC") trackers (*e.g.,* HHS-NADPAL-0000458; 0000520-522) and questions and answers for ORR employees regarding separated UACs (HHS-NADPAL-0000539-41)
- a specific ORR SharePoint site, "UAC Reunification Members" ( HHS-NADPAL-0007455)
- a UAC Portal database (HHS-NADPAL-0003844; 0009046)

It may be that the government is already searching some of these databases but, as detailed above, we still have not seen the government's list of sources for non-email ESI document collection.

4. Documents in the Nadler-Pallone Production reference other potentially relevant documents that do not appear in the Production. For example:

- the Intakes Procedure Manual (HHS-NADPAL-0002891)
- Parent Child Engagement Snapshot (HHS-NADPAL-0009433-34)
- ORR Daily Parent Child Engagement Tracking (HHS-NADPAL-0009433-34)
- Separated UAC CM Contact List (HHS-NADPAL-0009433)
- Copy of Separated UACs Matched (HHS-NADPAL-0000789-91)
- Red Flag Spreadsheet (HHS-NADPAL-0001279)
- Kids with Departed Parents (HHS-NADPAL-009218)
- A June 6, 2017 email from Sean Hayes to Scott Lloyd with the subject: FW: Letter to Secretary Price regarding immigrant family separation, which Scott Lloyd then forwarded to Anna Marie Bena, Jonathan White, Elizabeth

5

- Sohn and Laura Gregg stating, "Anna Marie, Could you begin drafting?" (HHS-NADPAL-0008057). We have not located any drafts or the final version of this letter.
- A November 15-20, 2017 email chain refers to (1) a November 15 policy team meeting; (2) a November 20 meeting with Maggie Wynne; and (3) a November 22 meeting with the Acting Secretary. (HHS-NADPAL-0005372-74). We have no documents related to any of these three meetings, including the briefing book materials specifically referenced for the November 22 meeting.

The issues identified in categories one through four above indicate that a number of sources were not searched in connection with the Nadler-Pallone Production and should be searched in connection with these cases. We can discuss the government's plan for searching HHS's sources when we speak on October 23.

In addition, there are a number of other issues with the Nadler-Pallone Production that are detailed in categories five through eight below. These issues are generally of a technical nature that you may not have realized when providing us with the Production. In any event, we request the government remedy the issues below.

5. Numerous emails in the Nadler-Pallone Production reference attachments that are not included in the Production. For example: HHS-NADPAL-0000520; HHS-NADPAL-0000678; HHS-NADPAL-0000815; HHS-NADPAL-0001107; HHS-NADPAL-0001112; HHS-NADPAL-0001199; HHS-NADPAL-0001205; HHS-NADPAL-0001240; HHS-NADPAL-0001394; HHS-NADPAL-0001532; HHS-NADPAL-0002962; HHS-NADPAL-0003023; HHS-NADPAL-0003622; HHS-NADPAL-0004647; HHS-NADPAL-0004651; HHS-NADPAL-0004654; HHS-NADPAL-0004685; HHS-NADPAL-0004703; HHS-NADPAL-0004723; HHS-NADPAL-0004724; HHS-NADPAL-0004750; HHS-NADPAL-0004768; HHS-NADPAL-0004811; HHS-NADPAL-0004877; HHS-NADPAL-0006517; HHS-NADPAL-0007345; HHS-NADPAL-0007350; HHS-NADPAL-0007366; HHS-NADPAL-0007402; HHS-NADPAL-0007488; HHS-NADPAL-0007781-83; HHS-NADPAL-0008899; HHS-NADPAL-0009127; HHS-NADPAL-0010188; HHS-NADPAL-0010227; and HHS-NADPAL-0010232. (Note that in certain of the above emails, the attachment is to the original email in the chain. The attachment did not carry through to the last-in-time email that was produced, and the original email does not appear in the Production).

Please reproduce these emails with their accompanying attachments. Going forward, please produce complete document families.

6. The 483 documents in the attached spreadsheet do not contain sender information in the metadata. The 335 highlighted documents in the spreadsheet also do not contain date/time sent in the metadata. Nor do the images contain this information. Please reproduce these documents with the complete metadata required by the ESI Protocol.

