# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| A.P.F., on his own behalf and on behalf of his minor child, O.B.; et al.,<br><br>Plaintiffs,<br><br>v.<br><br>United States of America,<br><br>Defendant. | No. 2:20-cv-00065-SRB<br><br>**ORDER** |

Plaintiffs have filed a Motion for Leave to Seal Unredacted Opposition to Defendant's Motion for Summary Judgment, Amended Rule 56.1 Controverting and Supplemental Statement of Facts, and Exhibits (Doc. 408) pursuant to the requirements of LRCiv. 5.6 (d). Defendant has requested sealing of certain documents and references to them in Plaintiffs' Opposition to Defendant's Motion for Summary Judgment and their Amended Rule 56.1 Controverting Statement of Facts and Supplemental Statement of Facts. Thirteen documents and the references to them are in dispute. Plaintiffs urge that the documents and references should not be sealed. Defendant has filed its Response to Plaintiffs' Motion for Leave to Seal Unredacted Opposition to Defendant's Motion for Summary Judgment, Amended Rule 56.1 Statement of Facts, and Exhibits (Doc. 421) requesting sealing of the 12 documents claiming that some contain sensitive deliberative material, some relate to the creation of a prosecution policy, some are sensitive law

enforcement documents and one relates to White House deliberations.  The Court will address each of the documents and Defendant's arguments for sealing.

**SENSITIVE DELIBERATIVE MATERIAL (Exhibits 3, 4, 6, 7, 8, 9 and 10)**

Exhibits 3 and 4 are excerpts from the depositions of Commander Jonathan White and Tricia Schwartz.  Jonathan White is the former ORR Deputy Director for Children's Programs and Tricia Schwartz is the former ORR Associate Deputy Director.  Both attended a meeting on February 14, 2017 and were questioned at their depositions about what was said at that meeting by other high-level government officials.  Defendant has argued that allowing these deposition excerpts to become public would chill internal deliberations among federal employees and officials. As specific justification for sealing Exhibits 3 and 4, Defendant says:

> the deponent describes pre-decisional deliberations and discussions which occurred during a meeting held on February 14, 2017.  The deponents' perspectives and descriptions of this closed, high-level meeting have not been released to the public.

The Court finds that Defendant has not provided compelling reasons to seal Exhibits 3 and 4.  Defendant has only provided conclusory statements about these two exhibits. After review of the Exhibits 3 and 4, the Court cannot conclude that the various statements attributed to high-level government officials are likely to chill open deliberations by federal employees and officials. The statements were described as announcements of new government initiatives not internal deliberations.

Exhibits 6, 7, 8, and 10 are documents and email communications discussing a policy that Defendant states was never implemented.  Defendant says that allowing these Exhibits to become public "could chill candor and there are therefore compelling reasons to seal these exhibits."  Plaintiffs argue that while these documents may never have been publicly disclosed, the concerns raised have been the subject of extensive public reporting.  Plaintiffs also note that Defendant has not identified with any specificity how the public filing of these documents would chill future policy discussions or deliberations among government officials.

Exhibit 6 is an Agenda for an Immigration Enforcement Strategy Meeting on August 14, 2017 attended by the leadership from CBP, ICE, USCIS, OGC and PLCY. Exhibit 7 is a series of emails all dated October 19, 2017 referencing a document that is not part of Exhibit 7 and requesting comments about the document. Exhibit 8 is a redacted document dated November 22, 2017 which is a briefing memorandum for an Immigration Discussion. It may be the final version of the document referenced in Exhibit 7. Exhibit 10 are redacted emails dated December 29 and 30, 2017 with the subject being "Family Separation Talking Points" that were being prepared for the Secretary. Jonathan Hoffman from DHS Office of Public Policy was requesting comments on the talking points from four DHS employees.

Exhibit 6 does not contain discussion attributed to any federal employee or official. That the strategy was allegedly not implemented is not a basis for the agenda being filed under seal. Defendant has failed to provide any specific facts or a compelling reason why Exhibit 6 should be filed under seal.

Defendant has provided no context for Exhibit 7 and the Court cannot discern why is it subject to sealing. As noted above, whether the policy described in the Memorandum that was attached was not implemented is not a basis for sealing.

Exhibit 8 has undisputed redactions but Plaintiffs urge public filing of the unredacted portions of Exhibit 8 which contains discussion points under the heading "Limiting Reliance on Family Detention" for the DHS Secretary. Whether these recommendations were or were not adopted is irrelevant to sealing. Defendant's claim that public filing of the unredacted portion of Exhibit 8 could chill candor is unsupported and not likely as no government employees are identified as being responsible for the recommendations. The recommendations in Exhibit 8 are attributable only to ICE.

Exhibit 10 transmits for comments a Family Separation Proposal and states that the Secretary has requested a clearer explanation of the provisions and why they are impactful. For the same reasons that the Court will not order the sealing of Exhibit 8, it will not order the sealing of Exhibit 10.

