Keith Beauchamp (012434)
Malvika Sinha (038046)
COPPERSMITH BROCKELMAN PLC
2800 N. Central Avenue, Suite 1900
Phoenix, AZ 85004
Telephone: (602) 381-5490
kbeauchamp@cblawyers.com
msinha@cblawyers.com
*Counsel for A.P.F. Plaintiffs*

(*Additional Counsel Listed on Signature Page*)

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| A.P.F., on his own behalf and on behalf of his minor child, O.B.; *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>United States of America,<br><br>Defendant. | No. 2:20-cv-00065-SRB<br><br>**PLAINTIFFS' TRIAL MEMORANDUM** |

Plaintiffs submit the following trial memorandum to address three evidentiary issues in advance of the Final Pretrial Conference.[1]

## I. OIG REPORTS REGARDING FAMILY SEPARATIONS ARE ADMISSIBLE.

Plaintiffs' exhibit list includes several published Office of Inspector General ("OIG") reports that reviewed Defendant's policies and practices regarding family separations. For

---

[1] Plaintiffs initially anticipated filing a trial memorandum that would address the facts and arguments that the Court will decide at trial, as reflected in Plaintiffs' request for a page enlargement, ECF No. 466, which the Court granted on April 8, 2024, ECF No. 467. In light of recent developments, however, including that four out of six *A.P.F.* Plaintiff families and all *C.M.* Plaintiff families (the "2018 Plaintiffs") have reached a conditional settlement with Defendant, the issues for trial have narrowed, and the Court has requested that the parties file proposed Findings of Fact and Conclusions of Law after trial on liability issues, Plaintiffs have determined that their previously anticipated trial memorandum is more appropriately suited for the proposed Findings of Fact and Conclusions of Law that Plaintiffs will submit following trial.

example, Plaintiffs' Exhibit 366 is a November 2019 Department of Homeland Security ("DHS") OIG report titled "DHS Lacked Technology Needed to Successfully Account for Separated Migrant Families." Similarly, Plaintiffs' Exhibit 346 is a January 16, 2019 issue brief by the Health and Human Services ("HHS") OIG regarding "Separated Children Placed in Office of Refugee Resettlement Care."

Defendant objects to OIG reports such as these on the following grounds: "Hearsay; Relevance; FRE 403; FRE 407." Defendant's objections lack merit.

***First***, Defendant's hearsay objection fails. The OIG reports are public records that set forth the OIGs' factual findings and are thus admissible under Fed. R. Evid. 803(8)—particularly absent any evidence from Defendant suggesting that the government's own OIG reports are untrustworthy. *See Johnson v. City of Pleasanton*, 982 F.2d 350, 352 (9th Cir. 1992) ("The trial court is entitled to presume that the tendered public records are trustworthy. . . . When public records are presumed authentic and trustworthy, the burden of establishing a basis for exclusion falls on the opponent of the evidence. A party opposing the introduction of a public record bears the burden of coming forward with enough negative factors to persuade a court that a report should not be admitted."); *Est. of Gonzales v. Hickman*, 2007 WL 3237727, at *2 n.3 (C.D. Cal. May 30, 2007) (finding that OIG report is not hearsay under Rule 803(8) and noting that "evaluative reports" such as the OIG report at issue "are presumptively admissible"). The OIG reports are also admissible as business records under Fed. R. Evid. 803(6). *See United States v. Fuchs*, 218 F.3d 957, 965 (9th Cir. 2000) (affirming admission of audit report prepared by the USDA's OIG under the business records exception). The OIGs' statements are further admissible against Defendant under Fed. R. Evid. 801(d)(2) as opposing party statements, as are statements by government employees contained within the OIG reports.

***Second***, the reports are highly relevant. These reports detail the same conduct—separating migrant families such as Plaintiffs despite the government's inability to track separated families, to facilitate communication among them, or to promptly reunify

separated families—that Plaintiffs allege demonstrates that Defendant's employees committed negligence and/or intentional infliction of emotional distress.

**Third**, the highly probative nature of these reports outweighs any purported danger of prejudice or confusion under Fed. R. Evid. 403. Nor does Defendant identify why such reports should be excluded under Rule 403.

**Fourth**, the OIG reports largely pertain to the OIGs' factual recitation of the events leading up to and during family separations. To the extent they identify any subsequent remedial measures, the proper remedy under Fed. R. Evid. 407 is to prevent Plaintiffs from using this evidence of remedial measures to prove their claims, not to exclude the evidence entirely.

## II. GOVERNMENT EMAILS AND MEMORANDA ARE ADMISSIBLE.

Defendant objects to numerous emails and memoranda among government employees—which were produced from Defendant's custodial files—as hearsay. *See, e.g.*, Pls.' Exs. 41, 51–53, 72, 79. But emails and memos from government employees are admissible against Defendant as opposing party statements under Fed. R. Evid. 801(d)(2). *See Patterson v. Miller*, 451 F. Supp. 3d 1125, 1142 (D. Ariz. 2020) ("All e-mails written by State Defendants and offered against them by Lorraine are admissible, as statements made therein constitute those by a party-opponent under FRE 801(d)(2)."), *aff'd*, 2021 WL 3743863 (9th Cir. Aug. 24, 2021); *Cacique, Inc. v. Reynaldo's Mexican Food Co.*, LLC, 2014 WL 537061, at *7 n.6 (C.D. Cal. Feb. 10, 2014) (finding that Defendant's internal memoranda "are not hearsay under Federal Rule of Evidence 801(d)(2)"). Emails of government employees are further admissible as business records. *See W. Exp. Servs., Inc. v. Webtrans Logistics, Inc.*, 2022 WL 1601384, at *7 (C.D. Cal. Apr. 11, 2022) (rejecting hearsay objection regarding emails because "the emails appear to be business records as the record makes clear that the parties conducted their business in significant part by email"); McCament (DHS 30(b)(6)) Dep. 83:1–11 ("Q: It's common practice for employees of DHS to conduct business via email, correct? A: Yes, and may I ask, when you say 'business,' just generally, right? Like -- Q: Yes. A: -- like communications? Q: Yes, communications,

sending memos, sending drafts of memos, things like that would typically be done via email? A: Yes, for the reason I mentioned, the size of the department and where we're located."). Memoranda prepared by government employees are also admissible business records. *See Wolf v. Sierra Vista*, 2014 WL 2885480, at *1 n.4 (D. Ariz. June 25, 2014) ("[T]he evaluations and the internal memoranda related to Plaintiff's employment are admissible under the business records hearsay exception.").

