Keith Beauchamp (012434)
Malvika Sinha (038046)
COPPERSMITH BROCKELMAN PLC
2800 N. Central Avenue, Suite 1900
Phoenix, AZ 85004
Telephone: (602) 381-5490
kbeauchamp@cblawyers.com
msinha@cblawyers.com
*Counsel for A.P.F. Plaintiffs*

(*Additional Counsel Listed on Signature Page*)

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| A.P.F., on his own behalf and on behalf of his minor child, O.B.; *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>United States of America,<br><br>Defendant. | No. 2:20-cv-00065-SRB<br><br>**UNOPPOSED MOTION FOR COURT APPROVAL OF SETTLEMENTS OF MINORS' CLAIMS** |

Plaintiffs A.P.F., on his own behalf and on behalf of his minor child, O.B.; J.V.S., on his own behalf and on behalf of his minor child, H.Y.; J.D.G., on his own behalf and on behalf of his minor child, M.G.; H.P.M., on his own behalf and on behalf of his minor child, A.D.; M.C.L., on his own behalf and on behalf of his minor child, A.J.; and R.Z.G., on his own behalf and on behalf of his minor child, B.P. (collectively, "Plaintiffs") hereby request that the Court approve the settlements of the minor Plaintiffs' claims against the United States of America ("Defendant"). Defendant does not oppose the relief Plaintiffs seek herein.

### MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs brought this Federal Tort Claims Act, 28 U.S.C. §§ 2671 et. seq. ("FTCA"), case against Defendant for its forced separation of parents and children in its custody. Plaintiffs A.P.F. and O.B. allege that they were forcibly and unlawfully separated by

Defendant for over nine weeks; Plaintiffs J.V.S. and H.Y. allege being forcibly and unlawfully separated for over ten weeks; Plaintiffs J.D.G. and M.G. allege being forcibly and unlawfully separated for over nine weeks; Plaintiffs H.P.M. and A.D. allege being forcibly and unlawfully separated for over fifteen weeks; Plaintiffs M.C.L. and A.D. allege being forcibly and unlawfully separated for approximately eight months; and Plaintiffs R.Z.G. and B.P. allege being forcibly and unlawfully separated for approximately eight months.  All Plaintiff families allege that these separations, and the alleged mistreatment in government custody, caused them serious injury.

Plaintiffs sought damages for these harms, bringing claims under the FTCA for intentional infliction of emotional distress, negligence, and loss of consortium.  *See* ECF No. 34.  Plaintiffs' allegations are described in detail in their Amended Complaint.  *Id.*

**I.   The Settlements, Attorney's Fees, and Costs.**

Plaintiffs filed their initial Complaint on January 10, 2020.  ECF No. 1.  On July 16, 2020, Plaintiffs filed their Amended Complaint.  ECF No. 34.  Plaintiffs moved this Court to proceed under pseudonym, which the Court granted.  ECF Nos. 8, 27, 35, 38.  On July 27, 2020, the Court denied Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim, ECF No. 36, and the parties proceeded to engage in discovery.  Discovery in this matter was extensive, involving the production of thousands of documents, responses to several sets of interrogatories, over 50 depositions, and evaluations of Plaintiff fathers.  On October 24, 2023, the Court denied Defendant's Motion for Summary Judgment and granted in part and denied in part Plaintiffs' Motion for Partial Summary Judgment.  ECF No. 443.  Trial was then scheduled to commence on April 23, 2024.  *See* ECF No. 447.

On April 10, 2024, the parties reached conditional settlements as to Plaintiffs A.P.F., O.B., J.V.S., H.Y., H.P.M., A.D., J.D.G., and M.G.  *See* ECF No. 468.  On April 25, 2024, the parties reached conditional settlements as to Plaintiffs M.C.L., A.J., R.Z.G. and B.P.  *See* ECF No. 478.  Pursuant to the proposed Settlement Agreements, Defendant will pay Plaintiffs A.P.F. and O.B. a total of $379,000; Plaintiffs J.V.S., and H.Y. a total of $379,000;

Plaintiffs J.D.G. and M.G. a total of $379,000; Plaintiffs H.P.M. and A.D. a total of $379,000; Plaintiffs M.C.L. and A.J. a total of $180,000; and Plaintiffs R.Z.G. and B.P. a total of $180,000 (collectively, hereinafter "Settlement Amounts"), in settlement of all claims, pending Court approval and approval by the Attorney General or the Attorney General's designee.  *See* Exs. A–F (Stipulations for Compromise Settlement).[1]

