# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| A.P.F. on his own behalf and on behalf of his minor child, O.B.; J.V.S., on his own behalf and on behalf of his minor child H.Y.; J.D.G. on his own behalf and on behalf of his minor child, M.G.; H.P.M. on his own behalf and on behalf of his minor child, A.D.; M.C.L. on his own behalf and on behalf of his minor child, A.J.; and R.Z.G. on his own half and on behalf of his minor child, B.P., | No. 2:20-cv-00065-SRB |
| Plaintiffs, | |
| v. | |
| United States of America, | |
| Defendant. | |

**STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF**
**FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677**

It is hereby stipulated and agreed by and between the undersigned Plaintiffs (meaning ███████████ ███████████ and O.B., and any person, other than Defendant and the Parties' attorneys, signing this agreement waiving and releasing claims, whether or not a party to this civil action), and Defendant, United States of America, including its agents, servants, and employees (hereinafter "United States"), collectively,

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Page **1** of **13**

"the Parties," by and through their respective attorneys, as follows:

1.    The parties to this Stipulation for Compromise Settlement and Release (hereinafter "Stipulation") do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, including claims for wrongful death, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation. This release does not apply to or affect in any way any claims for immigration relief which Plaintiffs have or may advance against the United States or any non-monetary relief to which Plaintiffs may be or become entitled by virtue of any class action lawsuit.

2.    This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to Plaintiffs.  This Stipulation is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3.    In consideration for Plaintiffs' agreement to accept the terms and conditions of this settlement, the United States agrees to pay Plaintiffs the amount of Three Hundred and Seventy-Nine Thousand Dollars ($379,000.00) (hereinafter "Settlement Amount") as follows:

a.    Within five (5) business days after counsel for the United States receives (1) this Stipulation signed by all parties to said document; (2) Order(s) approving the settlement and authorizing an individual or entity to sign on behalf of any minor or legally incapacitated adult; (3) the Social Security numbers or tax identification numbers of Plaintiffs and Plaintiffs' attorneys; (4) Plaintiffs' attorney's bank account number, bank routing information, and all information required for an electronic funds transfer ("EFT") of

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Page **2** of **13**

the Settlement Amount; and (5) an authorization by the Attorney General or his designee to conclude negotiations and to consummate the settlement, counsel for the United States will submit a request to the United States Treasury, requesting an EFT for the Settlement Amount, made payable to the "**Southern Poverty Law Center IOLTA Account**." Plaintiffs' attorneys agree to distribute the Settlement Amount to Plaintiffs, in accordance with the terms and conditions of this Stipulation.

b.      With respect to the payment of the Settlement Amount, Plaintiffs stipulate and agree that the United States will not sign an annuity application form, a uniform qualified settlement form, or any equivalent such forms, and that the United States will not pay the Settlement Amount into a qualified settlement fund or an equivalent fund or account, settlement preservation trust, or special or supplemental needs trust. Plaintiffs further stipulate and agree that Plaintiffs, Plaintiffs' attorney(s), any Guardian Ad Litem, and Plaintiffs' representatives (including any structured settlement annuity broker, regardless of whether said broker was retained by them or by someone else, either before, during, or after the settlement) will not attempt to structure the Settlement Amount in any way, form, or manner, including by placing any of the Settlement Amount into any qualified settlement fund or its equivalent. However, nothing in this Paragraph 3.b. precludes Plaintiffs from purchasing non-qualified annuities after Plaintiffs have received the Settlement Amount, but Plaintiffs agree not to represent to any person, entity, or agency that Plaintiffs are purchasing qualified structured settlement annuities, and Plaintiffs agree not to attempt to purchase such structured settlement annuities.

c.      Plaintiffs stipulate and agree that Plaintiffs' attorneys shall escrow the aggregate face value of any and all currently known liens and currently known claims for payment or reimbursement, including any such liens or claims by Medicaid or Medicare, arising directly or indirectly from the acts or omissions

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Page **3** of **13**

that gave rise to the above-captioned action, whether disputed as legally valid or not, and shall not distribute to Plaintiffs any portion of the escrowed amount unless and until said liens and claims have been paid or resolved.

d.        The parties agree that any attorneys' fees owed by Plaintiffs relating to this Federal Tort Claims Act matter shall not exceed twenty-five percent (25%) of the Settlement Amount.  28 U.S.C. § 2678. The parties further agree that any such attorneys' fees, along with Plaintiffs' costs and expenses incurred in bringing the above-captioned action, and their costs, expenses, and fees (including all fees of any legal Guardian Ad Litem) associated with obtaining court approval of this settlement on behalf of any minor, incompetent adult, or estate required to sign this Stipulation, shall be paid out of the Settlement Amount, and not in addition thereto.  The parties agree that any fees, including fees of any legal Guardian Ad Litem, incurred in providing legal services in this matter and in any court proceedings reviewing the settlement for approval purposes shall be considered attorneys' fees and not costs, and shall be subject to the provisions of 28 U.S.C. § 2678.

4.        Plaintiffs and Plaintiffs' guardians, Guardian Ad Litem (if any), heirs, executors, administrators, and assigns hereby accept the settlement and the payment of the Settlement Amount in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of any kind, whether known or unknown, including any future claims for survival or wrongful death, and any claims for fees, interest, costs, and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, including the death of either ███████████████ or O.B.,  or damage to property, and the consequences thereof, which Plaintiffs or their heirs, executors, administrators, or assigns have had, now have, or hereafter may have against the United States on account

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Page **4** of **13**

of the acts or omissions that gave rise to the above-captioned action.

Plaintiffs, on behalf of themselves, their respective heirs, executors, administrators, assigns, predecessors and successors in interest, do hereby, for good and valuable consideration, the receipt of which is hereby acknowledged, release and forever discharge the United States, and its respective officials, agencies, representatives, officers, employees, agents, assigns and attorneys, from any and all claims, demands, rights, causes of actions, liens, and all other liabilities whatsoever, whether known or unknown, suspected or unsuspected, that Plaintiffs have had, now have, or hereafter may have on account of the acts or omissions that gave rise to the above-captioned action, as well as claims relating to or arising out of the acts or omissions that gave rise to the above-captioned action that could have been but were not alleged in this action.

Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns further agree to reimburse, indemnify, and hold harmless the United States from and against any and all claims, causes of action, liens, rights, or subrogated or contribution interests (whether such claims, causes of action, liens, rights, subrogated interests, or contribution interests sound in tort, contract, or statute) incident to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns further stipulate and agree that they are legally responsible for any and all past, present, and future liens and past, present, and future claims for payment or reimbursement, including any past, present, and future liens or claims for payment or reimbursement by any individual or entity, including an insurance company, Medicaid (including the State of California) from the acts or omissions that gave rise to the above-captioned action.

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Page **5** of **13**

Plaintiffs stipulate and agree that they will satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any such individual or entity. Plaintiffs agree that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or reimbursement is paid or resolved by Plaintiffs, they will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder has waived and released such lien or claim. The evidence required by the terms of this Paragraph may be satisfied by a letter from Plaintiffs' attorneys representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder has waived and released such lien and claim.

5.      This compromise settlement is specifically subject to each of the following conditions:

a.      The Attorney General or the Attorney General's designee must approve the terms and conditions of the settlement and authorize the attorney representing the United States to consummate a settlement for the amount and upon the terms and conditions agreed upon by the Parties, as set forth in this Stipulation.

b.      The parties must agree in writing to the terms, conditions, and requirements of this Stipulation. The parties stipulate and agree that the Stipulation and the compromise settlement are null and void in the event the parties cannot agree on the terms, conditions, and requirements of this Stipulation. The terms, conditions, and requirements of this Stipulation are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation and the compromise settlement null and void. The parties must agree to the terms, conditions, and requirements of this Stipulation before the Torts Branch will seek settlement authority from the Attorney General or the Attorney General's designee.

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Page **6** of **13**

c.      Plaintiffs must obtain, at their expense, approval of the settlement by a court of competent jurisdiction on behalf of O.B.  The Order approving the settlement on behalf of O.B. may be obtained from either the United States District Court for the District of Arizona or a state court of competent jurisdiction.  The terms of any court Order, a draft of which shall be provided by the United States, are a condition of this settlement.  Plaintiffs agree to obtain such approval(s) in a timely manner: time being of the essence.  Plaintiffs further agree that the United States may void this settlement at its option in the event any such approval is not obtained in a timely manner.  In the event Plaintiffs fail to obtain such court approval(s), the entire Stipulation and the compromise settlement are null and void.  Plaintiffs must obtain such court Order before the Torts Branch will seek settlement authority from the Attorney General or the Attorney General's designee.

d.      Plaintiffs must obtain a release and waiver of any claim or cause of action (whether sounding in tort, contract, statute, or otherwise) that any alleged tortfeasor, if any, has or may have in the future against the United States arising out of the acts or omissions that gave rise to the above-captioned action.  This condition is for the benefit of the United States exclusively.  The United States will provide the form of Release and Waiver, or any changes to the form required by the United States, to be used by Plaintiffs in obtaining a Release and Waiver from any alleged tortfeasor.  Before the Torts Branch will seek settlement authority from the Attorney General or the Attorney General's designee, Plaintiffs must provide the United States with either (i) all such releases and waivers required by this Paragraph 5.d., or (ii) a written representation by Plaintiffs' attorneys stating that, after a diligent search of counsel's law firms' records and files, including expert and consultant reports, and of Plaintiffs' records and files, Plaintiffs and their attorneys are unaware of any such potential tortfeasor.

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Page **7** of **13**

e.      Plaintiffs must obtain an order from the United States District Court for the District of Arizona dismissing this action in its entirety with prejudice, with each side bearing its own costs, expenses, and fees, and with the District Court not retaining jurisdiction over the above captioned action, this settlement, or the United States.

6.      The Parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and Plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

7.      Plaintiffs shall be solely responsible for full compliance with all applicable Federal, state, and local tax requirements. Plaintiffs execute this Stipulation without reliance upon any representation by the United States as to tax consequences, and Plaintiffs agree that they are responsible for the payment of all taxes that may be associated with this settlement. Further, nothing in this Stipulation waives or modifies Federal, state, or local laws pertaining to taxes, offsets, levies, and liens that may apply to this Stipulation or the Settlement Amount proceeds. Plaintiffs execute this Stipulation without reliance on any representation by the United States as to the application of any such law. Plaintiffs, on behalf of themselves and their guardians, heirs, executors, administrators, assigns, subrogees, predecessors in interest, and successors in interest, understand and agree that this transaction may be reported to the Internal Revenue Service and other government agencies in the ordinary course of the business of the United States and may be subject to offset pursuant to the Treasury Offset Program.

8.      Plaintiffs represent that they have read, reviewed and understand this Stipulation, and that they are fully authorized to enter into the terms and conditions of this agreement and that they agree to be bound thereby. Plaintiffs further acknowledge that they enter into this Stipulation freely and voluntarily.

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Page **8** of **13**

Plaintiffs further acknowledge that they have had sufficient opportunity to discuss this Stipulation with their attorneys, who have explained the documents to Plaintiffs, and that Plaintiffs understand all of the terms and conditions of this Stipulation.

9.      It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party.  All such counterparts and signature pages, together, shall be deemed to be one document.

WHEREAS, the Parties accept the terms of this Stipulation for Compromise Settlement and Release as of the dates written below:

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Page **9** of **13**

Executed this_____day of_____, 2024.

**DEFENDANT UNITED STATES OF AMERICA**

By:   _____
      PHILIP D. MACWILLIAMS
      Trial Attorney
      Department of Justice
      Civil Division, Torts Branch

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Executed this 10th day of   May    , 2024.