7. Numerous emails appear to have text or images missing, but which do not appear to be the result of an intentional redaction. For example: HHS-NADPAL-0000247; HHS-NADPAL-0003035; HHS-NADPAL-0003105; HHS-NADPAL-0003131; HHS-NADPAL-0003384; HHS-NADPAL-0004130; HHS-NADPAL-0004131; HHS-NADPAL-0005380; HHS-NADPAL-0007301; HHS-NADPAL-0007561; HHS-NADPAL-0007784; HHS-NADPAL-0007942; HHS-NADPAL-0007946; HHS-NADPAL-0007951; HHS-NADPAL-0008056; HHS-NADPAL-0008057; HHS-NADPAL-0008058; HHS-NADPAL-0008059; HHS-NADPAL-0008519; and HHS-NADPAL-0009250.

Please reproduce these documents in complete form.

8. We request that the government determine if HHS can now produce the following documents which it provided to Congress with a "technical issue" slip-sheet: HHS-NADPAL-0000183; HHS-NADPAL-0000353; HHS-NADPAL-0000587; HHS-NADPAL-0001509; HHS-NADPAL-0001536; HHS-NADPAL-0004645; and HHS-NADPAL-0005089.

Regards,
Erik

_____
Erik Walsh
Counsel

Arnold & Porter
250 West 55th Street | New York, New York 10019-9710
T: +1 212.836.8098
Erik.Walsh@arnoldporter.com | www.arnoldporter.com

**From:** MacWilliams, Phil (CIV) <Phil.MacWilliams@usdoj.gov>
**Sent:** Friday, October 16, 2020 5:55 PM
**To:** Walsh, Erik <Erik.Walsh@arnoldporter.com>; Gillian Gillers <Gillian.Gillers@splcenter.org>; Atkinson, Theodore (CIV) <Theodore.Atkinson@usdoj.gov>; Parker, Walter E. (CIV) <Walter.E.Parker@usdoj.gov>; McConnon, Jim (CIV) <Jim.McConnon@usdoj.gov>; St. Aubin, Martin F. (CIV) <Martin.F.St.Aubin@usdoj.gov>
**Cc:** Reiter, Diana <Diana.Reiter@arnoldporter.com>; McMillan, Lucy S. <Lucy.McMillan@arnoldporter.com>; Schaeffer, Kati <Kaitlyn.Schaeffer@arnoldporter.com>; Mary Kenney <mary@immigrationlitigation.org>; Trina Realmuto <trina@immigrationlitigation.org>; Jonathan Feinberg <jfeinberg@krlawphila.com>; Mark Fleming <mfleming@heartlandalliance.org>; Kate Melloy Goettel <KGoettel@immcouncil.org>; Norma Ventura <norma.ventura@splcenter.org>; Jim Knoepp <Jim.Knoepp@splcenter.org>; Fulham, Terra <TFulham@cov.com>; zzz.External.tpark@cov.com <tpark@cov.com>
**Subject:** RE: CM and APF

External E-mail

Erik,

You are welcome. I was hoping by now to be able to share more information on policy-level search term results (specifically, for DHS HQ and CBP) but I'm not yet in a position to do. Given the volume of data involved, the process of collecting and transferring that data to DOJ has been quite time consuming. Nevertheless, I am hopeful that by early next week I'll have more information to share on search term results for those agencies. I suggest we set up a time to speak later next week (Thursday or Friday) so that we can give you more of an update on how things are progressing in general, some of the challenges we are running into, and to further discuss some of the issues raised below. Please let me know of your availability (and that of the A.P.F. counsel).

Regarding non-email ESI, I think you misunderstand the situation by stating the government has delayed the beginning of its non-email ESI searches. On the contrary, those efforts have been proceeding for some time. In particular, you reference certain agency databases containing Plaintiff-specific information, such as EARM and the UAC portal. Those databases, including the E3 database for CBP, have already been searched and documents were produced to you (as well as to the A.P.F. plaintiffs) quite some time ago pursuant to the MIDP process. (See categories 3, 4, and 6 of the MIDP responses.) As for policy-level ESI discovery, in addition to the custodian-specific ESI searches that the parties negotiated pursuant to the MIDP process (more on that below), searches for relevant documents from multiple sources were performed, from which productions have been made. Additional productions are forthcoming.