Exhibit 9 are emails between December 8 and 11, 2017 about an Immigration and Border Security briefing for "S1" on the afternoon of December 11, 2017 and the Power Point presentation that was to be given. The emails included a detailed agenda and request for comments on the agenda.  Defendant asks that Exhibit 9 be sealed because "[t]here are many pre-decisional topics included in this document, most of which, are not relevant to this litigation."  Lack of relevance is not a basis for sealing a document. The non-specific objection to this document being filed in the public record is that it will chill internal deliberations.  The Court finds no compelling reason has been shown to order Exhibit 9 sealed.

## DELIBERATIONS RELATING TO THE CREATION OF PROSECUTION POLICY

Defendant asserts that "Exhibits 17 and 26 contain detailed discussions and deliberations relating to the creation of prosecution policy."  Acknowledging that the policy is no longer in effect, Defendant claims Exhibits 17 and 26 still reveal processes for development of prosecution policies that is a compelling reason for sealing these exhibits.  Exhibit 17 are handwritten notes of a United States Attorney taken during a call with Attorney General Sessions on May 12, 2018.  Exhibit 26 are handwritten notes taken by a government lawyer during a telephone call with Deputy Attorney General Rosenstein on May 22, 2018.  In their Motion, Plaintiffs argued that these exhibits should not be sealed because the substance of the notes have already been publicized and quoted by the DOJ OIG in its report.  Defendant does not address this argument in its Response and urges sealing only because of the alleged revealing of the process for developing prosecution priorities.

The Court has reviewed Exhibits 17 and 26.  Exhibit 17 does not, in the Court's view, show discussions and deliberations leading to the creation of prosecution policies. Exhibit 17 appears to be notes about a process already adopted.  Similarly, a review of Exhibit 26 reflects notes about how the already adopted policies will work.  Defendant has not shown a compelling reason to seal Exhibits 17 and 26.

**LAW ENFORCEMENT SENSITIVE DOCUMENTS**

Defendant's entire justification for its request to seal Exhibits 12 and 25 is that they "contain law enforcement sensitive information, the disclosure of which, could harm enforcement activities. There are detailed discussions of law enforcement systems and facilities which should not be make public." Exhibit 12 is an email dated March 28, 2018 from Mellissa Harper, a Unit Chief in the Custody Management Division of DHS/ICE/ERO to two other ICE employees and cc'd to several others. Exhibit 25 are fully redacted emails dated between May 14 and 22, 2018. Only the sender, the recipients, the date and the announcement of a meeting on May 14, 2018 are not redacted. The subject of the emails is Family Reunification Action Steps. Attached to the emails is a nine-page draft memorandum which has the subject "ERO Operational Plan-Family Separation and Reunification." The recipients of the draft memorandum are asked to add additional content.

Defendant has not provided the Court with any specifics about its claim that Exhibit 12 contains law enforcement sensitive information which could harm enforcement activities. The Court has reviewed Exhibit 12 and it appears to be concerned about the collection of data and implementation of systems to track separated families. The Court can discern nothing in Exhibit 12 which would harm law enforcement if publicly filed.

Regarding Exhibit 25, Plaintiffs state that the nine-page draft memorandum attached to the redacted emails was not marked confidential when produced by Defendant. Defendant does not dispute this in its Response. Like Exhibit 12, Defendant does not explain the law enforcement sensitive nature of the memorandum. A review of the draft memorandum shows that it not about law enforcement but about a family reunification process that ensures families will be reunited upon conclusion of immigration or prosecution proceedings and how ICE intends to go about accomplishing this goal. Defendant has failed to show that the public filing of Exhibit 25 has the possibility of harming law enforcement activities.

. . .

**DOCUMENT RELATING TO WHITE HOUSE DELIBERATIONS**

Exhibit 13 are emails dated April 3, 2018 initiated by Gene Hamilton asking to talk to the recipients about something for the Attorney General that involves a White House meeting later that day. All of the emails were among DOJ employees. No White House staff were included on the email. There is only one substantive paragraph in the exhibit. In that paragraph Gene Hamilton writes about guidance he is developing for southwest border AUSAs. There is no exchange of "candid discussion and deliberation" among DOJ employees in Exhibit 13 and White House employees were not involved. Defendant has shown no legitimate basis for sealing Exhibit 13 since it does not involve White House deliberations.

IT IS ORDERED that Exhibits 3, 4, 6, 7, 8, 9, 10, 12, 13, 17, 25 and 26 and any references to them in Plaintiffs' Opposition to Defendant's Motion for Summary Judgment, Amended Rule 56.1 Controverting Statement of Facts and Supplemental Statement of Facts shall be filed in the public record and not under seal.

IT IS FURTHER ORDERED that the undisputed exhibits and the references to them shall be filed under seal and redacted respectively.

IT IS FURTHER ORDERED that Defendant shall advise Plaintiffs forthwith if any personally identifiable information regarding the names and email addresses contained in the exhibits that will be filed in the public record should be redacted.

Dated this 23rd day of May, 2023.

_____
Susan R. Bolton
United States District Judge