### III. DEFENDANT'S MOTION TO EXCLUDE PLAINTIFFS' GENERAL CAUSATION EXPERT IS UNTIMELY, BASELESS, AND UNNECESSARY.

During the Court's April 16, 2024 hearing, Defendant previewed that it would move to exclude Plaintiffs' general causation expert, Dr. Kristin Samuelson. Defendant's stated basis for such a motion is that Plaintiffs calling both a general and a specific causation expert "violates the Court's case management order having . . . one expert per issue." 4/16/2024 Hr'g Tr. at 21:19–20.[2] Defendant has also represented to Plaintiffs that it believes Dr. Samuelson's "anticipated testimony is unlikely to be helpful to the trier of fact."

Defendant's request to exclude Dr. Samuelson is untimely, given that Defendant first received Dr. Samuelson's report in August 2022 but did not inform Plaintiffs that it intended to exclude her until recently. Defendant's request is also baseless: Dr. Samuelson is well-qualified to testify as to issues of general causation (an element the government is contesting), which is a different issue than the specific causation opinions that Plaintiffs' experts who evaluated the individual Plaintiffs will provide. Nor is a motion to exclude necessary in a bench trial. *See, e.g.*, *Su v. Reliance Tr. Co.*, 2023 WL 8715627, at *2 (D. Ariz. Dec. 18, 2023) ("The Ninth Circuit has explicitly held in a bench trial a district court may hear from an expert and make any necessary admissibility determinations later."); *Parsons v. Ryan*, 2014 WL 3721030, at *3 (D. Ariz. July 28, 2014) ("[T]he usual need for

---

[2] Defendant apparently intends to move to exclude Dr. Samuelson even though she will be the only expert testifying on behalf of Plaintiffs during the first trial phase regarding liability. As discussed during the April 16, 2024 hearing, Plaintiffs will not call their specific causation expert during Phase I, but will instead submit an "offer of proof that if called to testify, the evaluator would say that each parent and each child suffered physical or emotional damage as a result of the physical separation." 4/16/2024 Hr'g Tr. at 20:22–24.

pre-trial resolution of *Daubert* challenges, to avoid exposing the jury to prejudicial inadmissible evidence, is not present in a bench trial.").

Plaintiffs will provide a more complete opposition to this request as it is raised in Defendant's trial memorandum.

RESPECTFULLY SUBMITTED this 23rd day of April, 2024.

                **COPPERSMITH BROCKELMAN PLC**
                By: /s/ *Keith Beauchamp*
                    Keith Beauchamp
                    Malvika A. Sinha

                    (*Additional Counsel for Parties Listed on the Following Pages*)

| | |
|---|---|
| Keith Beauchamp (012434)<br>Malvika A. Sinha (038046)<br>COPPERSMITH BROCKELMAN PLC<br>2800 N. Central Avenue, Suite 1900<br>Telephone: (602) 381-5490<br>Phoenix, AZ 85004<br>kbeauchamp@cblawyers.com<br>msinha@cblawyers.com<br><br>Benjamin J. Razi*<br>Matthew J. Schlesinger*<br>Jason A. Carey*<br>Terra White Fulham*<br>Teresa S. Park*<br>Kathleen E. Paley*<br>Shadman Zaman*<br>Stephen Rees*<br>Samuel Greeley*<br>Joshua Silver*<br>Patrick Lee*<br>Abigail Barnes*<br>Sumner Truax*<br>COVINGTON & BURLING LLP<br>One City Center, 850 Tenth Street, NW<br>Washington, DC 20001-4956<br>Telephone: (202) 662-5581<br>brazi@cov.com<br>mschlesinger@cov.com<br>jcarey@cov.com<br>tfulham@cov.com<br>tpark@cov.com<br>kpaley@cov.com<br>szaman@cov.com<br>srees@cov.com<br>sgreeley@cov.com<br>jsilver@cov.com<br>plee@cov.com<br>abarnes@cov.com<br>struax@cov.com | Bree F. Peilen*<br>COVINGTON & BURLING LLP<br>New York Times Building<br>620 8th Avenue<br>New York, NY 10018-1405<br>Telephone: (212) 841-1158<br>bpeilen@cov.com<br><br>James Knoepp*<br>Sharada Jambulapati*<br>Stephanie M. Alvarez-Jones*<br>SOUTHERN POVERTY LAW CENTER<br>150 E. Ponce de Leon, Suite 340<br>Decatur, GA 30030<br>Telephone: (404) 521-6700<br>jim.knoepp@splcenter.org<br>sharada.jambulapati@splcenter.org<br>stephanie.alvarezjones@splcenter.org<br><br>Paul R. Chavez*<br>SOUTHERN POVERTY LAW CENTER<br>2 S. Biscayne Boulevard, Suite 3750<br>Miami, FL 33137<br>Telephone: (786) 347-2056<br>paul.chavez@splcenter.org |

*Attorneys for Plaintiffs A.P.F. et al.*
*\* Admitted pro hac vice*