Plaintiffs have agreed to the terms, conditions, and requirements of the Stipulations. The Settlements are now contingent upon:  (1) Plaintiffs obtaining this Court's approval for the minor Plaintiffs' portion of the Settlements (2) Defendant's approval of the Settlements by the Attorney General's designee after the Court approves of the minor Plaintiffs' Settlements; and (3) Plaintiffs obtaining an order from the United States District Court for the District of Arizona dismissing this action in its entirety with prejudice, with each side bearing its own costs, expenses, and fees, and with the District Court not retaining jurisdiction over this action, these Settlements, or the United States.  *See, e.g.*, Ex. A at ¶ 5.

Plaintiffs request that the Court approve the settlements on behalf of the minor Plaintiffs, and that the Court approve that the Settlement Amounts for each family be apportioned equally between Plaintiff parent and child.  Accordingly, Plaintiffs request the amounts be apportioned as follows: (1) Plaintiff A.P.F. shall receive $189,500 in settlement of his claims against Defendant, and Plaintiff O.B., a minor, shall receive $189,500 in settlement of his claims against Defendant; (2) Plaintiff J.V.S. shall receive $189,500 in settlement of his claims against Defendant, and Plaintiff H.Y., a minor, shall receive $189,500 in settlement of her claims against Defendant; (3) Plaintiff J.D.G. shall receive $189,500 in settlement of his claims against Defendant, and Plaintiff M.G., a minor, shall receive $189,500 in settlement of her claims against Defendant; (4) Plaintiff H.P.M. shall receive $189,500 in settlement of his claims against Defendant, and Plaintiff A.D., a minor, shall receive $189,500 in settlement of her claims against Defendant; (5) Plaintiff M.C.L. shall receive $90,000 in settlement of his claims against Defendant, and Plaintiff A.J., a

---

[1] The redactions in Exhibits A–F are instances where the adult Plaintiffs' full names were used in the agreement rather than their initials or the pseudonyms they were authorized to proceed under in this case.

minor, shall receive $90,000 in settlement of his claims against Defendant; and (6) Plaintiff R.Z.G. shall receive $90,000 in settlement of his claims against Defendant, and Plaintiff B.P., a minor, shall receive $90,000 in settlement of her claims against Defendant.

All Plaintiffs' attorneys in this matter represent Plaintiffs *pro bono* and will not take payment from the Settlement Amounts.

The minor Plaintiffs' portions of the Settlements shall be placed in pooled minors' trusts administered by Legacy Enhancement Trust.  Distribution of funds to the minor Plaintiffs from their respective pooled minor's trust will be overseen by a fiduciary trustee at Legacy Enhancement Trust.  At the time the trust is established, each participant makes an election with respect to whether the trust terminates when the minor Plaintiff turns 18 or 21 years old.  Permissible distributions until the minor Plaintiffs turn 18 years old include, but are not limited to, expenses related to education, health care, and technology.  After a minor Plaintiff turns 18 years old, they will be able to obtain distributions of remaining funds for a wider range of expenses, as approved by the trustee, unless the election to terminate the trust at age 18 was selected.  Any funds remaining when a minor Plaintiff turns 21 years old (or 18 years old if the election to terminate at age 18 was selected) will be released to the minor Plaintiff *in toto*.  Information about the pooled minors' trusts and the agreements for funding the minors' trusts are contained in Exhibit G, which is a form agreement for the trust.

**II.    Reasonableness of Settlement.**

The district court in "which a minor's claims are being litigated has a duty to protect the minor's interests." *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983).  "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacaney v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *accord. Martinez v. City of Avondale*, No. CV-12-1837-PHX-LOA, 2014 WL 880492, at *2 (D. Ariz. Mar. 6, 2014) (approving compromise settlement of minor's claim).  To make that

determination, a district court should consider "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82. If those factors are established, then the settlement should be approved. *Id*. at 1182.

The proposed Settlements provide for a fair and reasonable allocation of the settlement proceeds to the minor Plaintiffs based on their circumstances and the status of the case.[2] Here, minor Plaintiffs O.B., H.Y., M.G., A.D., A.J., and B.P would receive an equal share of the settlements for each respective Plaintiff family, which provides the recovery of a sum certain and avoids the delay and risks of further litigation.