**ATTORNEYS FOR PLAINTIFFS**

Keith Beauchamp (012434)
Malvika A. Sinha (038046)
COPPERSMITH BROCKELMAN PLC
2800 N. Central Avenue, Suite 1900
Telephone: (602) 381-5490
Phoenix, AZ 85004
kbeauchamp@cblawyers.com
msinha@cblawyers.com

Benjamin J. Razi
Matthew J. Schlesinger
Jason A. Carey
Terra White Fulham
Teresa S. Park
Kathleen E. Paley
Shadman Zaman
Stephen Rees
Samuel Greeley
Joshua Silver
Patrick Lee
Abigail Barnes
Sumner Truax
COVINGTON & BURLING LLP
One City Center, 850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-5581
brazi@cov.com
mschlesinger@cov.com
jcarey@cov.com
tfulham@cov.com
tpark@cov.com
kpaley@cov.com
szaman@cov.com
srees@cov.com
sgreeley@cov.com
jsilver@cov.com
plee@cov.com

James Knoepp
Sharada Jambulapati
Stephanie Alvarez-Jones
SOUTHERN POVERTY LAW
CENTER
150 E. Ponce de Leon, Suite 340
Decatur, GA 30030
Telephone: (404) 521-6700
jim.knoepp@splcenter.org
sharada.jambulapati@splcenter.org
stephanie.alvarezjones@splcenter.org

Paul R. Chavez
SOUTHERN POVERTY LAW
CENTER
2 S. Biscayne Boulevard, Suite 3750
Miami, FL 33137
Telephone: (786) 347-2056
paul.chavez@splcenter.org

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

abarnes@cov.com
struax@cov.com

By: _____

James Knoepp

**ATTORNEYS FOR PLAINTIFFS**

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Page **12** of **13**

Executed this __1__ day of __mayo__, 2024.



Executed this __1__ day of __mayo__, 2024.

**O.B.**

By: ███████████████ father and natural guardian of O.B.

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Page **13** of **13**

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

|  |  |
|---|---|
| A.P.F. on his own behalf and on behalf of his minor child, O.B.; J.V.S., on his own behalf and on behalf of his minor child H.Y.; J.D.G. on his own behalf and on behalf of his minor child, M.G.; H.P.M. on his own behalf and on behalf of his minor child, A.D.; M.C.L. on his own behalf and on behalf of his minor child, A.J.; and R.Z.G. on his own half and on behalf of his minor child, B.P., <br><br> Plaintiffs, <br><br> v. <br><br> United States of America, <br><br> Defendant. | No. 2:20-cv-00065-SRB |

**STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF
FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677**

It is hereby stipulated and agreed by and between the undersigned Plaintiffs (meaning ████████

████████ and H.Y., and any person, other than Defendant and the Parties' attorneys, signing this agreement

waiving and releasing claims, whether or not a party to this civil action), and Defendant, United States of

America, including its agents, servants, and employees (hereinafter "United States"), collectively, "the

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Page **1** of **13**

Parties," by and through their respective attorneys, as follows:

1.      The parties to this Stipulation for Compromise Settlement and Release (hereinafter "Stipulation") do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, including claims for wrongful death, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation. This release does not apply to or affect in any way any claims for immigration relief which Plaintiffs have or may advance against the United States or any non-monetary relief to which Plaintiffs may be or become entitled by virtue of any class action lawsuit.

2.      This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to Plaintiffs.  This Stipulation is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3.      In consideration for Plaintiffs' agreement to accept the terms and conditions of this settlement, the United States agrees to pay Plaintiffs the amount of Three Hundred and Seventy-Nine Thousand Dollars ($379,000.00) (hereinafter "Settlement Amount") as follows:

a.      Within five (5) business days after counsel for the United States receives (1) this Stipulation signed by all parties to said document; (2) Order(s) approving the settlement and authorizing an individual or entity to sign on behalf of any minor or legally incapacitated adult; (3) the Social Security numbers or tax identification numbers of Plaintiffs and Plaintiffs' attorneys; (4) Plaintiffs' attorney's bank account number, bank routing information, and all information required for an electronic funds transfer ("EFT") of

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Page **2** of **13**

the Settlement Amount; and (5) an authorization by the Attorney General or his designee to conclude negotiations and to consummate the settlement, counsel for the United States will submit a request to the United States Treasury, requesting an EFT for the Settlement Amount, made payable to the "**Southern Poverty Law Center IOLTA Account**." Plaintiffs' attorneys agree to distribute the Settlement Amount to Plaintiffs, in accordance with the terms and conditions of this Stipulation.

b.      With respect to the payment of the Settlement Amount, Plaintiffs stipulate and agree that the United States will not sign an annuity application form, a uniform qualified settlement form, or any equivalent such forms, and that the United States will not pay the Settlement Amount into a qualified settlement fund or an equivalent fund or account, settlement preservation trust, or special or supplemental needs trust. Plaintiffs further stipulate and agree that Plaintiffs, Plaintiffs' attorney(s), any Guardian Ad Litem, and Plaintiffs' representatives (including any structured settlement annuity broker, regardless of whether said broker was retained by them or by someone else, either before, during, or after the settlement) will not attempt to structure the Settlement Amount in any way, form, or manner, including by placing any of the Settlement Amount into any qualified settlement fund or its equivalent. However, nothing in this Paragraph 3.b. precludes Plaintiffs from purchasing non-qualified annuities after Plaintiffs have received the Settlement Amount, but Plaintiffs agree not to represent to any person, entity, or agency that Plaintiffs are purchasing qualified structured settlement annuities, and Plaintiffs agree not to attempt to purchase such structured settlement annuities.

c.      Plaintiffs stipulate and agree that Plaintiffs' attorneys shall escrow the aggregate face value of any and all currently known liens and currently known claims for payment or reimbursement, including any such liens or claims by Medicaid or Medicare, arising directly or indirectly from the acts or omissions

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Page **3** of **13**

that gave rise to the above-captioned action, whether disputed as legally valid or not, and shall not distribute to Plaintiffs any portion of the escrowed amount unless and until said liens and claims have been paid or resolved.

d.      The parties agree that any attorneys' fees owed by Plaintiffs relating to this Federal Tort Claims Act matter shall not exceed twenty-five percent (25%) of the Settlement Amount.  28 U.S.C. § 2678. The parties further agree that any such attorneys' fees, along with Plaintiffs' costs and expenses incurred in bringing the above-captioned action, and their costs, expenses, and fees (including all fees of any legal Guardian Ad Litem) associated with obtaining court approval of this settlement on behalf of any minor, incompetent adult, or estate required to sign this Stipulation, shall be paid out of the Settlement Amount, and not in addition thereto.  The parties agree that any fees, including fees of any legal Guardian Ad Litem, incurred in providing legal services in this matter and in any court proceedings reviewing the settlement for approval purposes shall be considered attorneys' fees and not costs, and shall be subject to the provisions of 28 U.S.C. § 2678.

4.      Plaintiffs and Plaintiffs' guardians, Guardian Ad Litem (if any), heirs, executors, administrators, and assigns hereby accept the settlement and the payment of the Settlement Amount in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of any kind, whether known or unknown, including any future claims for survival or wrongful death, and any claims for fees, interest, costs, and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, including the death of ███████████ or H.Y., or damage to property, and the consequences thereof, which Plaintiffs or their heirs, executors, administrators, or assigns have had, now have, or hereafter may have against the United States on account of the acts or

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Page **4** of **13**

omissions that gave rise to the above-captioned action.

Plaintiffs, on behalf of themselves, their respective heirs, executors, administrators, assigns, predecessors and successors in interest, do hereby, for good and valuable consideration, the receipt of which is hereby acknowledged, release and forever discharge the United States, and its respective officials, agencies, representatives, officers, employees, agents, assigns and attorneys, from any and all claims, demands, rights, causes of actions, liens, and all other liabilities whatsoever, whether known or unknown, suspected or unsuspected, that Plaintiffs have had, now have, or hereafter may have on account of the acts or omissions that gave rise to the above-captioned action, as well as claims relating to or arising out of the acts or omissions that gave rise to the above-captioned action that could have been but were not alleged in this action.

Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns further agree to reimburse, indemnify, and hold harmless the United States from and against any and all claims, causes of action, liens, rights, or subrogated or contribution interests (whether such claims, causes of action, liens, rights, subrogated interests, or contribution interests sound in tort, contract, or statute) incident to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns further stipulate and agree that they are legally responsible for any and all past, present, and future liens and past, present, and future claims for payment or reimbursement, including any past, present, and future liens or claims for payment or reimbursement by any individual or entity, including an insurance company, Medicaid (including the State of Massachusetts) from the acts or omissions that gave rise to the above-captioned

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Page **5** of **13**

action.  Plaintiffs stipulate and agree that they will satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any such individual or entity.  Plaintiffs agree that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or reimbursement is paid or resolved by Plaintiffs, they will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder has waived and released such lien or claim.  The evidence required by the terms of this Paragraph may be satisfied by a letter from Plaintiffs' attorneys representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder has waived and released such lien and claim.

5.      This compromise settlement is specifically subject to each of the following conditions:

a.      The Attorney General or the Attorney General's designee must approve the terms and conditions of the settlement and authorize the attorney representing the United States to consummate a settlement for the amount and upon the terms and conditions agreed upon by the Parties, as set forth in this Stipulation.

b.      The parties must agree in writing to the terms, conditions, and requirements of this Stipulation.  The parties stipulate and agree that the Stipulation and the compromise settlement are null and void in the event the parties cannot agree on the terms, conditions, and requirements of this Stipulation. The terms, conditions, and requirements of this Stipulation are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation and the compromise settlement null and void.  The parties must agree to the terms, conditions, and requirements of this Stipulation before the Torts Branch will seek settlement authority from the Attorney General or the Attorney General's designee.

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

c.        Plaintiffs must obtain, at their expense, approval of the settlement by a court of competent jurisdiction on behalf of H.Y.  The Order approving the settlement on behalf of H.Y. may be obtained from either the United States District Court for the District of Arizona or a state court of competent jurisdiction.  The terms of any court Order, a draft of which shall be provided by the United States, are a condition of this settlement.  Plaintiffs agree to obtain such approval(s) in a timely manner: time being of the essence.  Plaintiffs further agree that the United States may void this settlement at its option in the event any such approval is not obtained in a timely manner.  In the event Plaintiffs fail to obtain such court approval(s), the entire Stipulation and the compromise settlement are null and void.  Plaintiffs must obtain such court Order before the Torts Branch will seek settlement authority from the Attorney General or the Attorney General's designee.

d.        Plaintiffs must obtain a release and waiver of any claim or cause of action (whether sounding in tort, contract, statute, or otherwise) that any alleged tortfeasor, if any, has or may have in the future against the United States arising out of the acts or omissions that gave rise to the above-captioned action.  This condition is for the benefit of the United States exclusively.  The United States will provide the form of Release and Waiver, or any changes to the form required by the United States, to be used by Plaintiffs in obtaining a Release and Waiver from any alleged tortfeasor.  Before the Torts Branch will seek settlement authority from the Attorney General or the Attorney General's designee, Plaintiffs must provide the United States with either (i) all such releases and waivers required by this Paragraph 5.d., or (ii) a written representation by Plaintiffs' attorneys stating that, after a diligent search of counsel's law firms' records and files, including expert and consultant reports, and of Plaintiffs' records and files, Plaintiffs and their attorneys are unaware of any such potential tortfeasor.