To your point about the El Paso search term, we are willing to discuss a revision of that term. However, the larger issue that needs to be addressed is the overall volume of documents that the search terms are returning. As you can see from the information provided last week, the search terms returned well over 200,000 documents for just the DOJ and ICE custodians. Once DHS HQ and CBP are added into the mix, that number is likely to increase significantly. The amount of ESI being returned by these search terms is not proportional to the needs of the case, and reviewing millions of pages of documents is overly burdensome, especially within the time frames of this case. The parties need to reach some mutually agreeable strategies for reducing the volume of documents, such as refining or eliminating some of the search terms, reducing the number of custodians, and perhaps the use of TAR. We can speak about this next week in more specific terms.

Finally, a word about MIDP is in order. Pursuant to MIDP, a party is to conduct a reasonable inquiry for relevant information then reasonably available to it. The government has met its obligation to do that. Further, the parties are to confer and attempt to agree on ESI searches. That has occurred, and the searches and review are underway. MIDP does not provide an opportunity for an opposing party to continually identify information or things it believes are relevant, and request that it be produced pursuant to MIDP. To the contrary, the MIDP order expressly states that once MIDP responses have been served, discovery under the federal rules may commence. Therefore, the United States will not entertain requests for information, documents, or things (such as what is requested below or in your separate email regarding CBP videos) that are not served pursuant to the Federal Rules of Civil Procedure.

Regards,

Phil


Phil MacWilliams
Trial Attorney
U.S. Department of Justice
Civil Division, Torts Branch, FTCA Office
P: 202-616-4285
F: 202-616-5200
phil.macwilliams@usdoj.gov



**From:** Walsh, Erik <Erik.Walsh@arnoldporter.com>
**Sent:** Friday, October 16, 2020 9:34 AM
**To:** MacWilliams, Phil (CIV) <pmacwil@CIV.USDOJ.GOV>; Gillian Gillers <Gillian.Gillers@splcenter.org>; Atkinson, Theodore (CIV) <TAtkinso@civ.usdoj.gov>; Parker, Walter E. (CIV) <wparker@CIV.USDOJ.GOV>; McConnon, Jim (CIV) <JMcConno@civ.usdoj.gov>
**Cc:** Reiter, Diana <Diana.Reiter@arnoldporter.com>; McMillan, Lucy S. <Lucy.McMillan@arnoldporter.com>; Schaeffer, Kati <Kaitlyn.Schaeffer@arnoldporter.com>; Mary Kenney <mary@immigrationlitigation.org>; Trina Realmuto <trina@immigrationlitigation.org>; Jonathan Feinberg <jfeinberg@krlawphila.com>; Mark Fleming <mfleming@heartlandalliance.org>; Kate Melloy Goettel <KGoettel@immcouncil.org>; Norma Ventura <norma.ventura@splcenter.org>; Jim Knoepp <Jim.Knoepp@splcenter.org>; Fulham, Terra <TFulham@cov.com>; tpark@cov.com
**Subject:** RE: CM and APF

Phil,

Thank you for getting back to us about sharing policy-level documents and for providing the information on the search term results.

I am following up again about the government's plan to search for and collect non-email ESI discovery. According to your October 2nd email below, you aimed to send us a plan last week. Can you please give us an update? The government's delay in beginning its non-email ESI searches -- and its delay in even proposing a plan for such searches -- is threatening the likelihood that the parties can complete discovery in accordance with the Court-ordered schedule. It is unclear how the government was able to complete its MIDP responses in June 2020 if it did not understand what non-email ESI sources were available or how it planned to search them. It is also unclear why, four months later, you still have not provided us with this information. At the very least, we know that ICE is likely to have relevant documents in its Enforcement Integrated Database (EID) and its Enforce Alien Removal Module (EARM) database, and that there is likely relevant information about unaccompanied children in the UAC Portal, a HHS database. Also, you mentioned to the

*A.P.F.* Plaintiffs that the agencies keep documents in centralized databases. Presumably, then, you have identified, or can readily identify, those databases. We noted in our review of HHS's Nadler-Pallone production that ORR had a SharePoint that stored a tracker of separated children, in addition to guidance on collecting information about separated families and processing separated children. We suspect that SharePoint site holds other relevant material and therefore should be searched. (We are still conducting our review of the Nadler-Pallone production and will follow up with you shortly about these and other issues related to that production). These are merely examples of what Plaintiffs have been readily able to identify from outside the government and from our limited conversations with you on the topic; we of course are not suggesting that the above is an exhaustive list of relevant non-email ESI sources.