Since their interests are aligned, A.P.F., as O.B.'s father; J.V.S., as H.Y.'s father; J.D.G., as M.G.'s father; H.P.M., as A.D.'s father, M.C.L., as A.J.'s father, and R.Z.G., as B.P.'s father, may approve their respective settlements and sign on their children's behalf. "Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest." *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) (citing *Croce v. Bromley Corp.*, 623 F.2d 1084, 1093 (5th Cir. 1980)); *Gonzalez v. Reno*, 86 F. Supp. 2d 1167, 1185 (S.D. Fla. 2000) ("[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under [Federal Rule of Civil Procedure] 17(c)."), *aff'd* 212 F.3d 1338 (11th Cir. 2000); *see also Tex. Ins. Co. v. Athena Logistic Sols. LLC*, No. CV-23-00038-TUC-RM, 2024 WL

---

[2] Several other courts in this district have recently approved minor settlements in similar FTCA lawsuits stemming from forced family separations. *See* Order Approving Settlement of Minor's Claim, *E.S.M. v. United States*, Case No. CV-21-00029-TUC-JAS (D. Ariz. Mar. 28, 2024), ECF No. 100 (approving settlement of $157,000 for the minor plaintiff); Order Approving Settlement of Minors' Claims, *A.I.I.L. v. United States*, Case No. CV-19-0481-TUC-JCH (D. Ariz. Mar. 12, 2024), ECF No. 134 (approving settlements of $97,500, $137,500, and $131,666 for the minor plaintiffs); Order Approving Settlement of Minors' Claims, *N.R. v. United States*, Case No. 4:23-CV-00201-JR (D. Ariz. Feb. 26, 2024), ECF No. 36 (approving settlements of $80,000, $140,000, and $90,000 for the minor plaintiffs); Order Approving Settlement of Minor's Claims, *Fuentes-Ortega v. United States*, Case No. CV-22-00449-PHX-DGC (D. Ariz. Feb. 2, 2024), ECF No. 84 (approving settlement of $50,000 for the minor plaintiff); Order Approving Settlement of Minor's Claims, *F.R. v. United States*, Case No. CV-21-00339-PHX-DLR (D. Ariz. Nov. 2, 2023), ECF No. 94 (approving settlement of $65,000 for the minor plaintiff).

309942, at *2–3 (D. Ariz. Jan. 26, 2024) (noting that evidence of a parent putting his or her interest over that of the minor child is necessary to show a conflict of interest); *Wright v. S. Ariz. Child.'s Advoc. Ctr.*, Case No. 21-CV-00257, 2023 WL 6517452, at *1 (D. Ariz. Oct. 5, 2023) (approving minor's settlement and finding that the court "need not appoint a guardian ad litem [because the] minor [was] adequately represented by a parent" who had "retained counsel [ ] to represent [the minor's] interests in [the] action").

Here, the adult Plaintiffs have represented the minor Plaintiffs' interests fairly throughout the litigation and during the settlement process.  The requested Settlement allocations further show that A.P.F., J.V.S., J.D.G., H.P.M., M.C.L., and R.Z.G. have not placed their interests above those of the minor Plaintiffs; indeed, the Settlement Amounts are intended to be divided evenly between parent and child.  In addition, the Plaintiff parents' interests are aligned with those of the minor Plaintiffs' because all Plaintiffs seek damages for their alleged unlawful forced separations in 2017 and 2018 by Defendant.  *See* ECF No. 34.  Minor Plaintiffs O.B., H.Y., M.G., A.D., A.J., and B.P. are all under the age of 18. Adult Plaintiffs A.P.F., J.V.S., J.D.G., H.P.M., M.C.L., and R.Z.G. provide parental support for their children, and they will continue to care for minor Plaintiffs O.B., H.Y., M.G., A.D., A.J., and B.P., respectively, until each turns 18.

Given the absence of any conflict of interest between the Plaintiffs, this Court has the power to approve the Settlements and grant Plaintiffs A.P.F., J.V.S., J.D.G., H.P.M., M.C.L., and R.Z.G. the authority to consummate the Settlements on behalf of minor Plaintiffs O.B., H.Y., M.G., A.D., A.J., and B.P., respectively.  *See Tex. Ins. Co.*, 2024 WL 309942, at *2– 3.