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Page **7** of **13**

e.  Plaintiffs must obtain an order from the United States District Court for the District of Arizona dismissing this action in its entirety with prejudice, with each side bearing its own costs, expenses, and fees, and with the District Court not retaining jurisdiction over the above captioned action, this settlement, or the United States.

6.  The Parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and Plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

7.  Plaintiffs shall be solely responsible for full compliance with all applicable Federal, state, and local tax requirements.  Plaintiffs execute this Stipulation without reliance upon any representation by the United States as to tax consequences, and Plaintiffs agree that they are responsible for the payment of all taxes that may be associated with this settlement.  Further, nothing in this Stipulation waives or modifies Federal, state, or local laws pertaining to taxes, offsets, levies, and liens that may apply to this Stipulation or the Settlement Amount proceeds.  Plaintiffs execute this Stipulation without reliance on any representation by the United States as to the application of any such law.  Plaintiffs, on behalf of themselves and their guardians, heirs, executors, administrators, assigns, subrogees, predecessors in interest, and successors in interest, understand and agree that this transaction may be reported to the Internal Revenue Service and other government agencies in the ordinary course of the business of the United States and may be subject to offset pursuant to the Treasury Offset Program.

8.  Plaintiffs represent that they have read, reviewed and understand this Stipulation, and that they are fully authorized to enter into the terms and conditions of this agreement and that they agree to be bound thereby.  Plaintiffs further acknowledge that they enter into this Stipulation freely and voluntarily.

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Page **8** of **13**

Plaintiffs further acknowledge that they have had sufficient opportunity to discuss this Stipulation with their attorneys, who have explained the documents to Plaintiffs, and that Plaintiffs understand all of the terms and conditions of this Stipulation.

9.     It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

WHEREAS, the Parties accept the terms of this Stipulation for Compromise Settlement and Release as of the dates written below:

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Page **9** of **13**

Executed this_____day of_____, 2024.

**DEFENDANT UNITED STATES OF AMERICA**

By: _____
     PHILIP D. MACWILLIAMS
     Trial Attorney
     Department of Justice
     Civil Division, Torts Branch

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Page **10** of **13**

Executed this 10th day of May , 2024.

**ATTORNEYS FOR PLAINTIFFS**

Keith Beauchamp (012434)
Malvika A. Sinha (038046)
COPPERSMITH BROCKELMAN PLC
2800 N. Central Avenue, Suite 1900
Telephone: (602) 381-5490
Phoenix, AZ 85004
kbeauchamp@cblawyers.com
msinha@cblawyers.com

Benjamin J. Razi
Matthew J. Schlesinger
Jason A. Carey
Terra White Fulham
Teresa S. Park
Kathleen E. Paley
Shadman Zaman
Stephen Rees
Samuel Greeley
Joshua Silver
Patrick Lee
Abigail Barnes
Sumner Truax
COVINGTON & BURLING LLP
One City Center, 850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-5581
brazi@cov.com
mschlesinger@cov.com
jcarey@cov.com
tfulham@cov.com
tpark@cov.com
kpaley@cov.com
szaman@cov.com
srees@cov.com
sgreeley@cov.com
jsilver@cov.com
plee@cov.com

James Knoepp
Sharada Jambulapati
Stephanie Alvarez-Jones
SOUTHERN POVERTY LAW
CENTER
150 E. Ponce de Leon, Suite 340
Decatur, GA 30030
Telephone: (404) 521-6700
jim.knoepp@splcenter.org
sharada.jambulapati@splcenter.org
stephanie.alvarezjones@splcenter.org

Paul R. Chavez
SOUTHERN POVERTY LAW
CENTER
2 S. Biscayne Boulevard, Suite 3750
Miami, FL 33137
Telephone: (786) 347-2056
paul.chavez@splcenter.org

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Page **11** of **13**

abarnes@cov.com
struax@cov.com

By: _____

James Knoepp

**ATTORNEYS FOR PLAINTIFFS**

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Page **12** of **13**

Executed this 29 day of 04 , 2024.



Executed this 29 day of 04 , 2024.

**H.Y.**



By: ████████████████ father and natural guardian of H.Y.

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Page **13** of **13**

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| A.P.F. on his own behalf and on behalf of his minor child, O.B.; J.V.S., on his own behalf and on behalf of his minor child H.Y.; J.D.G. on his own behalf and on behalf of his minor child, M.G.; H.P.M. on his own behalf and on behalf of his minor child, A.D.; M.C.L. on his own behalf and on behalf of his minor child, A.J.; and R.Z.G. on his own half and on behalf of his minor child, B.P.,<br><br>       Plaintiffs,<br><br>    v.<br><br>United States of America,<br><br>       Defendant. | No. 2:20-cv-00065-SRB |

**STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677**

It is hereby stipulated and agreed by and between the undersigned Plaintiffs (meaning ▮▮▮▮▮ ▮▮▮▮▮▮▮ M.G., and any person, other than Defendant and the Parties' attorneys, signing this agreement waiving and releasing claims, whether or not a party to this civil action), and Defendant, United States of America, including its agents, servants, and employees (hereinafter "United States"), collectively,

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Page **1** of **13**

"the Parties," by and through their respective attorneys, as follows:

1.      The parties to this Stipulation for Compromise Settlement and Release (hereinafter "Stipulation") do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, including claims for wrongful death, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation. This release does not apply to or affect in any way any claims for immigration relief which Plaintiffs have or may advance against the United States or any non-monetary relief to which Plaintiffs may be or become entitled by virtue of any class action lawsuit.

2.      This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to Plaintiffs.  This Stipulation is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3.      In consideration for Plaintiffs' agreement to accept the terms and conditions of this settlement, the United States agrees to pay Plaintiffs the amount of Three Hundred and Seventy-Nine Thousand Dollars ($379,000.00) (hereinafter "Settlement Amount") as follows:

a.      Within five (5) business days after counsel for the United States receives (1) this Stipulation signed by all parties to said document; (2) Order(s) approving the settlement and authorizing an individual or entity to sign on behalf of any minor or legally incapacitated adult; (3) the Social Security numbers or tax identification numbers of Plaintiffs and Plaintiffs' attorneys; (4) Plaintiffs' attorney's bank account number, bank routing information, and all information required for an electronic funds transfer ("EFT") of

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Page **2** of **13**

the Settlement Amount; and (5) an authorization by the Attorney General or his designee to conclude negotiations and to consummate the settlement, counsel for the United States will submit a request to the United States Treasury, requesting an EFT for the Settlement Amount, made payable to the "**Southern Poverty Law Center IOLTA Account**." Plaintiffs' attorneys agree to distribute the Settlement Amount to Plaintiffs, in accordance with the terms and conditions of this Stipulation.

b.      With respect to the payment of the Settlement Amount, Plaintiffs stipulate and agree that the United States will not sign an annuity application form, a uniform qualified settlement form, or any equivalent such forms, and that the United States will not pay the Settlement Amount into a qualified settlement fund or an equivalent fund or account, settlement preservation trust, or special or supplemental needs trust. Plaintiffs further stipulate and agree that Plaintiffs, Plaintiffs' attorney(s), any Guardian Ad Litem, and Plaintiffs' representatives (including any structured settlement annuity broker, regardless of whether said broker was retained by them or by someone else, either before, during, or after the settlement) will not attempt to structure the Settlement Amount in any way, form, or manner, including by placing any of the Settlement Amount into any qualified settlement fund or its equivalent. However, nothing in this Paragraph 3.b. precludes Plaintiffs from purchasing non-qualified annuities after Plaintiffs have received the Settlement Amount, but Plaintiffs agree not to represent to any person, entity, or agency that Plaintiffs are purchasing qualified structured settlement annuities, and Plaintiffs agree not to attempt to purchase such structured settlement annuities.

c.      Plaintiffs stipulate and agree that Plaintiffs' attorneys shall escrow the aggregate face value of any and all currently known liens and currently known claims for payment or reimbursement, including any such liens or claims by Medicaid or Medicare, arising directly or indirectly from the acts or omissions

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Page **3** of **13**

that gave rise to the above-captioned action, whether disputed as legally valid or not, and shall not distribute to Plaintiffs any portion of the escrowed amount unless and until said liens and claims have been paid or resolved.

d.    The parties agree that any attorneys' fees owed by Plaintiffs relating to this Federal Tort Claims Act matter shall not exceed twenty-five percent (25%) of the Settlement Amount.  28 U.S.C. § 2678. The parties further agree that any such attorneys' fees, along with Plaintiffs' costs and expenses incurred in bringing the above-captioned action, and their costs, expenses, and fees (including all fees of any legal Guardian Ad Litem) associated with obtaining court approval of this settlement on behalf of any minor, incompetent adult, or estate required to sign this Stipulation, shall be paid out of the Settlement Amount, and not in addition thereto.  The parties agree that any fees, including fees of any legal Guardian Ad Litem, incurred in providing legal services in this matter and in any court proceedings reviewing the settlement for approval purposes shall be considered attorneys' fees and not costs, and shall be subject to the provisions of 28 U.S.C. § 2678.

4.    Plaintiffs and Plaintiffs' guardians, Guardian Ad Litem (if any), heirs, executors, administrators, and assigns hereby accept the settlement and the payment of the Settlement Amount in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of any kind, whether known or unknown, including any future claims for survival or wrongful death, and any claims for fees, interest, costs, and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, including the death of ███████████████ or M.G., or damage to property, and the consequences thereof, which Plaintiffs or their heirs, executors, administrators, or assigns have had, now have, or hereafter may have against the United States on account

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)
Stipulation for Compromise Settlement and Release
April 24, 2024

Page **4** of **13**

of the acts or omissions that gave rise to the above-captioned action.

Plaintiffs, on behalf of themselves, their respective heirs, executors, administrators, assigns, predecessors and successors in interest, do hereby, for good and valuable consideration, the receipt of which is hereby acknowledged, release and forever discharge the United States, and its respective officials, agencies, representatives, officers, employees, agents, assigns and attorneys, from any and all claims, demands, rights, causes of actions, liens, and all other liabilities whatsoever, whether known or unknown, suspected or unsuspected, that Plaintiffs have had, now have, or hereafter may have on account of the acts or omissions that gave rise to the above-captioned action, as well as claims relating to or arising out of the acts or omissions that gave rise to the above-captioned action that could have been but were not alleged in this action.

Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns further agree to reimburse, indemnify, and hold harmless the United States from and against any and all claims, causes of action, liens, rights, or subrogated or contribution interests (whether such claims, causes of action, liens, rights, subrogated interests, or contribution interests sound in tort, contract, or statute) incident to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns further stipulate and agree that they are legally responsible for any and all past, present, and future liens and past, present, and future claims for payment or reimbursement, including any past, present, and future liens or claims for payment or reimbursement by any individual or entity, including an insurance company, Medicaid (including the States of Tennessee and Kentucky) from the acts or omissions that gave rise to the above-

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Page **5** of **13**

captioned action.  Plaintiffs stipulate and agree that they will satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any such individual or entity.  Plaintiffs agree that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or reimbursement is paid or resolved by Plaintiffs, they will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder has waived and released such lien or claim.  The evidence required by the terms of this Paragraph may be satisfied by a letter from Plaintiffs' attorneys representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder has waived and released such lien and claim.