Regarding the government's MIDP obligations, Plaintiffs have a few additional follow-ups:

1. We assume that, pursuant to its MIDP obligations, the government is searching for and will produce relevant organizational charts for DHS, CBP, ICE, HHS/ORR, DOJ, and USCIS. (Plaintiffs do not expect a full org chart for each agency, only relevant divisions and geographies, e.g., headquarters of each relevant agency; DHS's CRCL; DHS Office of Policy; CBP's Office of Field Operations headquarters; CBP Border Patrol headquarters; the Yuma Border Patrol Sector; CBP's Tucson Field Office; CBP's Nogales Port of Entry; ICE Enforcement and Removal Operations, including the Juvenile and Family Residential Management Unit (JFRMU), Custody Management Division, and Field Operations Division; ICE's Phoenix Field Office; the Office of Refugee Resettlement; and the various HHS divisions listed in the government's June 15, 2020 proposed custodian list.) Please confirm.

2. We learned from press reports last week that the El Paso Pilot Program was referred to within the government as the El Paso Initiative and not the El Paso Pilot Program as we previously understood. This misunderstanding likely explains why the El Paso search term only resulted in three documents from DOJ and only forty documents from ICE, even though the El Paso Initiative took place over several months and involved multiple agencies. In order to capture the relevant documents, please rerun that search term across the policy custodians as follows: ("El Paso" or EP) w/3 (initiative or pilot or program). Please confirm that you will do so.

3. The *C.M.* and *A.P.F.* Plaintiffs will email you separately with plaintiff-specific follow-ups.

Please let us know if you would like to discuss any of the above items.


Regards,
Erik

_____

Erik Walsh
Counsel

Arnold & Porter
250 West 55th Street | New York, New York 10019-9710
T: +1 212.836.8098
Erik.Walsh@arnoldporter.com | www.arnoldporter.com

**From:** MacWilliams, Phil (CIV) <Phil.MacWilliams@usdoj.gov>
**Sent:** Friday, October 2, 2020 5:14 PM
**To:** Walsh, Erik <Erik.Walsh@arnoldporter.com>; Gillian Gillers <Gillian.Gillers@splcenter.org>; Atkinson, Theodore (CIV) <Theodore.Atkinson@usdoj.gov>; Parker, Walter E. (CIV) <Walter.E.Parker@usdoj.gov>; McConnon, Jim (CIV) <Jim.McConnon@usdoj.gov>
**Cc:** Reiter, Diana <Diana.Reiter@arnoldporter.com>; McMillan, Lucy S. <Lucy.McMillan@arnoldporter.com>; Schaeffer, Kati <Kaitlyn.Schaeffer@arnoldporter.com>; Mary Kenney <mary@immigrationlitigation.org>; Trina Realmuto <trina@immigrationlitigation.org>; Jonathan Feinberg <jfeinberg@krlawphila.com>; Mark Fleming <mfleming@heartlandalliance.org>; Kate Melloy Goettel <KGoettel@immcouncil.org>; Norma Ventura <norma.ventura@splcenter.org>; Jim Knoepp <Jim.Knoepp@splcenter.org>; Fulham, Terra <TFulham@cov.com>;

zzz.External.tpark@cov.com <tpark@cov.com>
**Subject:** RE: CM and APF

External E-mail

Erik,

   The government will consent to CM and APF plaintiffs sharing the policy-level documents produced to both CM and APF. For ease of identifying such documents, our current thinking is that for future productions of such documents we will use a distinct bates prefix. We still need to work out the details with our IT team, but will have that figured out soon.

   We will share information regarding search hits that we are able to get from the agencies. Given the volume of data involved, the running of search terms by all agencies is not complete. However, preliminary results have been coming in and we will endeavor to provide information in a useful format by next week.

   As for the non-email ESI discovery plan, bear in mind this case involves a number of different offices and custodians. However, we also will endeavor to provide information by next week.