**III.    Requested Action by the Court.**

Plaintiffs ask the Court to enter the proposed Order submitted with this Motion, which would:

1.    Approve the Settlements attached as Exhibits A through F to this Motion on behalf of the minor Plaintiffs O.B., H.Y., M.G., A.D., A.J., and B.P., respectively;

2.    Approve allocation of the Settlements such that each Plaintiff would receive half of the total share paid to that Plaintiff family, as follows:

a.    Plaintiff A.P.F. and minor Plaintiff O.B. each receiving $189,500;

b.    Plaintiff J.V.S. and minor Plaintiff H.Y. each receiving $189,500;

c.    Plaintiff J.D.G. and minor Plaintiff M.G. each receiving $189,500;

d.    Plaintiff H.P.M. and minor Plaintiff A.D. each receiving $189,500;

e.    Plaintiff M.C.L. and minor Plaintiff A.J. each receiving $90,000;

f.    Plaintiff R.Z.G. and minor Plaintiff B.P. each receiving $90,000.

3.    Approve the placement of O.B.'s, H.Y.'s, M.G.'s, A.D.'s, A.J.'s and B.P.'s Settlement Shares of $189,500, $189,500, $189,500, $189,500, $90,000, and $90,000, respectively, into individual pooled minors' trusts administered by Legacy Enhancement Trust on behalf of O.B., H.Y., M.G., A.D., A.J., and B.P. Plaintiffs' counsel shall coordinate with A.P.F., J.V.S., J.D.G., H.P.M., M.C.L., and R.Z.G., and Legacy Enhancement Trust for the execution of all necessary paperwork and the funding of the pooled minors' trusts on behalf of O.B., H.Y., M.G., A.D., A.J., and B.P.

**IV.    Hearing.**

The Court may approve these Settlements without a hearing.  However, should the Court have any questions about the Settlements, Plaintiffs respectfully request that it conduct a hearing via telephone or video-teleconference to minimize costs.

Dated: May 22, 2024                                Respectfully submitted,

/s/ *Keith Beauchamp*
Keith Beauchamp
Counsel for Plaintiffs

(*Additional Counsel Listed Below*)

Keith Beauchamp (012434)
Malvika A. Sinha (038046)
COPPERSMITH BROCKELMAN PLC
2800 N. Central Avenue, Suite 1900
Telephone: (602) 381-5490
Phoenix, AZ 85004
kbeauchamp@cblawyers.com
msinha@cblawyers.com

Benjamin J. Razi*
Matthew J. Schlesinger*
Jason A. Carey*
Terra White Fulham*
Teresa S. Park*
Kathleen E. Paley*
Shadman Zaman*
Stephen Rees*
Samuel Greeley*
Joshua Silver*
Patrick Lee*
Abigail Barnes*
Sumner Truax*
COVINGTON & BURLING LLP
One City Center, 850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-5581
brazi@cov.com
mschlesinger@cov.com
jcarey@cov.com
tfulham@cov.com
tpark@cov.com
kpaley@cov.com
szaman@cov.com
srees@cov.com
sgreeley@cov.com
jsilver@cov.com
plee@cov.com
abarnes@cov.com
struax@cov.com

Bree F. Peilen*
COVINGTON & BURLING LLP
New York Times Building
620 8th Avenue
New York, NY 10018-1405
Telephone: (212) 841-1158
bpeilen@cov.com

Mariam Azhar*
COVINGTON & BURLING LLP
415 Mission St., Ste. 5400
San Francisco, CA 94105
Telephone: (415) 591-6000
mazhar@cov.com

James Knoepp*
Sharada Jambulapati*
Stephanie M. Alvarez-Jones*
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon, Suite 340
Decatur, GA 30030
Telephone: (404) 521-6700
jim.knoepp@splcenter.org
sharada.jambulapati@splcenter.org
stephanie.alvarezjones@splcenter.org

Paul R. Chavez*
SOUTHERN POVERTY LAW CENTER
2 S. Biscayne Boulevard, Suite 3750
Miami, FL 33137
Telephone: (786) 347-2056
paul.chavez@splcenter.org

*Attorneys for Plaintiffs A.P.F. et al.*
*\* Admitted pro hac vice*