5.      This compromise settlement is specifically subject to each of the following conditions:

a.      The Attorney General or the Attorney General's designee must approve the terms and conditions of the settlement and authorize the attorney representing the United States to consummate a settlement for the amount and upon the terms and conditions agreed upon by the Parties, as set forth in this Stipulation.

b.      The parties must agree in writing to the terms, conditions, and requirements of this Stipulation.  The parties stipulate and agree that the Stipulation and the compromise settlement are null and void in the event the parties cannot agree on the terms, conditions, and requirements of this Stipulation. The terms, conditions, and requirements of this Stipulation are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation and the compromise settlement null and void.  The parties must agree to the terms, conditions, and requirements of this Stipulation before the Torts Branch will seek settlement authority from the Attorney General or the Attorney General's designee.

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Page **6** of **13**

c.    Plaintiffs must obtain, at their expense, approval of the settlement by a court of competent jurisdiction on behalf of M.G.  The Order approving the settlement on behalf of M.G. may be obtained from either the United States District Court for the District of Arizona or a state court of competent jurisdiction.  The terms of any court Order, a draft of which shall be provided by the United States, are a condition of this settlement.  Plaintiffs agree to obtain such approval(s) in a timely manner: time being of the essence.  Plaintiffs further agree that the United States may void this settlement at its option in the event any such approval is not obtained in a timely manner.  In the event Plaintiffs fail to obtain such court approval(s), the entire Stipulation and the compromise settlement are null and void.  Plaintiffs must obtain such court Order before the Torts Branch will seek settlement authority from the Attorney General or the Attorney General's designee.

d.    Plaintiffs must obtain a release and waiver of any claim or cause of action (whether sounding in tort, contract, statute, or otherwise) that any alleged tortfeasor, if any, has or may have in the future against the United States arising out of the acts or omissions that gave rise to the above-captioned action.  This condition is for the benefit of the United States exclusively.  The United States will provide the form of Release and Waiver, or any changes to the form required by the United States, to be used by Plaintiffs in obtaining a Release and Waiver from any alleged tortfeasor.  Before the Torts Branch will seek settlement authority from the Attorney General or the Attorney General's designee, Plaintiffs must provide the United States with either (i) all such releases and waivers required by this Paragraph 5.d., or (ii) a written representation by Plaintiffs' attorneys stating that, after a diligent search of counsel's law firms' records and files, including expert and consultant reports, and of Plaintiffs' records and files, Plaintiffs and their attorneys are unaware of any such potential tortfeasor.

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Page **7** of **13**

e.      Plaintiffs must obtain an order from the United States District Court for the District of Arizona dismissing this action in its entirety with prejudice, with each side bearing its own costs, expenses, and fees, and with the District Court not retaining jurisdiction over the above captioned action, this settlement, or the United States.

6.      The Parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and Plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

7.      Plaintiffs shall be solely responsible for full compliance with all applicable Federal, state, and local tax requirements.  Plaintiffs execute this Stipulation without reliance upon any representation by the United States as to tax consequences, and Plaintiffs agree that they are responsible for the payment of all taxes that may be associated with this settlement.  Further, nothing in this Stipulation waives or modifies Federal, state, or local laws pertaining to taxes, offsets, levies, and liens that may apply to this Stipulation or the Settlement Amount proceeds.  Plaintiffs execute this Stipulation without reliance on any representation by the United States as to the application of any such law.  Plaintiffs, on behalf of themselves and their guardians, heirs, executors, administrators, assigns, subrogees, predecessors in interest, and successors in interest, understand and agree that this transaction may be reported to the Internal Revenue Service and other government agencies in the ordinary course of the business of the United States and may be subject to offset pursuant to the Treasury Offset Program.

8.      Plaintiffs represent that they have read, reviewed and understand this Stipulation, and that they are fully authorized to enter into the terms and conditions of this agreement and that they agree to be bound thereby.  Plaintiffs further acknowledge that they enter into this Stipulation freely and voluntarily.

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Page **8** of **13**

Plaintiffs further acknowledge that they have had sufficient opportunity to discuss this Stipulation with their attorneys, who have explained the documents to Plaintiffs, and that Plaintiffs understand all of the terms and conditions of this Stipulation.

9.      It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party.  All such counterparts and signature pages, together, shall be deemed to be one document.

WHEREAS, the Parties accept the terms of this Stipulation for Compromise Settlement and Release as of the dates written below:

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Page **9** of **13**

Executed this_____day of_____, 2024.

**DEFENDANT UNITED STATES OF AMERICA**


By:    _____
       PHILIP D. MACWILLIAMS
       Trial Attorney
       Department of Justice
       Civil Division, Torts Branch

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Executed this 10th day of ___May___, 2024.

**ATTORNEYS FOR PLAINTIFFS**

Keith Beauchamp (012434)
Malvika A. Sinha (038046)
COPPERSMITH BROCKELMAN PLC
2800 N. Central Avenue, Suite 1900
Telephone: (602) 381-5490
Phoenix, AZ 85004
kbeauchamp@cblawyers.com
msinha@cblawyers.com

Benjamin J. Razi
Matthew J. Schlesinger
Jason A. Carey
Terra White Fulham
Teresa S. Park
Kathleen E. Paley
Shadman Zaman
Stephen Rees
Samuel Greeley
Joshua Silver
Patrick Lee
Abigail Barnes
Sumner Truax
COVINGTON & BURLING LLP
One City Center, 850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-5581
brazi@cov.com
mschlesinger@cov.com
jcarey@cov.com
tfulham@cov.com
tpark@cov.com
kpaley@cov.com
szaman@cov.com
srees@cov.com
sgreeley@cov.com

James Knoepp
Sharada Jambulapati
Stephanie Alvarez-Jones
SOUTHERN POVERTY LAW
CENTER
150 E. Ponce de Leon, Suite 340
Decatur, GA 30030
Telephone: (404) 521-6700
jim.knoepp@splcenter.org
sharada.jambulapati@splcenter.org
stephanie.alvarezjones@splcenter.org

Paul R. Chavez
SOUTHERN POVERTY LAW
CENTER
2 S. Biscayne Boulevard, Suite 3750
Miami, FL 33137
Telephone: (786) 347-2056
paul.chavez@splcenter.org

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Page **11** of **13**

jsilver@cov.com
plee@cov.com
abarnes@cov.com
struax@cov.com

By: _____

James Knoepp

**ATTORNEYS FOR PLAINTIFFS**

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Executed this 8 day of May , 2024.



Executed this 8 day of May , 2024.

**M.G.**

By: _____ father and natural guardian of M.G.

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Page 13 of 13

# EXHIBIT D

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| A.P.F. on his own behalf and on behalf of his minor child, O.B.; J.V.S., on his own behalf and on behalf of his minor child H.Y.; J.D.G. on his own behalf and on behalf of his minor child, M.G.; H.P.M. on his own behalf and on behalf of his minor child, A.D.; M.C.L. on his own behalf and on behalf of his minor child, A.J.; and R.Z.G. on his own half and on behalf of his minor child, B.P., <br><br>       Plaintiffs, <br><br>   v. <br><br>United States of America, <br><br>       Defendant. | No. 2:20-cv-00065-SRB |

## STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

It is hereby stipulated and agreed by and between the undersigned Plaintiffs (meaning ▮▮▮▮▮ ▮▮▮▮▮ and A.D., and any person, other than Defendant and the Parties' attorneys, signing this agreement waiving and releasing claims, whether or not a party to this civil action), and Defendant, United States of America, including its agents, servants, and employees (hereinafter "United States"), collectively,

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Page **1** of **13**

"the Parties," by and through their respective attorneys, as follows:

1.       The parties to this Stipulation for Compromise Settlement and Release (hereinafter "Stipulation") do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, including claims for wrongful death, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation. This release does not apply to or affect in any way any claims for immigration relief which Plaintiffs have or may advance against the United States or any non-monetary relief to which Plaintiffs may be or become entitled by virtue of any class action lawsuit.

2.       This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to Plaintiffs.  This Stipulation is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3.       In consideration for Plaintiffs' agreement to accept the terms and conditions of this settlement, the United States agrees to pay Plaintiffs the amount of Three Hundred and Seventy-Nine Thousand Dollars ($379,000.00) (hereinafter "Settlement Amount") as follows:

a.       Within five (5) business days after counsel for the United States receives (1) this Stipulation signed by all parties to said document; (2) Order(s) approving the settlement and authorizing an individual or entity to sign on behalf of any minor or legally incapacitated adult; (3) the Social Security numbers or tax identification numbers of Plaintiffs and Plaintiffs' attorneys; (4) Plaintiffs' attorney's bank account number, bank routing information, and all information required for an electronic funds transfer ("EFT") of

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Page **2** of **13**

the Settlement Amount; and (5) an authorization by the Attorney General or his designee to conclude negotiations and to consummate the settlement, counsel for the United States will submit a request to the United States Treasury, requesting an EFT for the Settlement Amount, made payable to the "**Southern Poverty Law Center IOLTA Account**." Plaintiffs' attorneys agree to distribute the Settlement Amount to Plaintiffs, in accordance with the terms and conditions of this Stipulation.

b.        With respect to the payment of the Settlement Amount, Plaintiffs stipulate and agree that the United States will not sign an annuity application form, a uniform qualified settlement form, or any equivalent such forms, and that the United States will not pay the Settlement Amount into a qualified settlement fund or an equivalent fund or account, settlement preservation trust, or special or supplemental needs trust. Plaintiffs further stipulate and agree that Plaintiffs, Plaintiffs' attorney(s), any Guardian Ad Litem, and Plaintiffs' representatives (including any structured settlement annuity broker, regardless of whether said broker was retained by them or by someone else, either before, during, or after the settlement) will not attempt to structure the Settlement Amount in any way, form, or manner, including by placing any of the Settlement Amount into any qualified settlement fund or its equivalent. However, nothing in this Paragraph 3.b. precludes Plaintiffs from purchasing non-qualified annuities after Plaintiffs have received the Settlement Amount, but Plaintiffs agree not to represent to any person, entity, or agency that Plaintiffs are purchasing qualified structured settlement annuities, and Plaintiffs agree not to attempt to purchase such structured settlement annuities.

c.        Plaintiffs stipulate and agree that Plaintiffs' attorneys shall escrow the aggregate face value of any and all currently known liens and currently known claims for payment or reimbursement, including any such liens or claims by Medicaid or Medicare, arising directly or indirectly from the acts or omissions

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Page **3** of **13**

that gave rise to the above-captioned action, whether disputed as legally valid or not, and shall not distribute to Plaintiffs any portion of the escrowed amount unless and until said liens and claims have been paid or resolved.

d.      The parties agree that any attorneys' fees owed by Plaintiffs relating to this Federal Tort Claims Act matter shall not exceed twenty-five percent (25%) of the Settlement Amount.  28 U.S.C. § 2678. The parties further agree that any such attorneys' fees, along with Plaintiffs' costs and expenses incurred in bringing the above-captioned action, and their costs, expenses, and fees (including all fees of any legal Guardian Ad Litem) associated with obtaining court approval of this settlement on behalf of any minor, incompetent adult, or estate required to sign this Stipulation, shall be paid out of the Settlement Amount, and not in addition thereto.  The parties agree that any fees, including fees of any legal Guardian Ad Litem, incurred in providing legal services in this matter and in any court proceedings reviewing the settlement for approval purposes shall be considered attorneys' fees and not costs, and shall be subject to the provisions of 28 U.S.C. § 2678.

4.      Plaintiffs and Plaintiffs' guardians, Guardian Ad Litem (if any), heirs, executors, administrators, and assigns hereby accept the settlement and the payment of the Settlement Amount in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of any kind, whether known or unknown, including any future claims for survival or wrongful death, and any claims for fees, interest, costs, and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, including the death of either ████████████ or A.D., or damage to property, and the consequences thereof, which Plaintiffs or their heirs, executors, administrators, or assigns have had, now have, or hereafter may have against the United States on account

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)
Stipulation for Compromise Settlement and Release
April 24, 2024

Page **4** of **13**

of the acts or omissions that gave rise to the above-captioned action.