Have a good weekend,

Phil


Phil MacWilliams
Trial Attorney
U.S. Department of Justice
Civil Division, Torts Branch, FTCA Office
P: 202-616-4285
F: 202-616-5200
phil.macwilliams@usdoj.gov


**From:** Walsh, Erik <Erik.Walsh@arnoldporter.com>
**Sent:** Wednesday, September 30, 2020 1:00 PM
**To:** Gillian Gillers <Gillian.Gillers@splcenter.org>; MacWilliams, Phil (CIV) <pmacwil@CIV.USDOJ.GOV>; Atkinson, Theodore (CIV) <TAtkinso@civ.usdoj.gov>; Parker, Walter E. (CIV) <wparker@CIV.USDOJ.GOV>; McConnon, Jim (CIV) <JMcConno@civ.usdoj.gov>
**Cc:** Reiter, Diana <Diana.Reiter@arnoldporter.com>; McMillan, Lucy S. <Lucy.McMillan@arnoldporter.com>; Schaeffer, Kati <Kaitlyn.Schaeffer@arnoldporter.com>; Mary Kenney <mary@immigrationlitigation.org>; Trina Realmuto <trina@immigrationlitigation.org>; Jonathan Feinberg <jfeinberg@krlawphila.com>; Mark Fleming <mfleming@heartlandalliance.org>; Kate Melloy Goettel <KGoettel@immcouncil.org>; Norma Ventura <norma.ventura@splcenter.org>; Jim Knoepp <Jim.Knoepp@splcenter.org>; Fulham, Terra <TFulham@cov.com>; tpark@cov.com
**Subject:** RE: CM and APF

Phil and Ted,

I'm following up on several items Gillian raised in her email last week, the first two of which I had also raised in my September 17 email to you.

1. Have you confirmed that the government will produce policy-related documents with the same bates numbers in the two cases?

2. Please let us know if the government will consent to allowing the CM and APF plaintiffs to share and use Confidential policy documents in either case, without requiring the government's consent on a case-by-case basis and without requiring persons in Protective Order subsections E.2(a), (b), (d), (e), (g), or (h) to sign the declaration. As stated in my September 17 email, CM and APF would otherwise use such Confidential policy documents only in accordance with the terms of the Protective Orders.

3. Can the agencies produce the search hits from the document searches?

4. Finally, and importantly, please let us know the government's proposed plan for searching non-email sources of information. It should not take long for the government to provide a proposed plan given that the government must have collected this information in order to prepare its *CM* MIDP submission in June.

Thanks,
Erik

_____

Erik Walsh
Counsel

Arnold & Porter
250 West 55th Street | New York, New York 10019-9710
T: +1 212.836.8098
Erik.Walsh@arnoldporter.com | www.arnoldporter.com

**From:** Gillian Gillers <Gillian.Gillers@splcenter.org>
**Sent:** Tuesday, September 22, 2020 8:58 AM
**To:** MacWilliams, Phil (CIV) <Phil.MacWilliams@usdoj.gov>; Atkinson, Theodore (CIV) <Theodore.Atkinson@usdoj.gov>; Parker, Walter E. (CIV) <Walter.E.Parker@usdoj.gov>; McConnon, Jim (CIV) <Jim.McConnon@usdoj.gov>
**Cc:** Reiter, Diana <Diana.Reiter@arnoldporter.com>; McMillan, Lucy S. <Lucy.McMillan@arnoldporter.com>; Schaeffer, Kati <Kaitlyn.Schaeffer@arnoldporter.com>; Mary Kenney <mary@immigrationlitigation.org>; Trina Realmuto <trina@immigrationlitigation.org>; Jonathan Feinberg <jfeinberg@krlawphila.com>; Mark Fleming <mfleming@heartlandalliance.org>; Kate Melloy Goettel <KGoettel@immcouncil.org>; Norma Ventura <norma.ventura@splcenter.org>; Jim Knoepp <Jim.Knoepp@splcenter.org>; Fulham, Terra <TFulham@cov.com>; zzz.External.tpark@cov.com <tpark@cov.com>; Walsh, Erik <Erik.Walsh@arnoldporter.com>
**Subject:** RE: CM and APF

External E-mail

Phil and Ted,

We wanted to follow up on the issues relevant to both CM and APF discussed on our call with you Friday. I am cc'ing the CM team here.