Plaintiffs, on behalf of themselves, their respective heirs, executors, administrators, assigns, predecessors and successors in interest, do hereby, for good and valuable consideration, the receipt of which is hereby acknowledged, release and forever discharge the United States, and its respective officials, agencies, representatives, officers, employees, agents, assigns and attorneys, from any and all claims, demands, rights, causes of actions, liens, and all other liabilities whatsoever, whether known or unknown, suspected or unsuspected, that Plaintiffs have had, now have, or hereafter may have on account of the acts or omissions that gave rise to the above-captioned action, as well as claims relating to or arising out of the acts or omissions that gave rise to the above-captioned action that could have been but were not alleged in this action.

Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns further agree to reimburse, indemnify, and hold harmless the United States from and against any and all claims, causes of action, liens, rights, or subrogated or contribution interests (whether such claims, causes of action, liens, rights, subrogated interests, or contribution interests sound in tort, contract, or statute) incident to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns further stipulate and agree that they are legally responsible for any and all past, present, and future liens and past, present, and future claims for payment or reimbursement, including any past, present, and future liens or claims for payment or reimbursement by any individual or entity, including an insurance company, Medicaid (including the State of Florida) from the acts or omissions that gave rise to the above-captioned action.

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Page **5** of **13**

Plaintiffs stipulate and agree that they will satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any such individual or entity. Plaintiffs agree that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or reimbursement is paid or resolved by Plaintiffs, they will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder has waived and released such lien or claim. The evidence required by the terms of this Paragraph may be satisfied by a letter from Plaintiffs' attorneys representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder has waived and released such lien and claim.

5.      This compromise settlement is specifically subject to each of the following conditions:

a.      The Attorney General or the Attorney General's designee must approve the terms and conditions of the settlement and authorize the attorney representing the United States to consummate a settlement for the amount and upon the terms and conditions agreed upon by the Parties, as set forth in this Stipulation.

b.      The parties must agree in writing to the terms, conditions, and requirements of this Stipulation. The parties stipulate and agree that the Stipulation and the compromise settlement are null and void in the event the parties cannot agree on the terms, conditions, and requirements of this Stipulation. The terms, conditions, and requirements of this Stipulation are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation and the compromise settlement null and void. The parties must agree to the terms, conditions, and requirements of this Stipulation before the Torts Branch will seek settlement authority from the Attorney General or the Attorney General's designee.

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)
Stipulation for Compromise Settlement and Release
April 24, 2024

Page **6** of **13**

c.        Plaintiffs must obtain, at their expense, approval of the settlement by a court of competent jurisdiction on behalf of A.D.  The Order approving the settlement on behalf of A.D. may be obtained from either the United States District Court for the District of Arizona or a state court of competent jurisdiction.  The terms of any court Order, a draft of which shall be provided by the United States, are a condition of this settlement.  Plaintiffs agree to obtain such approval(s) in a timely manner: time being of the essence.  Plaintiffs further agree that the United States may void this settlement at its option in the event any such approval is not obtained in a timely manner.  In the event Plaintiffs fail to obtain such court approval(s), the entire Stipulation and the compromise settlement are null and void.  Plaintiffs must obtain such court Order before the Torts Branch will seek settlement authority from the Attorney General or the Attorney General's designee.

d.        Plaintiffs must obtain a release and waiver of any claim or cause of action (whether sounding in tort, contract, statute, or otherwise) that any alleged tortfeasor, if any, has or may have in the future against the United States arising out of the acts or omissions that gave rise to the above-captioned action.  This condition is for the benefit of the United States exclusively.  The United States will provide the form of Release and Waiver, or any changes to the form required by the United States, to be used by Plaintiffs in obtaining a Release and Waiver from any alleged tortfeasor.  Before the Torts Branch will seek settlement authority from the Attorney General or the Attorney General's designee, Plaintiffs must provide the United States with either (i) all such releases and waivers required by this Paragraph 5.d., or (ii) a written representation by Plaintiffs' attorneys stating that, after a diligent search of counsel's law firms' records and files, including expert and consultant reports, and of Plaintiffs' records and files, Plaintiffs and their attorneys are unaware of any such potential tortfeasor.

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Page **7** of **13**

e.    Plaintiffs must obtain an order from the United States District Court for the District of Arizona dismissing this action in its entirety with prejudice, with each side bearing its own costs, expenses, and fees, and with the District Court not retaining jurisdiction over the above captioned action, this settlement, or the United States.

6.    The Parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and Plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

7.    Plaintiffs shall be solely responsible for full compliance with all applicable Federal, state, and local tax requirements.  Plaintiffs execute this Stipulation without reliance upon any representation by the United States as to tax consequences, and Plaintiffs agree that they are responsible for the payment of all taxes that may be associated with this settlement.  Further, nothing in this Stipulation waives or modifies Federal, state, or local laws pertaining to taxes, offsets, levies, and liens that may apply to this Stipulation or the Settlement Amount proceeds.  Plaintiffs execute this Stipulation without reliance on any representation by the United States as to the application of any such law.  Plaintiffs, on behalf of themselves and their guardians, heirs, executors, administrators, assigns, subrogees, predecessors in interest, and successors in interest, understand and agree that this transaction may be reported to the Internal Revenue Service and other government agencies in the ordinary course of the business of the United States and may be subject to offset pursuant to the Treasury Offset Program.

8.    Plaintiffs represent that they have read, reviewed and understand this Stipulation, and that they are fully authorized to enter into the terms and conditions of this agreement and that they agree to be bound thereby.  Plaintiffs further acknowledge that they enter into this Stipulation freely and voluntarily.

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Page **8** of **13**

Plaintiffs further acknowledge that they have had sufficient opportunity to discuss this Stipulation with their attorneys, who have explained the documents to Plaintiffs, and that Plaintiffs understand all of the terms and conditions of this Stipulation.

9.      It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party.  All such counterparts and signature pages, together, shall be deemed to be one document.

WHEREAS, the Parties accept the terms of this Stipulation for Compromise Settlement and Release as of the dates written below:

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Page **9** of **13**

Executed this＿＿＿day of＿＿＿＿＿＿, 2024.

**DEFENDANT UNITED STATES OF AMERICA**

By:    ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
       PHILIP D. MACWILLIAMS
       Trial Attorney
       Department of Justice
       Civil Division, Torts Branch

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Page **10** of **13**

Executed this 10th day of     May     , 2024.

**ATTORNEYS FOR PLAINTIFFS**

Keith Beauchamp (012434)
Malvika A. Sinha (038046)
COPPERSMITH BROCKELMAN PLC
2800 N. Central Avenue, Suite 1900
Telephone: (602) 381-5490
Phoenix, AZ 85004
kbeauchamp@cblawyers.com
msinha@cblawyers.com

Benjamin J. Razi
Matthew J. Schlesinger
Jason A. Carey
Terra White Fulham
Teresa S. Park
Kathleen E. Paley
Shadman Zaman
Stephen Rees
Samuel Greeley
Joshua Silver
Patrick Lee
Abigail Barnes
Sumner Truax
COVINGTON & BURLING LLP
One City Center, 850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-5581
brazi@cov.com
mschlesinger@cov.com
jcarey@cov.com
tfulham@cov.com
tpark@cov.com
kpaley@cov.com
szaman@cov.com
srees@cov.com
sgreeley@cov.com
jsilver@cov.com
plee@cov.com

James Knoepp
Sharada Jambulapati
Stephanie Alvarez-Jones
SOUTHERN POVERTY LAW
CENTER
150 E. Ponce de Leon, Suite 340
Decatur, GA 30030
Telephone: (404) 521-6700
jim.knoepp@splcenter.org
sharada.jambulapati@splcenter.org
stephanie.alvarezjones@splcenter.org

Paul R. Chavez
SOUTHERN POVERTY LAW
CENTER
2 S. Biscayne Boulevard, Suite 3750
Miami, FL 33137
Telephone: (786) 347-2056
paul.chavez@splcenter.org

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Page **11** of **13**

abarnes@cov.com
struax@cov.com

By: _____
James Knoepp

**ATTORNEYS FOR PLAINTIFFS**

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Page **12** of **13**

Executed this 29 day of April, 2024.

Executed this 29 day of April, 2024.

**A.D.**

By: ████████████ father and natural guardian of A.D.

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 24, 2024

Page **13** of **13**

# EXHIBIT E

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

A.P.F. on his own behalf and on behalf of his minor child, O.B.; J.V.S., on his own behalf and on behalf of his minor child H.Y.; J.D.G. on his own behalf and on behalf of his minor child, M.G.; H.P.M. on his own behalf and on behalf of his minor child, A.D.; M.C.L. on his own behalf and on behalf of his minor child, A.J.; and R.Z.G. on his own half and on behalf of his minor child, B.P.,

        Plaintiffs,

v.

United States of America,

        Defendant.

No. 2:20-cv-00065-SRB

## STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

It is hereby stipulated and agreed by and between the undersigned Plaintiffs (meaning ███████ ██████ and A.J., and any person, other than Defendant and the Parties' attorneys, signing this agreement waiving and releasing claims, whether or not a party to this civil action), and Defendant, United States of America, including its agents, servants, and employees (hereinafter "United States"), collectively,

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 26, 2024

Page 1 of 13

"the Parties," by and through their respective attorneys, as follows:

1.      The parties to this Stipulation for Compromise Settlement and Release (hereinafter "Stipulation") do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, including claims for wrongful death, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation. This release does not apply to or affect in any way any claims for immigration relief which Plaintiffs have or may advance against the United States or any non-monetary relief to which Plaintiffs may be or become entitled by virtue of any class action lawsuit.