On the call, you agreed that it makes sense to use the same bates numbers on policy-related documents produced in the two cases. However, you stated that you will confirm with others at DOJ and get back to us. You asked us to send you a reminder email about this.

You are inclined to consent to the sharing by CM and APF plaintiffs of policy documents marked confidential that the government produces in both cases. You will confirm with us after reviewing the protective order. Please note that we believe that policy documents produced in *either* case should be sharable between the two cases.

With respect to the ESI searches, we asked that you include all variations of each custodian's email address and any aliases. These include, but are not limited to "chadw.temp" for Chad Wolf and "S1KMN" for Kirstjen Nielsen. By this email, we are confirming that the CM team agrees with this request. You stated that you would consult with the agencies about this and let us know your position. You also confirmed that any relevant information on personal emails, phones or other devices will be preserved and searched. You agreed to propose a plan for searching non-email sources of information and will share this with us. We also asked for search hits, and you agreed to check with the agencies about whether it will be possible to provide these.

With respect to the recent production of HHS documents, you will send us a privilege log reflecting any documents withheld from the production to Reps. Nadler and Pallone or from the production to us. You stated that you would aim to send us this by Friday.

Finally, we asked for biweekly calls to discuss the status of document production. You declined, but stated that you are aiming to send a production each week and that we can discuss as needed.

Please let us know if you have a different understanding. We would appreciate hearing from you as soon as possible on the outstanding issues.

Thanks,
Gillian




**Gillian Gillers** She/Her/Hers
Sr. Staff Attorney | Legal
Southern Poverty Law Center
T 404.221.5844
gillian.gillers@splcenter.org | www.splcenter.org

This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify The Southern Poverty Law Center immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation.

**From:** Walsh, Erik <Erik.Walsh@arnoldporter.com>
**Sent:** Thursday, September 17, 2020 5:18 PM
**To:** MacWilliams, Phil (CIV) <Phil.MacWilliams@usdoj.gov>; Atkinson, Theodore (CIV) <Theodore.Atkinson@usdoj.gov>; Parker, Walter E. (CIV) <Walter.E.Parker@usdoj.gov>; McConnon, Jim (CIV) <Jim.McConnon@usdoj.gov>
**Cc:** Reiter, Diana <Diana.Reiter@arnoldporter.com>; McMillan, Lucy S. <Lucy.McMillan@arnoldporter.com>; Schaeffer, Kati <Kaitlyn.Schaeffer@arnoldporter.com>; Mary Kenney <mary@immigrationlitigation.org>; Trina Realmuto <trina@immigrationlitigation.org>; Jonathan Feinberg <jfeinberg@krlawphila.com>; Mark Fleming <mfleming@heartlandalliance.org>; Kate Melloy Goettel <KGoettel@immcouncil.org>; Gillian Gillers <Gillian.Gillers@splcenter.org>; Norma Ventura <norma.ventura@splcenter.org>; Jim Knoepp <Jim.Knoepp@splcenter.org>; Fulham, Terra <TFulham@cov.com>; tpark@cov.com
**Subject:** CM and APF

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Phil,

We have spoken with APF counsel regarding the Court's expectation that the CM plaintiffs, APF plaintiffs, and the government will coordinate on certain discovery. We have two requests that should help facilitate this coordination.

First, we appreciate that the government produced the Nadler/Pallone production in both cases with the same bates numbers (though the prefixes are understandably different). We ask that the government continue to use the same bates numbers on policy-related documents produced in the two cases.

Second, we ask that the government agree to allow the CM and APF plaintiffs to share and use Confidential policy documents that the government produces in either case, without requiring the government's consent on a case-by-case basis and without requiring persons in Protective Order subsections E.2(a), (b), (d), (e), (g), or (h) to sign the declaration attached to the Protective Order. CM and APF would use Confidential policy documents received from the other case only in accordance with the terms of the Protective Orders, which are the same in both cases as they pertain to use and disclosure.

Please let us know if you would like to discuss either of these matters.

Regards,
Erik

_____

Erik Walsh
Counsel

Arnold & Porter
250 West 55th Street | New York, New York 10019-9710
T: +1 212.836.8098
Erik.Walsh@arnoldporter.com | www.arnoldporter.com

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.
_____
For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.
_____
For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.
_____
For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.
_____
For more information about Arnold & Porter, click here:
http://www.arnoldporter.com