2.      This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to Plaintiffs. This Stipulation is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3.      In consideration for Plaintiffs' agreement to accept the terms and conditions of this settlement, the United States agrees to pay Plaintiffs the amount of One Hundred Eighty Thousand Dollars ($180,000.00) (hereinafter "Settlement Amount") as follows:

a.      Within five (5) business days after counsel for the United States receives (1) this Stipulation signed by all parties to said document; (2) Order(s) approving the settlement and authorizing an individual or entity to sign on behalf of any minor or legally incapacitated adult; (3) the Social Security numbers or tax identification numbers of Plaintiffs and Plaintiffs' attorneys; (4) Plaintiffs' attorney's bank account number, bank routing information, and all information required for an electronic funds transfer ("EFT") of

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)
Stipulation for Compromise Settlement and Release
April 26, 2024

Page **2** of **13**

the Settlement Amount; and (5) an authorization by the Attorney General or his designee to conclude negotiations and to consummate the settlement, counsel for the United States will submit a request to the United States Treasury, requesting an EFT for the Settlement Amount, made payable to the "**Southern Poverty Law Center IOLTA Account**." Plaintiffs' attorneys agree to distribute the Settlement Amount to Plaintiffs, in accordance with the terms and conditions of this Stipulation.

b.      With respect to the payment of the Settlement Amount, Plaintiffs stipulate and agree that the United States will not sign an annuity application form, a uniform qualified settlement form, or any equivalent such forms, and that the United States will not pay the Settlement Amount into a qualified settlement fund or an equivalent fund or account, settlement preservation trust, or special or supplemental needs trust. Plaintiffs further stipulate and agree that Plaintiffs, Plaintiffs' attorney(s), any Guardian Ad Litem, and Plaintiffs' representatives (including any structured settlement annuity broker, regardless of whether said broker was retained by them or by someone else, either before, during, or after the settlement) will not attempt to structure the Settlement Amount in any way, form, or manner, including by placing any of the Settlement Amount into any qualified settlement fund or its equivalent. However, nothing in this Paragraph 3.b. precludes Plaintiffs from purchasing non-qualified annuities after Plaintiffs have received the Settlement Amount, but Plaintiffs agree not to represent to any person, entity, or agency that Plaintiffs are purchasing qualified structured settlement annuities, and Plaintiffs agree not to attempt to purchase such structured settlement annuities.

c.      Plaintiffs stipulate and agree that Plaintiffs' attorneys shall escrow the aggregate face value of any and all currently known liens and currently known claims for payment or reimbursement, including any such liens or claims by Medicaid or Medicare, arising directly or indirectly from the acts or omissions

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)
Stipulation for Compromise Settlement and Release
April 26, 2024

Page **3** of **13**

that gave rise to the above-captioned action, whether disputed as legally valid or not, and shall not distribute to Plaintiffs any portion of the escrowed amount unless and until said liens and claims have been paid or resolved.

d.       The parties agree that any attorneys' fees owed by Plaintiffs relating to this Federal Tort Claims Act matter shall not exceed twenty-five percent (25%) of the Settlement Amount. 28 U.S.C. § 2678. The parties further agree that any such attorneys' fees, along with Plaintiffs' costs and expenses incurred in bringing the above-captioned action, and their costs, expenses, and fees (including all fees of any legal Guardian Ad Litem) associated with obtaining court approval of this settlement on behalf of any minor, incompetent adult, or estate required to sign this Stipulation, shall be paid out of the Settlement Amount, and not in addition thereto. The parties agree that any fees, including fees of any legal Guardian Ad Litem, incurred in providing legal services in this matter and in any court proceedings reviewing the settlement for approval purposes shall be considered attorneys' fees and not costs, and shall be subject to the provisions of 28 U.S.C. § 2678.

4.       Plaintiffs and Plaintiffs' guardians, Guardian Ad Litem (if any), heirs, executors, administrators, and assigns hereby accept the settlement and the payment of the Settlement Amount in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of any kind, whether known or unknown, including any future claims for survival or wrongful death, and any claims for fees, interest, costs, and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, including the death of either ▮▮▮▮▮▮▮▮▮ or A.J., or damage to property, and the consequences thereof, which Plaintiffs or their heirs, executors, administrators, or assigns have had, now have, or hereafter may have against the United States on account

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)
Stipulation for Compromise Settlement and Release
April 26, 2024

Page **4** of **13**

of the acts or omissions that gave rise to the above-captioned action.

Plaintiffs, on behalf of themselves, their respective heirs, executors, administrators, assigns, predecessors and successors in interest, do hereby, for good and valuable consideration, the receipt of which is hereby acknowledged, release and forever discharge the United States, and its respective officials, agencies, representatives, officers, employees, agents, assigns and attorneys, from any and all claims, demands, rights, causes of actions, liens, and all other liabilities whatsoever, whether known or unknown, suspected or unsuspected, that Plaintiffs have had, now have, or hereafter may have on account of the acts or omissions that gave rise to the above-captioned action, as well as claims relating to or arising out of the acts or omissions that gave rise to the above-captioned action that could have been but were not alleged in this action.

Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns further agree to reimburse, indemnify, and hold harmless the United States from and against any and all claims, causes of action, liens, rights, or subrogated or contribution interests (whether such claims, causes of action, liens, rights, subrogated interests, or contribution interests sound in tort, contract, or statute) incident to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns further stipulate and agree that they are legally responsible for any and all past, present, and future liens and past, present, and future claims for payment or reimbursement, including any past, present, and future liens or claims for payment or reimbursement by any individual or entity, including an insurance company, Medicaid (including the State of Georgia) from the acts or omissions that gave rise to the above-captioned action.

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)
Stipulation for Compromise Settlement and Release
April 26, 2024

Page **5** of **13**

Plaintiffs stipulate and agree that they will satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any such individual or entity. Plaintiffs agree that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or reimbursement is paid or resolved by Plaintiffs, they will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder has waived and released such lien or claim. The evidence required by the terms of this Paragraph may be satisfied by a letter from Plaintiffs' attorneys representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder has waived and released such lien and claim.

5.     This compromise settlement is specifically subject to each of the following conditions:

a.     The Attorney General or the Attorney General's designee must approve the terms and conditions of the settlement and authorize the attorney representing the United States to consummate a settlement for the amount and upon the terms and conditions agreed upon by the Parties, as set forth in this Stipulation.

b.     The parties must agree in writing to the terms, conditions, and requirements of this Stipulation. The parties stipulate and agree that the Stipulation and the compromise settlement are null and void in the event the parties cannot agree on the terms, conditions, and requirements of this Stipulation. The terms, conditions, and requirements of this Stipulation are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation and the compromise settlement null and void. The parties must agree to the terms, conditions, and requirements of this Stipulation before the Torts Branch will seek settlement authority from the Attorney General or the Attorney General's designee.

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 26, 2024

Page **6** of **13**

c.      Plaintiffs must obtain, at their expense, approval of the settlement by a court of competent jurisdiction on behalf of A.J.  The Order approving the settlement on behalf of A.J. may be obtained from either the United States District Court for the District of Arizona or a state court of competent jurisdiction.  The terms of any court Order, a draft of which shall be provided by the United States, are a condition of this settlement.  Plaintiffs agree to obtain such approval(s) in a timely manner: time being of the essence.  Plaintiffs further agree that the United States may void this settlement at its option in the event any such approval is not obtained in a timely manner.  In the event Plaintiffs fail to obtain such court approval(s), the entire Stipulation and the compromise settlement are null and void.  Plaintiffs must obtain such court Order before the Torts Branch will seek settlement authority from the Attorney General or the Attorney General's designee.

d.      Plaintiffs must obtain a release and waiver of any claim or cause of action (whether sounding in tort, contract, statute, or otherwise) that any alleged tortfeasor, if any, has or may have in the future against the United States arising out of the acts or omissions that gave rise to the above-captioned action.  This condition is for the benefit of the United States exclusively.  The United States will provide the form of Release and Waiver, or any changes to the form required by the United States, to be used by Plaintiffs in obtaining a Release and Waiver from any alleged tortfeasor.  Before the Torts Branch will seek settlement authority from the Attorney General or the Attorney General's designee, Plaintiffs must provide the United States with either (i) all such releases and waivers required by this Paragraph 5.d., or (ii) a written representation by Plaintiffs' attorneys stating that, after a diligent search of counsel's law firms' records and files, including expert and consultant reports, and of Plaintiffs' records and files, Plaintiffs and their attorneys are unaware of any such potential tortfeasor.

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 26, 2024

Page **7** of **13**

e.      Plaintiffs must obtain an order from the United States District Court for the District of Arizona dismissing this action in its entirety with prejudice, with each side bearing its own costs, expenses, and fees, and with the District Court not retaining jurisdiction over the above captioned action, this settlement, or the United States.

6.      The Parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and Plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

7.      Plaintiffs shall be solely responsible for full compliance with all applicable Federal, state, and local tax requirements.  Plaintiffs execute this Stipulation without reliance upon any representation by the United States as to tax consequences, and Plaintiffs agree that they are responsible for the payment of all taxes that may be associated with this settlement.  Further, nothing in this Stipulation waives or modifies Federal, state, or local laws pertaining to taxes, offsets, levies, and liens that may apply to this Stipulation or the Settlement Amount proceeds.   Plaintiffs execute this Stipulation without reliance on any representation by the United States as to the application of any such law.  Plaintiffs, on behalf of themselves and their guardians, heirs, executors, administrators, assigns, subrogees, predecessors in interest, and successors in interest, understand and agree that this transaction may be reported to the Internal Revenue Service and other government agencies in the ordinary course of the business of the United States and may be subject to offset pursuant to the Treasury Offset Program.

8.      Plaintiffs represent that they have read, reviewed and understand this Stipulation, and that they are fully authorized to enter into the terms and conditions of this agreement and that they agree to be bound thereby.  Plaintiffs further acknowledge that they enter into this Stipulation freely and voluntarily.

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 26, 2024

Page **8** of **13**

Plaintiffs further acknowledge that they have had sufficient opportunity to discuss this Stipulation with their attorneys, who have explained the documents to Plaintiffs, and that Plaintiffs understand all of the terms and conditions of this Stipulation.

9.    It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

WHEREAS, the Parties accept the terms of this Stipulation for Compromise Settlement and Release as of the dates written below:

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 26, 2024

Page **9** of **13**

Executed this_____day of_____, 2024.

**DEFENDANT UNITED STATES OF AMERICA**

By:      _____
         PHILIP D. MACWILLIAMS
         Trial Attorney
         Department of Justice
         Civil Division, Torts Branch

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 26, 2024

Page **10** of **13**

Executed this **10th** day of ____**May**____, 2024.

**ATTORNEYS FOR PLAINTIFFS**

Keith Beauchamp (012434)
Malvika A. Sinha (038046)
COPPERSMITH BROCKELMAN PLC
2800 N. Central Avenue, Suite 1900
Telephone: (602) 381-5490
Phoenix, AZ 85004
kbeauchamp@cblawyers.com
msinha@cblawyers.com

Benjamin J. Razi
Matthew J. Schlesinger
Jason A. Carey
Terra White Fulham
Teresa S. Park
Kathleen E. Paley
Shadman Zaman
Stephen Rees
Samuel Greeley
Joshua Silver
Patrick Lee
Abigail Barnes
Sumner Truax
COVINGTON & BURLING LLP
One City Center, 850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-5581
brazi@cov.com
mschlesinger@cov.com
jcarey@cov.com
tfulham@cov.com
tpark@cov.com
kpaley@cov.com
szaman@cov.com
srees@cov.com
sgreeley@cov.com
jsilver@cov.com
plee@cov.com

James Knoepp
Sharada Jambulapati
Stephanie Alvarez-Jones
SOUTHERN POVERTY LAW
CENTER
150 E. Ponce de Leon, Suite 340
Decatur, GA 30030
Telephone: (404) 521-6700
jim.knoepp@splcenter.org
sharada.jambulapati@splcenter.org
stephanie.alvarezjones@splcenter.org

Paul R. Chavez
SOUTHERN POVERTY LAW
CENTER
2 S. Biscayne Boulevard, Suite 3750
Miami, FL 33137
Telephone: (786) 347-2056
paul.chavez@splcenter.org

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 26, 2024

Page 11 of 13

abarnes@cov.com
struax@cov.com

By: _____
James Knoepp

**ATTORNEYS FOR PLAINTIFFS**

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 26, 2024

Page **12** of **13**

Executed this **2** day of **May**, 2024.

███████████████████

Executed this **2** day of **May**, 2024.

**A.J.**

███████████████████

By: ██████████████, father and natural guardian of A.J.

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 26, 2024

Page **13** of **13**

# EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

<table>
<tr><td>

A.P.F. on his own behalf and on behalf of his minor child, O.B.; J.V.S., on his own behalf and on behalf of his minor child H.Y.; J.D.G. on his own behalf and on behalf of his minor child, M.G.; H.P.M. on his own behalf and on behalf of his minor child, A.D.; M.C.L. on his own behalf and on behalf of his minor child, A.J.; and R.Z.G. on his own half and on behalf of his minor child, B.P.,

       Plaintiffs,

    v.

United States of America,

       Defendant.

</td><td>

No. 2:20-cv-00065-SRB

</td></tr>
</table>

**STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677**

It is hereby stipulated and agreed by and between the undersigned Plaintiffs (meaning ███████ ███████████████ and B.P., and any person, other than Defendant and the Parties' attorneys, signing this agreement waiving and releasing claims, whether or not a party to this civil action), and Defendant, United States of America, including its agents, servants, and employees (hereinafter "United States"),

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 26, 2024

Page **1** of **13**

collectively, "the Parties," by and through their respective attorneys, as follows:

1.      The parties to this Stipulation for Compromise Settlement and Release (hereinafter "Stipulation") do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, including claims for wrongful death, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation. This release does not apply to or affect in any way any claims for immigration relief which Plaintiffs have or may advance against the United States or any non-monetary relief to which Plaintiffs may be or become entitled by virtue of any class action lawsuit.

2.      This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to Plaintiffs.  This Stipulation is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3.      In consideration for Plaintiffs' agreement to accept the terms and conditions of this settlement, the United States agrees to pay Plaintiffs the amount of One Hundred Eighty Thousand Dollars ($180,000.00) (hereinafter "Settlement Amount") as follows:

a.      Within five (5) business days after counsel for the United States receives (1) this Stipulation signed by all parties to said document; (2) Order(s) approving the settlement and authorizing an individual or entity to sign on behalf of any minor or legally incapacitated adult; (3) the Social Security numbers or tax identification numbers of Plaintiffs and Plaintiffs' attorneys; (4) Plaintiffs' attorney's bank account number, bank routing information, and all information required for an electronic funds transfer ("EFT") of

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 26, 2024

Page **2** of **13**

the Settlement Amount; and (5) an authorization by the Attorney General or his designee to conclude negotiations and to consummate the settlement, counsel for the United States will submit a request to the United States Treasury, requesting an EFT for the Settlement Amount, made payable to the "**Southern Poverty Law Center IOLTA Account**." Plaintiffs' attorneys agree to distribute the Settlement Amount to Plaintiffs, in accordance with the terms and conditions of this Stipulation.

b.       With respect to the payment of the Settlement Amount, Plaintiffs stipulate and agree that the United States will not sign an annuity application form, a uniform qualified settlement form, or any equivalent such forms, and that the United States will not pay the Settlement Amount into a qualified settlement fund or an equivalent fund or account, settlement preservation trust, or special or supplemental needs trust. Plaintiffs further stipulate and agree that Plaintiffs, Plaintiffs' attorney(s), any Guardian Ad Litem, and Plaintiffs' representatives (including any structured settlement annuity broker, regardless of whether said broker was retained by them or by someone else, either before, during, or after the settlement) will not attempt to structure the Settlement Amount in any way, form, or manner, including by placing any of the Settlement Amount into any qualified settlement fund or its equivalent. However, nothing in this Paragraph 3.b. precludes Plaintiffs from purchasing non-qualified annuities after Plaintiffs have received the Settlement Amount, but Plaintiffs agree not to represent to any person, entity, or agency that Plaintiffs are purchasing qualified structured settlement annuities, and Plaintiffs agree not to attempt to purchase such structured settlement annuities.

c.       Plaintiffs stipulate and agree that Plaintiffs' attorneys shall escrow the aggregate face value of any and all currently known liens and currently known claims for payment or reimbursement, including any such liens or claims by Medicaid or Medicare, arising directly or indirectly from the acts or omissions

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 26, 2024

Page **3** of **13**

that gave rise to the above-captioned action, whether disputed as legally valid or not, and shall not distribute to Plaintiffs any portion of the escrowed amount unless and until said liens and claims have been paid or resolved.

d.      The parties agree that any attorneys' fees owed by Plaintiffs relating to this Federal Tort Claims Act matter shall not exceed twenty-five percent (25%) of the Settlement Amount.  28 U.S.C. § 2678. The parties further agree that any such attorneys' fees, along with Plaintiffs' costs and expenses incurred in bringing the above-captioned action, and their costs, expenses, and fees (including all fees of any legal Guardian Ad Litem) associated with obtaining court approval of this settlement on behalf of any minor, incompetent adult, or estate required to sign this Stipulation, shall be paid out of the Settlement Amount, and not in addition thereto.  The parties agree that any fees, including fees of any legal Guardian Ad Litem, incurred in providing legal services in this matter and in any court proceedings reviewing the settlement for approval purposes shall be considered attorneys' fees and not costs, and shall be subject to the provisions of 28 U.S.C. § 2678.

4.      Plaintiffs and Plaintiffs' guardians, Guardian Ad Litem (if any), heirs, executors, administrators, and assigns hereby accept the settlement and the payment of the Settlement Amount in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of any kind, whether known or unknown, including any future claims for survival or wrongful death, and any claims for fees, interest, costs, and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, including the death of either ███████████████ or B.P.,  or damage to property, and the consequences thereof, which Plaintiffs or their heirs, executors, administrators, or assigns have had, now have, or hereafter may have against the United States on account

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 26, 2024

Page **4** of **13**

of the acts or omissions that gave rise to the above-captioned action.

Plaintiffs, on behalf of themselves, their respective heirs, executors, administrators, assigns, predecessors and successors in interest, do hereby, for good and valuable consideration, the receipt of which is hereby acknowledged, release and forever discharge the United States, and its respective officials, agencies, representatives, officers, employees, agents, assigns and attorneys, from any and all claims, demands, rights, causes of actions, liens, and all other liabilities whatsoever, whether known or unknown, suspected or unsuspected, that Plaintiffs have had, now have, or hereafter may have on account of the acts or omissions that gave rise to the above-captioned action, as well as claims relating to or arising out of the acts or omissions that gave rise to the above-captioned action that could have been but were not alleged in this action.

Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns further agree to reimburse, indemnify, and hold harmless the United States from and against any and all claims, causes of action, liens, rights, or subrogated or contribution interests (whether such claims, causes of action, liens, rights, subrogated interests, or contribution interests sound in tort, contract, or statute) incident to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns further stipulate and agree that they are legally responsible for any and all past, present, and future liens and past, present, and future claims for payment or reimbursement, including any past, present, and future liens or claims for payment or reimbursement by any individual or entity, including an insurance company, Medicaid (including the State of Florida) from the acts or omissions that gave rise to the above-captioned action.

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 26, 2024

Page **5** of **13**

Plaintiffs stipulate and agree that they will satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any such individual or entity. Plaintiffs agree that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or reimbursement is paid or resolved by Plaintiffs, they will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder has waived and released such lien or claim. The evidence required by the terms of this Paragraph may be satisfied by a letter from Plaintiffs' attorneys representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder has waived and released such lien and claim.

5.     This compromise settlement is specifically subject to each of the following conditions:

a.     The Attorney General or the Attorney General's designee must approve the terms and conditions of the settlement and authorize the attorney representing the United States to consummate a settlement for the amount and upon the terms and conditions agreed upon by the Parties, as set forth in this Stipulation.

b.     The parties must agree in writing to the terms, conditions, and requirements of this Stipulation. The parties stipulate and agree that the Stipulation and the compromise settlement are null and void in the event the parties cannot agree on the terms, conditions, and requirements of this Stipulation. The terms, conditions, and requirements of this Stipulation are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation and the compromise settlement null and void. The parties must agree to the terms, conditions, and requirements of this Stipulation before the Torts Branch will seek settlement authority from the Attorney General or the Attorney General's designee.

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 26, 2024

Page **6** of **13**

c.      Plaintiffs must obtain, at their expense, approval of the settlement by a court of competent jurisdiction on behalf of B.P.  The Order approving the settlement on behalf of B.P. may be obtained from either the United States District Court for the District of Arizona or a state court of competent jurisdiction.  The terms of any court Order, a draft of which shall be provided by the United States, are a condition of this settlement.  Plaintiffs agree to obtain such approval(s) in a timely manner: time being of the essence.  Plaintiffs further agree that the United States may void this settlement at its option in the event any such approval is not obtained in a timely manner.  In the event Plaintiffs fail to obtain such court approval(s), the entire Stipulation and the compromise settlement are null and void.  Plaintiffs must obtain such court Order before the Torts Branch will seek settlement authority from the Attorney General or the Attorney General's designee.

d.      Plaintiffs must obtain a release and waiver of any claim or cause of action (whether sounding in tort, contract, statute, or otherwise) that any alleged tortfeasor, if any, has or may have in the future against the United States arising out of the acts or omissions that gave rise to the above-captioned action.  This condition is for the benefit of the United States exclusively.  The United States will provide the form of Release and Waiver, or any changes to the form required by the United States, to be used by Plaintiffs in obtaining a Release and Waiver from any alleged tortfeasor.  Before the Torts Branch will seek settlement authority from the Attorney General or the Attorney General's designee, Plaintiffs must provide the United States with either (i) all such releases and waivers required by this Paragraph 5.d., or (ii) a written representation by Plaintiffs' attorneys stating that, after a diligent search of counsel's law firms' records and files, including expert and consultant reports, and of Plaintiffs' records and files, Plaintiffs and their attorneys are unaware of any such potential tortfeasor.

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 26, 2024

Page **7** of **13**

e.      Plaintiffs must obtain an order from the United States District Court for the District of Arizona dismissing this action in its entirety with prejudice, with each side bearing its own costs, expenses, and fees, and with the District Court not retaining jurisdiction over the above captioned action, this settlement, or the United States.

6.      The Parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and Plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

7.      Plaintiffs shall be solely responsible for full compliance with all applicable Federal, state, and local tax requirements.  Plaintiffs execute this Stipulation without reliance upon any representation by the United States as to tax consequences, and Plaintiffs agree that they are responsible for the payment of all taxes that may be associated with this settlement.  Further, nothing in this Stipulation waives or modifies Federal, state, or local laws pertaining to taxes, offsets, levies, and liens that may apply to this Stipulation or the Settlement Amount proceeds.  Plaintiffs execute this Stipulation without reliance on any representation by the United States as to the application of any such law.  Plaintiffs, on behalf of themselves and their guardians, heirs, executors, administrators, assigns, subrogees, predecessors in interest, and successors in interest, understand and agree that this transaction may be reported to the Internal Revenue Service and other government agencies in the ordinary course of the business of the United States and may be subject to offset pursuant to the Treasury Offset Program.

8.      Plaintiffs represent that they have read, reviewed and understand this Stipulation, and that they are fully authorized to enter into the terms and conditions of this agreement and that they agree to be bound thereby.  Plaintiffs further acknowledge that they enter into this Stipulation freely and voluntarily.

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 26, 2024

Page **8** of **13**

Plaintiffs further acknowledge that they have had sufficient opportunity to discuss this Stipulation with their attorneys, who have explained the documents to Plaintiffs, and that Plaintiffs understand all of the terms and conditions of this Stipulation.

9.    It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party.  All such counterparts and signature pages, together, shall be deemed to be one document.

WHEREAS, the Parties accept the terms of this Stipulation for Compromise Settlement and Release as of the dates written below:

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 26, 2024

Page **9** of **13**

Executed this_____day of_____, 2024.

**DEFENDANT UNITED STATES OF AMERICA**


By:    _____
       PHILIP D. MACWILLIAMS
       Trial Attorney
       Department of Justice
       Civil Division, Torts Branch

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 26, 2024

Page **10** of **13**

Executed this 10th day of   May   , 2024.

**ATTORNEYS FOR PLAINTIFFS**

Keith Beauchamp (012434)
Malvika A. Sinha (038046)
COPPERSMITH BROCKELMAN PLC
2800 N. Central Avenue, Suite 1900
Telephone: (602) 381-5490
Phoenix, AZ 85004
kbeauchamp@cblawyers.com
msinha@cblawyers.com

Benjamin J. Razi
Matthew J. Schlesinger
Jason A. Carey
Terra White Fulham
Teresa S. Park
Kathleen E. Paley
Shadman Zaman
Stephen Rees
Samuel Greeley
Joshua Silver
Patrick Lee
Abigail Barnes
Sumner Truax
COVINGTON & BURLING LLP
One City Center, 850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-5581
brazi@cov.com
mschlesinger@cov.com
jcarey@cov.com
tfulham@cov.com
tpark@cov.com
kpaley@cov.com
szaman@cov.com
srees@cov.com
sgreeley@cov.com
jsilver@cov.com
plee@cov.com

James Knoepp
Sharada Jambulapati
Stephanie Alvarez-Jones
SOUTHERN POVERTY LAW
CENTER
150 E. Ponce de Leon, Suite 340
Decatur, GA 30030
Telephone: (404) 521-6700
jim.knoepp@splcenter.org
sharada.jambulapati@splcenter.org
stephanie.alvarezjones@splcenter.org

Paul R. Chavez
SOUTHERN POVERTY LAW
CENTER
2 S. Biscayne Boulevard, Suite 3750
Miami, FL 33137
Telephone: (786) 347-2056
paul.chavez@splcenter.org

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 26, 2024

Page **11** of **13**

abarnes@cov.com
struax@cov.com

By: _____

James Knoepp

**ATTORNEYS FOR PLAINTIFFS**

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 26, 2024

Page **12** of **13**

Executed this __1__ day of __5__, 2024.

████████████████████████

████████████████████

████████████████

Executed this __1__ day of __5__, 2024.

**B.P.**

████████████████████

By: ████████████████ father and natural guardian of B.P.

*A.P.F. et al v. United States*, No. 2:20-CV-00065-SRB (D. Ariz.)

Stipulation for Compromise Settlement and Release

April 26, 2024

Page **13** of **13**

# EXHIBIT G

# Legacy Enhancement Discretionary Master Pooled Trust Joinder Agreement

***This is a legal document. You are advised to seek independent, professional advice before signing this document.***

## SECTION ONE
### Terms and Conditions

_____, the undersigned Grantor ("Grantor"), enters into this Joinder Agreement with the Legacy Enhancement Master Pooled Trust ("Trust") whose mailing address is 2020 Beaver Ave, Suite 206, Monaca, PA 15061. Legacy Enhancement, who acts as Trustee over the Trust, i s a not-for-profit corporation approved by the State of Texas and the Internal Revenue Service. The Discretionary Master Pooled Trust is incorporated herein by reference. The parties voluntarily enter into this Joinder Agreement in consideration of t h e mutual covenants and promises included in the Trust and the Joinder Agreement.

This Joinder Agreement is entered into for the purpose of establishing a sub-trust account for the benefit of_____("Beneficiary") and the sub-account shall be funded with assets owned by the Beneficiary. In the event that the Grantor is not the Beneficiary, the Grantor declares that he or she has legal authority to transfer the Beneficiary's funds for the purpose of funding the sub-account.

This Joinder Agreement is subject to amendment in accordance with the terms of the Trust. Notwithstanding anything to the contrary written in this Joinder Agreement, all terms and conditions of the Master Pooled Trust Agreement and any future amendments to the Trust shall apply to the administration of the Beneficiary's sub-account.

The Beneficiary has had the opportunity to retain legal counsel, investment or financial advice and any other professional guidance before the signing of this Joinder Agreement. The Beneficiary acknowledges that distributions from his or her sub-account will be made at the discretion of the Trustee.

## SECTION TWO
### Management of Trust Sub-Account During Life of Beneficiary

(a)     Effective Date. The sub-account becomes effective in accordance with the terms of Section Four of the Master Trust Agreement.

(b)     Distribution Plan. When reviewing a distribution request from the Beneficiary's sub-account, the Trustee will consider any distribution plan agreed to in advance before deciding on the suitability of the distribution.

(c)     Distributions During Lifetime of Beneficiary. The Trustee will consider any distribution request made by the beneficiary in light of the circumstances existing at the time of the request. The parties acknowledge that life events can change the Beneficiary's needs as contemplated when the sub-account was established. Should the circumstances warrant, the Trustee may, in its absolute, complete, and unfettered discretion, make distributions not contemplated by a distribution plan or the Joinder Agreement if the Trustee determines that a Beneficiary's needs will be better met if such distribution is made, and it is in a Beneficiary's best interests to suffer any consequent effect.

(d)     Disbursements Prior to Request. Disbursements for expenses incurred prior to 90 days of a submission of a disbursement request form may not be paid.

(e)     Trustee's Sole & Absolute Discretion. The Grantor recognizes that all distributions from a sub-account are at the Trustee's sole and absolute discretion and that he or she has no right to compel any distribution from the Trustee.

(f)     Government Assistance Notice.

   The Beneficiary, or the Beneficiary's legal representative, agrees to notify the Trustee whenever the Beneficiary:

   (i)     Applies for government assistance;

   (ii)    Has an application for government assistance approved;

   (iii)   Has an application for government assistance denied; or

   (iv)    Has government assistance terminated.

(g)     Hiring of Consultants. Under the provisions of the Discretionary Master Pooled Trust Agreement, payments may be made to attorneys or professionals deemed necessary by the Trustee to assist in the administration of the Trust Agreement and

sub-trust accounts. The Grantor recognizes that if incurred, such expenses shall be considered to be a proper expense of the Trust and may be apportioned on a pro rata basis to all Trust sub-accounts or charged only against the sub-account about which the Trustee seeks such advice or assistance.

(h)     Notwithstanding any other provision of this Joinder Agreement, the Trustee has the authority to convert the sub-account to a pooled trust sub-account with the Legacy Enhancement Pooled Special Needs Trust that complies with the relevant provisions of the Omnibus Budget Reconciliation Act of 1993 which authorizes the creation of a trust for the benefit of a disabled individual, the creation and funding of which trust shall not subject the Beneficiary to any adverse consequences for such conversion as provided in 42 United States Code section 1396p(d)(4), cause such individual to be or become ineligible for Medicaid and SSI and transfers to which shall not, as provided under 42 United States Code section 1396p(c)(2)(B).

(i)     In the event of the Beneficiary's becomes disabled as determined by the Social Security Administration, the Trustee may, in its sole and absolute discretion, contribute from a Beneficiary's sub-account to an ABLE Account established for the Beneficiary's sole benefit pursuant to Section 529A of the Internal Revenue Code. As there are annual and lifetime limitations to contributions to ABLE Accounts, the Trustee is instructed to ascertain that any contribution made by the Trustee will comply with such limitations prior to making any contributions.

## SECTION THREE
### Distributions upon the Beneficiary's Death

Any assets that remain in the Beneficiary's sub-account at the time of the Beneficiary's death shall be distributed to such persons, in such amounts, and upon such terms, Trusts and conditions as the Beneficiary shall appoint under the terms of his or her Last Will and Testament, making specific reference to this power. However, this power of appointment shall not be exercisable in favor of Beneficiary's estate, Beneficiary's creditors, or the creditors of Beneficiary's estate. In the event that the Beneficiary fails to exercise this authority or dies leaving no Last Will and Testament, the Trustee shall distribute the remaining principal and accrued income, if any, to Remainder Beneficiary's heirs at-law and next-of-kin under the intestacy laws of the state in which the Beneficiary is residing at the time of his or her death.

## SECTION FOUR
## Trustee Compensation

The Trustee shall be entitled to compensation for its services according to its published fee schedule in effect at the time services are rendered by the Trustee. Fees and compensation paid to the Trustees are not refundable and are earned when paid. Fees which are not paid in advance may be a charge to the Beneficiary's sub-account.

## SECTION FIVE
## Miscellaneous Provisions

(a)    Indemnification. The Grantor agrees to indemnify and hold harmless the Trustee, its agents, and employees, for actions taken on behalf of the Beneficiary so long as the Trustee acted reasonably and in good faith.

(b)    Grantor Trust - This Trust shall be construed as a "Grantor Trust" under Internal Revenue Code Section 677(a) and that for tax purposes the Beneficiary shall be considered the Grantor. All income distributed, held, or accumulated by the Trust shall be taxable to the Beneficiary. The Trustee shall pay any income tax liability of the beneficiary from his or her Trust sub-account.

(c)    Tax Treatment. The Grantor acknowledges that the Trustee has made no representations to the Grantor regarding the tax implications of the funding of the Trust or later tax consequences. The Trustee recommends that the Grantor consult with a tax professional before entering into this agreement. The Trust sub-account income, whether paid in cash or distributed in other property, may be taxable to the Beneficiary subject to applicable exemptions and deductions. The Beneficiary (or his or her legal representative) is encouraged to obtain ongoing advice from a qualified tax professional. Annual tax returns, if required, will be prepared by a certified public accountant. Preparation fee and any related tax liability will be billed to the trust.

(d)    Governing Law. This Agreement is created in and shall be construed under the laws of the state of Texas.

(e)    <u>Change of Circumstances</u>. The Grantor must provide complete and accurate information regarding the Grantor and the Beneficiary at all times, including but not limited to any change in circumstances that might affect the Beneficiary, the Trust, this Joinder Agreement and/or the duties of the Trustee as those duties pertain to the Beneficiary. Grantor acknowledges that the Trustee will administer the Trust for the Beneficiary by relying on information that the Grantor provides.

(f)    <u>Agreement Constitutes Entire Understanding Between Parties</u>. This Agreement, together with attached Exhibits and any Addendums to this Agreement constitute the entire agreement between the parties.

(g)    <u>Opportunity to Seek Legal Counsel</u>. The Grantor hereby acknowledges that the Grantor has reviewed this Agreement and fully understands its terms; has been advised to, and has been given the opportunity to, seek the advice of independent legal counsel concerning this Agreement; agrees to be bound by the terms of this Agreement; and is not executing this Agreement because of any promises, covenants, or representations other than those contained in this Agreement and the Trust.

(h)    <u>Severability</u>. The invalidity or unenforceability of any provision of this Agreement, in any jurisdiction shall in no way impair, affect, or prejudice the validity or enforceability of the remainder of this Agreement in that jurisdiction.

(i)    <u>Headings</u>. The headings, titles, and subtitles within this Joinder Agreement are for reference purposes and not intended to guide any construction of this document.

(j)    <u>Account Closure</u>. In the event that a Beneficiary has a zero ($0) account balance for ninety (90) or more consecutive days, the Trustee, in its sole discretion, has the right to close the Beneficiary's sub-account. The Trustee may continue to charge administrative fees for the management of the sub-account prior to its closure. In the event that a Beneficiary wishes to re-open a sub-account, the Beneficiary may be required to pay any outstanding administrative fees. Additionally, the Beneficiary may, in the Trustee's sole and absolute discretion, be required to pay a new enrollment fee when re-opening the sub-account.

The Grantor acknowledges that he or she has been provided with a copy of the Discretionary Master Trust Agreement, and that he or she is entering into this agreement voluntary and without coercion.

IN WITNESS WHEREOF, the undersigned Grantor has  signed this  Agreement  on  this _____

day of_____,_____, and the Trustee has accepted and signed this Agreement on this

_____day of_____,_____.

**GRANTOR'S SIGNATURE**

_____
Grantor Signature

_____
Grantor Print Name

Address:_____

_____
Christian Bruns

**Address:**
Legacy Enhancement
2020 Beaver Ave, Suite 206
Monaca, PA  15061